Nina Marino (CA SBN 142815)
marino@kaplanmarino.com
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046
*Attorney for Defendant*
*Dennis Kuniyuki Mitsunaga*

Doris Lum (HI SBN 008365)
doris@dorislumlaw.com
Law Office of Doris Lum, LLLC
1001 Bishop Street, Suite 710
Honolulu, HI 96813
*Attorney for Defendant*
*Terri Ann Otani*

Birney B. Bervar (HI SBN 005482)
bbb@bevar-jones.com
Bervar & Jones
1100 Alakea Street, 20th Floor
Honolulu, HI 96813
*Attorney for Defendant*
*Keith Mitsuyoshi Kaneshiro*

Andrew M. Kennedy (HI SBN 009734)
Andrew@kona-lawyer.com
Schlueter Kwiat & Kennedy LLLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740
*Attorney for Defendant*
*Aaron Shunichi Fujii*

Mark Mermelstein (CA SBN 208005)
mmermelstein@holmesathey.com
Andrew S. Cowan (CA SBN 165435)
acowan@holmesathey.com
Holmes, Athey, Cowan
& Mermelstein LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90017
Telephone: (213) 985-2200
*Attorneys for Defendant Sheri Jean Tanaka*

Thomas M. Otake (HI SBN 007622)
thomas@otakelaw.com
Thomas M. Otake AAL, ALC
851 Fort Street Mall, Suite 400
Honolulu, HI 96813
*Attorney for Defendant*
*Chad Michael McDonald*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br>Defendants. | Case No. CR-22-00048-JMS-WRP<br><br>**DEFENDANTS' MOTIONS IN LIMINE NO. 6-9 TO EXCLUDE EVIDENCE; CERTIFICATE OF SERVICE**<br><br>Judge: Hon. J. Michael Seabright<br>Trial Date: February 27, 2024 |

## DEFENDANTS' MOTIONS *IN LIMINE* NO. 6-9

Defendants hereby move *in limine* to exclude: (1) allegations of corrupted politics relating to *politicians other than* Keith Kaneshiro as 404(b) evidence; (2) sexual harassment; (3) tax related inquiries; and (4) wealth evidence.

## I.   INTRODUCTION

Defendants are charged in the First Superseding Indictment ("FSI") with Conspiracy Against the United States under 18 U.S.C. § 371 and Conspiracy to Deprive Person of Civil Rights under 18 U.S.C. § 241. *See* ECF No. 70 at 7-8, 20-21. In obtaining the FSI, the government presented evidence over the course of 16 months through the testimony of more than 80 witnesses. Much of the testimony and evidence presented did not relate to the charges sought. That unrelated evidence included theories that the defendants engaged in campaign finance law violations or encouraged others to do so in connection with *politicians other than* Keith Kaneshiro. The government also presented prejudicial evidence of decades' old sexual harassment of L.J.M. by Steven Wong, an uncharged Mitsunaga & Associates Inc. ("MAI") employee. Lastly, the government presented evidence relating to defendants tax filings and wealth. Admission of this evidence in trial would be inadmissible, irrelevant to the charges, and highly prejudicial to the defense. The charged defendants are entitled to a fair trial on the merits.

2

## MOTION *IN LIMINE* NO. 6: EXCLUDE EVIDENCE OF MAI CONTRIBUTIONS TO OTHER CANDIDATES AS 404(B) EVIDENCE

### I.    INTRODUCTION

Defendants move to exclude evidence, argument, and/or testimony regarding significantly prejudicial allegations of violations of campaign finance law, corrupting other political campaigns not related to Keith Kaneshiro, and/or "pay to play" politics as 404(b) evidence.

In their Notice of Intent to Use Evidence Pursuant to Federal Rule of Evidence 404(b), the government argues for the admission of campaign donations made by the defendants, their friends, and families ("MAI et al.") made to *other candidates* (not Keith Kaneshiro) as constituting 404(b) evidence. ECF No. 336 at 11. The government argues that these donations to *other candidates* constitute campaign finance law violations which demonstrate motive, opportunity, knowledge, *modus operandi,* evidence of planning, and absence of mistake in the commission of the crime of bribery of a public official. *See* ECF No. 336 at 2, 11-15. The government's argument is about as credible as arguing that a suspicion of a DUI demonstrates *motive* to commit domestic violence.

### II.    ARGUMENT

Evidence of constitutionally protected campaign donations to Ann Kobayashi, Ben Cayetano, Neil Abercrombie, Kirk Caldwell, Charles Djou, Jeremy Harris, and Colleen Hanabusa does not constitute proper 404(b) evidence.

*See* ECF No. 336 at 11. The government seeks to introduce evidence of campaign donations and allegations of violations of campaign finance law[1] *relating to other candidates* not to demonstrate *other crimes or wrongs* or any other state of mind but rather to demonstrate propensity. It is "long held under Rule 404(b) [that] evidence of other crimes or wrongs is inadmissible where 'it's only relevance is to show criminal disposition.'" *United States v. Miller*, 874 F.2d 1255, 1268 (9th Cir. 1989) (quoting *United States v. Lewis*, 837 F.2d 415, 419 (9th Cir. 1988)).

In the grand jury, the government introduced the testimony of the following witnesses:

- Sam Hyun, owner of MCE International and a subcontractor to MAI, testified before the grand jury that he reimbursed an employee and family members for campaign donations to Charles Djou in 2016 and Neil Abercrombie in 2010 by having his wife, Susong Hyun, write them checks.

- Wesley Segawa, who is Dennis Mitsunaga's cousin, testified that he pled no contest to violating campaign contribution laws in or around 2004 in connection with the Jeremy Harris mayoral campaign. His wife, Phyllis Segawa, confirmed.

---

[1] The violations of campaign finance law as identified by the government include "bundling" (ECF No. 336 at 12), reimbursement of contributions (ECF No. 336 at 12-13) and "straw donor" contributions (*id*. 13-14).

4

- Gilbert Matsumoto, the accountant for Mitsunaga and MAI, was accused by the government of being reimbursed by Dennis Mitsunaga for a campaign contribution he made to the Colleen Hanabusa campaign in 2017.

- Sarah Houghtailing, the owner of TJ's bar in Honolulu and a friend of Dennis Mitsunaga, was accused by the government of being a front for Dennis Mitsunaga for the Save Our City PAC, of which she was the registered organizer.[2] The Save Our City PAC was organized in 2016 in opposition to Mayor Kirk Caldwell.

For evidence of donations and allegations of violating campaign finance law relating to politicians *other than Keith Kaneshiro* to be admitted under Fed. R. Evid. 404(b), the government carries the burden to prove that the evidence satisfies four requirements: materiality, recency, sufficiency, and similarity. *See United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).

The government's proposed 404(b) evidence fails the materiality test. Materiality requires a showing that "the evidence tends to prove a material point." *Id.* The government argues that "the MAI defendants' "motive" in providing campaign contributions to other politicians is to "pool money towards candidates

---

[2] On a salacious note, the government also insinuated that Sarah Houghtailing was in a romantic relationship with Dennis Mitsunaga (a married man) as a reason why he would pay for her child's tuition.

for political office, avoiding contribution limits." ECF No. 336 at 12. However, the "prior wrongful acts must establish a motive to commit the crime charged, not simply a propensity" to engage in criminal conduct. *Charley*, 1 F.4th at 648. Even if the MAI defendants' motive in making campaign contributions to Keith Kaneshiro was to avoid contribution limits as the government suggests, avoiding contribution limits does not provide a motive for bribery of a public official. "[T]here is no logical connection between those prior incidents and the charged [bribery] other than the implication that [MAI et al.] has a propensity for [avoiding contribution limits]" and therefore avoided those limits here in order to bribe Keith Kaneshiro—"an impermissible inference under Rule 404(b) and an improper consideration when determining whether" bribery is established. *See id.* The avoidance of contribution limits must establish a motive to commit bribery, not a propensity.

The government's proposed 404(b) evidence also fails the similarity test. Similarity requires a showing that "[i]n cases involving the use of prior [acts] to show opportunity, knowledge, preparation or motive, similarity may nor may not be necessary depending upon the circumstances." *U.S. v. Miller*, 874 F.2d 1255, 1269 (internal quotation marks omitted). For example, if a person commits a second crime to cover up a first, proof of the first crime may be used to show motive for the second even where the crimes are dissimilar. *See id.* That is not the

case here. The government points to an April 2012 letter to show "knowledge of campaign finance laws, including campaign donation limits." ECF No. 336 at 11 n.4. However, whether the defendants were aware of campaign finance laws has nothing to do with knowledge of bribery. In this instance, for MAI et al. contributions to other politicians to be admitted as 404(b) evidence to establish knowledge, similarity is required.

The same can be said for "opportunity." The government argues that because the MAI defendants made allegedly bundled contributions to other candidates in the past, they had the opportunity to bribe Keith Kaneshiro. *Id.* at 12. Again, the government posits that alleged violations of campaign finance law relating to other candidates provides a gateway to bribery of Kaneshiro. Yet, the government has presented no evidence that a single contribution to other candidates, bundled or otherwise, was for the purpose of a bribe. Without that connection, making contributions to other candidates does not create an "opportunity" to bribe Kaneshiro.

The government posits that because MAI et al. similarly supported and contributed to these candidates' election campaigns, those contributions demonstrate *modus operandi* to commit the crime of bribery of Keith Kaneshiro, a public official. This argument fails because evidence of *modus operandi* is only admissible when the identity of the perpetrator is at issue. *See United States v.*

7

*Anifowoshe*, 307 F.3d 643, 647 (7th Cir. 2002) (admitting evidence of *modus operandi* to prove identity; *United States v. Robinson*, 161 F.3d 463, 467 (7th Cir. 1998) ("Evidence of *modus operandi* is evidence that shows a distinctive method of operation. Such evidence may be properly admitted pursuant to Rule 404(b) to prove identity"); *United States v. Hudson*, 884 F.2d 1016, 1021 (7th Cir. 1989) (Evidence of *modus operandi* must be "sufficiently idiosyncratic to permit an inference of pattern for purposes of proof."). Neither the government nor the defense argue identity is at issue. There is no dispute that MAI et al. made campaign contributions to Keith Kaneshiro. The government also does not argue that donations to other politicians show a unique pattern of bribery. *See United States v. Shackleford*, 738 F.2d 776, 783 (7th Cir. 1984) (collateral acts must bear "a singular strong resemblance to the pattern of the offense charged."). Therefore, the only reason for admitting evidence of supposed *modus operandi* is to show propensity.

In addition, the government's *modus operandi* arguments also fail the similarity test. *See Charley*, 1 F.4th at 647. "[W]hen prior crimes are used to establish identity, *modus operandi*, or absence of mistake or accident, such evidence simply lacks probative value unless it is sufficiently similar to the subsequent offense." *Miller*, 874 F.2d at 1269. There is nothing similar between campaign contributions and campaign contributions for the purpose of bribery. *See*

8

*Charley*, 1 F.4th at 650 (finding that prior incidents of assault against dissimilar victims were not similar). The government further argues that violations of campaign finance law in the form of "bundling" or "reimbursing" donations demonstrate *modus operandi* to commit the crime of bribery of Keith Kaneshiro, a public official. Even if evidence existed to support violations of campaign finance law, which it does not, there remains nothing similar between that act performed for the purpose of getting a candidate elected and the act performed for the purpose of bribing a public official. Here, the crime is bribery. The mechanism by which the alleged bribery took place does not materially impact the commission of the offense. In fact, the statutes at issue here take no position on the mechanism, because it is irrelevant to the crime. The tail does not wag the dog.

The only thing similar about the instant case and any past donations to politicians is that donations occurred. "[T]he greater is the dissimilarity of the two offenses, the more tenuous is the relevance," and everything about these instances is dissimilar. *See Charley*, 1 F.4th at 651. They involve different politicians, running for different offices, incapable of having anything to do with criminal prosecution of L.J.M. or others, and involving no allegations of bribery. Thus, such evidence should be excluded.

The government argument that MAI et al. never donated to "any candidate for the Honolulu Prosecuting Attorney's office" *before* Keith Kaneshiro, and

therefore, donations to him could only be bribes, is equally unpersuasive. MAI et al. donated to all kinds of candidates, both local and statewide, including United States Representatives and Senators, Hawaii State Representatives and Senators, Hawaii Governors, Honolulu Mayors, and Honolulu City Councilmembers. This fact, if it is one,[3] is hardly a compelling reason to permit introduction of propensity evidence cloaked under the guise of 404(b).

Lastly, the government argues that Otani donations to other politicians through straw donors "demonstrates the MAI defendants' knowledge of campaign finance limits…[and] is also part of MAI's modus operandi of paying off politicians in Hawaii, and evidence of planning and absence of mistake." ECF No. 336 at 14. This makes no sense. Otani's straw contributions to *other candidates* cannot demonstrate *knowledge* of campaign finance limits by *other MAI defendants*.[4]  Even if Otani's acts could be admissible under 404(b), "[t]here are limits to the risks a co-defendant must endure" when charged by the government in a joint trial. *United States v. Figueroa*, 618 F.2d 934, 944 (2d Cir. 1980). This includes the admissibility of purported other acts evidence introduced against a co-

---

[3] State of Hawaii Campaign Donor Records available online only go back as far as 2006. It is notable, however, that Dennis Mitsunaga donated to David Arakawa who ran for the Honolulu Prosecuting Attorney's Office in 1996 and to Megan Kau who ran for the Honolulu Prosecuting Attorney's Office in 2020.

[4] Defendants' Motion *in Limine* No. 16, which seeks in part to exclude evidence of Terri Otani's purported violations of campaign finance law, makes similar arguments to exclude. Those arguments are incorporated herein as applicable.

defendant. *See id.* at 946. "In some situations, the danger of unfair prejudice to co-defendants may be so great that the prosecution must be put to a choice of foregoing either the evidence or the joint trial." *Id.* Here, the government chose to take advantage of the benefits of trying multiple defendants in a single trial. Having done so, it should not be allowed to now introduce evidence highly prejudicial to co-defendants when there is a serious risk the jury may erroneously attribute that alleged wrongdoing to all defendants. *See Zafiro v. United States*, 506 U.S. 534, 539 (noting how evidence of a co-defendant's wrongdoing in some circumstances could erroneously lead a jury to conclude that a defendant is guilty).

Moreover, Otani's purported violations of campaign finance limits do not establish "paying off politicians in Hawaii" (for what is unknown?), nor does the conduct serve as evidence that bribing Kaneshiro to prosecute L.J.M. was planned and not a mistake. ECF No. 336 at 14. 404(b) evidence may only be admissible to prove plan or absence of mistake when such evidence passes the test of admissibility based on materiality, recency, sufficiency, and similarity. *See Charley*, 1 F.4th at 647. MAI et al. campaign contributions to *other* politicians does not pass these tests for admission as 404(b) evidence. Again, alleged campaign finance violations have nothing to do with bribery as charged in the FSI.

However, if this Court finds that such evidence does pass the required test for admissibility under Rule 404(b), "the use of such evidence must be narrowly

circumscribed and limited" and "even where 404(b) evidence falls within a permitted purpose, it should be excluded, under Rule 403, if the court finds that its probative value is substantially outweighed by the danger of unfair prejudice." *Charley*, 1 F.4th at 643. "[W]e must analyze the evidence pursuant to Rule 403 and determine whether its probative value outweighs its prejudicial effect." *United States v. Arambula-Ruiz*, 987 F.2d 599, 604 (9th Cir. 1993).

Here, the danger of unfair prejudice is clear. The government is essentially alleging the defendants committed violations of campaign finance laws for years. *See* ECF No. 336 at 11-15. This creates an unreasonable "risk that a jury will convict for crimes other than those charged – or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." *Old Chief v. United States*, 519 U.S. 172, 181 (1997) (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982)).

### III. CONCLUSION

For the above reasons, defendants hereby move *in limine* to exclude at trial any evidence, argument, and/or testimony of campaign donations to candidates other than Keith Kaneshiro as 404(b) evidence.

//

//

//

DATED:  January 22, 2024        Respectfully submitted,

KAPLAN MARINO, PC

By: _/s/ Nina Marino_
    NINA MARINO
    Attorney for Defendant
    Dennis Kuniyuki Mitsunaga

BERVAR & JONES        SCHLUETER KWIAT & KENNEDY LLLP

By: _/s/ Birney B. Bervar_    By: _/s/ Andrew M. Kennedy_
    BIRNEY B. BERVAR        ANDREW M. KENNEDY
    Attorney for Defendant      Attorney for Defendant
    Keith Mitsuyoshi Kaneshiro    Aaron Shunichi Fujii

LAW OFFICE OF DORIS LUM, LLLC    HOLMES, ATHEY,
                            COWAN & MERMELSTEIN LLP

By: _/s/ Doris Lum_        By: _/s/ Mark Mermelstein_
    DORIS LUM            MARK MERMELSTEIN
    Attorney for Defendant      Attorney for Defendant
    Terri Ann Otani          Sheri Jean Tanaka

THOMAS M. OTAKE AAL, ALC

By: _/s/ Thomas M. Otake_
    THOMAS M. OTAKE
    Attorney for Defendant
    Chad Michael McDonald

13

## MOTION *IN LIMINE* NO. 7: EXCLUDE EVIDENCE OF SEXUAL HARASSMENT OF L.J.M.

### I.    INTRODUCTION

In the Joint Trial Presentation Statement, the government stated its intention to introduce evidence regarding sexual harassment of L.J.M. ECF No. 324 at 3 ("The United States will be submitting no more than six documents where L.J.M.'s face was superimposed onto images of other female bodies clad in lingerie, as well as emails sent to L.J.M. by an MAI employee, with brochures attached for breast augmentation and reconstruction.").

Defendants move to exclude evidence, argument, and/or testimony, including but not limited to testimony of Steven Wong, Rodney Lee, and L.J.M., regarding sexual harassment of L.J.M. by MAI employee Steven Wong.

In the grand jury, the government elicited testimony from witnesses Steven Wong and Rodney Lee regarding two incidents of sexual harassment involving Steven Wong and L.J.M. In 2000, Steven Wong, an architect at MAI, sent an email to Rodney Lee, another MAI employee, which included images of L.J.M.'s head cropped onto the head of a woman clad in lingerie with her breasts exposed. Rodney Lee confirmed this email. Steven Wong also delivered brochures for breast augmentation and reconstruction to L.J.M., accompanied with a note reading, "Thank you, I'm through with your breasts."

Four years later, in 2004, Steven Wong told Mike Agnotti, a contractor, that L.J.M. would be arriving at the job early because she was "shacking up" with someone. This conversation was then relayed to L.J.M. L.J.M. filed a formal complaint against Steven Wong at MAI.

## II.   ARGUMENT

Incidents of sexual harassment occurring more than 20 years ago are irrelevant to the conduct charged. Moreover, any limited probative value of this evidence is far outweighed by the prejudicial impact on the MAI defendants. The most recent alleged incident of sexual harassment occurred in 2004, but L.J.M. continued her employment at MAI for seven more years until her termination in 2011. Importantly, there is no evidence any of the charged defendants had knowledge of, condoned or encouraged the conduct in 2000 or 2004.

In fact, the opposite is true. When L.J.M. finally filed a formal complaint with MAI regarding Steven Wong's conduct in 2000 and 2004, Steven Wong was promptly disciplined. He was forced to take leave from the company for approximately two weeks, required to seek counseling, demoted from his position as Division Manager and replaced by another MAI employee, and required to move office seating. Further, during L.J.M.'s April 18, 2014 deposition as part of the lawsuit she filed against MAI in 2012, she testified that the company addressed her concerns regarding the 2004 incident, and said under oath that she was not

sexually harassed from 2004 until her termination. Thus, evidence of Steven Wong's sexual harassment of L.J.M. is not probative of MAI's motive for termination and should be excluded as irrelevant under Fed R. Evid. 401 and 402.

Even if the Court finds this evidence relevant, it should be excluded under Fed. R. Evid. 403 due to "unfair prejudice," creating "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Jurors may believe that because Steven Wong acted improperly, that same impropriety is attributable to the MAI defendants.

Even with a limiting instruction, evidence regarding sexual harassment of L.J.M. at MAI is highly likely to inflame and prejudice the jury against the MAI defendants by creating "the risk that a jury will convict for crimes other than those charged – or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." *Id.* at 181 (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982)). Such "a prejudicial effect . . . outweighs ordinary relevance." *Id.* at 181 (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982)). The only reason for introducing such evidence is to improperly elicit such an emotional response.

//

//

16

Thus, any evidence, argument, and/or testimony regarding sexual harassment at MAI involving Steven Wong and Laurel Mau should be excluded as irrelevant or unfairly prejudicial.

## III. CONCLUSION

For the above reasons, defendants hereby move *in limine* to exclude at trial any evidence, argument, and/or testimony of incidents of sexual harassment of L.J.M., occurring 20 years ago or more, as described above.

DATED:  January 22, 2024                    Respectfully submitted,

                                            KAPLAN MARINO, PC

                                            By: _/s/ Nina Marino___
                                                 NINA MARINO
                                                 Attorney for Defendant
                                                 Dennis Kuniyuki Mitsunaga

BERVAR & JONES                              SCHLUETER KWIAT & KENNEDY LLLP

By: /s/ Birney B. Bervar_____            By: _/s/ Andrew M. Kennedy___
     BIRNEY B. BERVAR                            ANDREW M. KENNEDY
     Attorney for Defendant                      Attorney for Defendant
     Keith Mitsuyoshi Kaneshiro                  Aaron Shunichi Fujii

LAW OFFICE OF DORIS LUM, LLLC              HOLMES, ATHEY,
                                            COWAN & MERMELSTEIN LLP
By: _/s/ Doris Lum_____
     DORIS LUM                              By: _/s/ Mark Mermelstein____
     Attorney for Defendant                      MARK MERMELSTEIN
     Terri Ann Otani                             Attorney for Defendant
                                                 Sheri Jean Tanaka

THOMAS M. OTAKE AAL, ALC

By: /s/ Thomas M. Otake_____
     THOMAS M. OTAKE
     Attorney for Defendant
     Chad Michael McDonald

## <u>MOTION IN LIMINE NO. 8: EXCLUDE TAX RELATED INQUIRIES</u>

### I.      INTRODUCTION

Defendants move *in limine* to exclude at trial any evidence, argument, and/or

testimony, including but not limited to testimony of Cary Kanemoto and/or Gilbert

Matsumoto, regarding the payment of taxes and/or filed tax returns, whether

personal or business tax returns, of Dennis Mitsunaga, MAI, and/or Mitsunaga

Construction, Inc.

The government presented the testimony of Gilbert Matsumoto, C.P.A. for

Dennis Mitsunaga and MAI, and Cary Kanemoto, C.P.A. for Mitsunaga

Construction, Inc., and produced tax returns and other documents to the grand jury.

None of the defendants are charged in the FSI with tax violations.

### II.      ARGUMENT

Reference to Dennis Mitsunaga, MAI, or Mitsunaga Construction tax filings

is irrelevant to the conduct charged, highly prejudicial, and a waste of time. The

FSI does not charge or reference tax violations. Thus, any evidence, argument, or

testimony regarding tax filings should be excluded as irrelevant under Fed. R.

Evid. 401 and 402.

Further, any evidence of tax filings will inevitably lead to the introduction of

irrelevant and prejudicial wealth evidence. *United States v. Socony-Vacuum Oil

Co.*, 310 U.S. 150 (1940) "has been cited repeatedly by circuit courts for the

proposition that evidence of a party's wealth should be excluded where it is not relevant to the issues in the case. *Friedman v. Medjet Assistance, LLC*, 2010 WL 9081271 (C.D. Cal. 2010) (citing *United States v. Arledge,* 553 F.3d 881, 895 (5th Cir.2008); *United States v. Jackson–Randolph,* 282 F.3d 369, 376 (6th Cir.2002); *United States v. Rothrock,* 806 F.2d 318, 323 (1st Cir.1986); *Garcia v. Sam Tanksley Trucking, Inc.,* 708 F.2d 519, 522 (10th Cir.1983); *United States v. Stahl,* 616 F.2d 30, 33 (2d Cir.1980); see also *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 966 (9th Cir.1978) (holding that a single terse reference to defendant's bankruptcy was not prejudicial error where the trial court "admonished the jury not to consider the wealth of the parties or Telfon's bankruptcy")).

Under Fed. R. Evid. 403, wealth evidence often results in "unfair prejudice" creating the risk of infecting jurors' views of the evidence by playing into class bias and triggering unwanted negative associations. *See Socony-Vacuum Oil Co.*, 310 U.S. at 239 ("[A]ppeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them."); *see also United States v. Stahl*, 616 F.2d 30, 31-33 (2d Cir. 1980) (finding that wealth evidence can lead to unfair prejudice because juries may "equate wealth with wrongdoing."). This may lead jurors to rule based on an emotional basis rather than on "proof specific." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). As such, "the default rule is not to admit evidence of wealth, because it is usually irrelevant

19

under rule 401 and unfairly prejudicial under rule 403." *SEC v. Goldstone*, 2016 WL 3654273, *12 (D.N.M. June 13, 2016).

Any reference to tax filings will necessitate defense rebuttal of any inferences the jury might draw, leading to undue delay, confusion of the issues, and a waste of time through the creation of irrelevant side shows on collateral issues. *See Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995) ("Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues."); *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992) ("Evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues.").

Thus, any limited probative value that might be provided by admission of tax filings is far outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time – all strong reasons for exclusion under Fed. R. Evid. 403.

## III.   CONCLUSION

For the above reasons, defendants hereby move *in limine* to exclude at trial any evidence, argument, and/or testimony, regarding tax filings.

//

//

20

DATED:  January 22, 2024      Respectfully submitted,

KAPLAN MARINO, PC

By:    */s/ Nina Marino*
     NINA MARINO
     Attorney for Defendant
     Dennis Kuniyuki Mitsunaga

BERVAR & JONES      SCHLUETER KWIAT & KENNEDY LLLP

By: */s/ Birney B. Bervar*      By:    */s/ Andrew M. Kennedy*
     BIRNEY B. BERVAR        ANDREW M. KENNEDY
     Attorney for Defendant       Attorney for Defendant
     Keith Mitsuyoshi Kaneshiro    Aaron Shunichi Fujii

LAW OFFICE OF DORIS LUM, LLLC  HOLMES, ATHEY,
                         COWAN & MERMELSTEIN LLP

By:    */s/ Doris Lum*       By:   */s/ Mark Mermelstein*
     DORIS LUM           MARK MERMELSTEIN
     Attorney for Defendant       Attorney for Defendant
     Terri Ann Otani           Sheri Jean Tanaka

THOMAS M. OTAKE AAL, ALC

By: */s/ Thomas M. Otake*
     THOMAS M. OTAKE
     Attorney for Defendant
     Chad Michael McDonald

## MOTION IN LIMINE NO. 9: EXCLUDE EVIDENCE OF WEALTH

### I.     INTRODUCTION

Defendants move to exclude evidence, argument, and/or testimony regarding wealth evidence, including but not limited to net worth, income, stock ownership, and/or irrelevant business holdings.

In the grand jury, the government presented evidence that Dennis Mitsunaga owns, operates, or is associated with certain business entities, including but not limited to the following:

1. MAI, an Architect and Engineering Company

2. Mitsunaga Construction Inc., a Non-residential Construction Company

3. Mitsunaga Corporation, a Dissolved Company

4. Ala Leie Group LLC, a Real Estate Investment Company

5. M&A Hawaii Inc., a Private Architect and Engineering Company

6. Aniani Group LLC, a Residential Real Estate Company

7. Lincoln Group LLC, a Real Estate Holding Company

8. One Amana LLC, a Real Estate Holding Company

9. Two Amana LLC, a Real Estate Company

10. Pacific Global Group LLC, an Inactive Vehicle Leasing Company

11. Waimea Associates LLC, a Real Estate Company

12. Amana Associates LLC, a Real Estate Company

22

13. Greenwaves LLC, an Inactive Real Estate Holding Company

14. Kole Group LLC, a Holding Company

15. Ualehua Group LLC, an Inactive Company

16. MM International LLC, an Inactive Architect/Engineering Company

17. TM Designers Inc., a Construction Management Company

The government further referenced defendants wealth, ability to afford campaign contributions, and various other expenditures. Such references are irrelevant and highly prejudicial.

## II.   ARGUMENT

Evidence of financial information or business holdings are irrelevant to the conduct charged, highly prejudicial, and a waste of time. Such evidence is not probative of a potential motive. *See United States v. Mitchell*, 172 F.3d 1104, 1108-09 (9th Cir. 1999) ("A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value."). Further, *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1940) "has been cited repeatedly by circuit courts for the proposition that evidence of a party's wealth should be excluded where it is not relevant to the issues in the case. *Friedman v. Medjet Assistance, LLC*, 2010 WL 9081271 (C.D. Cal. 2010) (citing *United States v. Arledge,* 553 F.3d 881, 895 (5th Cir.2008); *United States v. Jackson–Randolph,* 282 F.3d 369, 376 (6th Cir.

23

2002); *United States v. Rothrock,* 806 F.2d 318, 323 (1st Cir.1986); *Garcia v. Sam Tanksley Trucking, Inc.,* 708 F.2d 519, 522 (10th Cir.1983); *United States v. Stahl,* 616 F.2d 30, 33 (2d Cir.1980); see also *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 966 (9th Cir.1978) (holding that a single terse reference to defendant's bankruptcy was not prejudicial error where the trial court "admonished the jury not to consider the wealth of the parties or Telfon's bankruptcy")).

However, if the Court finds such evidence relevant, it still warrants exclusion under Fed. R. Evid. 403 due to "unfair prejudice, confusing the issues, [and] misleading the jury . . . ." Wealth evidence can lead to unfair prejudice because juries may "equate wealth with wrongdoing." *United States v. Stahl*, 616 F.2d 30, 31-33 (2d Cir. 1980) (finding that the government had "impermissibly equate[d] success, affluence and a single minded occupation with one's business affairs with greed and corruption," warranting reversal.)

Wealth evidence could trigger class bias. *Socony-Vacuum Oil Co.*, 310 U.S. at 239 ("[A]ppeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them."). This may lead jurors to rule based on an emotional basis rather than on "proof specific." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). As such, "the default rule is not to admit evidence of wealth, because it is usually irrelevant under rule 401 and unfairly prejudicial under rule 403." *SEC v. Goldstone*, 2016 WL 3654273, *12 (D.N.M.

June 13, 2016). Simply put, appeals to class prejudice have "no place in a court room." *Stahl*, 616 F.2d at 33.

Wealth evidence further warrants exclusion because it would lead to undue delay, confuse the jury, and waste time. *See* Fed. R. Evid. 403. If this evidence were admitted, defendants would be forced to address any improper inferences the jury might make. The introduction of wealth evidence risks derailing the trial as it would force the defendants to present evidence to establish how finances were calculated, how financial conditions compare with that of similar businesses, the nature and purpose of irrelevant and unrelated business holdings – all leading to the creation of side issues and unnecessary litigation of collateral issues. *See Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995) ("Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues."); *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992) ("Evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues.").

Thus, because such a sideshow does nothing to resolve any of the material issues in the case and would be unnecessarily confusing, misleading, and a waste of time, any wealth evidence should be excluded.

//

## III.    CONCLUSION

For the above reasons, defendants hereby move *in limine* to exclude at trial any evidence, argument, and/or testimony regarding wealth evidence, including but not limited to net worth, income, stock ownership, and/or irrelevant business holdings.

DATED:  January 22, 2024

Respectfully submitted,

KAPLAN MARINO, PC

By: _/s/ Nina Marino_____
    NINA MARINO
    Attorney for Defendant
    Dennis Kuniyuki Mitsunaga

BERVAR & JONES

By: /s/ Birney B. Bervar_____
    BIRNEY B. BERVAR
    Attorney for Defendant
    Keith Mitsuyoshi Kaneshiro

SCHLUETER KWIAT & KENNEDY LLLP

By: _/s/ Andrew M. Kennedy___
    ANDREW M. KENNEDY
    Attorney for Defendant
    Aaron Shunichi Fujii

LAW OFFICE OF DORIS LUM, LLLC

By: __/s/ Doris Lum_____
    DORIS LUM
    Attorney for Defendant
    Terri Ann Otani

HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP

By: __/s/ Mark Mermelstein____
    MARK MERMELSTEIN
    Attorney for Defendant
    Sheri Jean Tanaka

THOMAS M. OTAKE AAL, ALC

By: /s/ Thomas M. Otake_____
    THOMAS M. OTAKE
    Attorney for Defendant
    Chad Michael McDonald

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-22-00048-JMS-WRP-2 |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| KEITH MITSUYOSHI KANESHIRO (1), DENNIS KUNIYUKI MITSUNAGA (2), TERRI ANN OTANI (3), AARON SHUNICHI FUJII (4), CHAD MICHAEL MCDONALD (5), SHERI JEAN TANAKA (6), | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

was served electronically through CM/ECF:

Attorneys for the Government:

MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI G. CHOPRA
COLIN M. MCDONALD
ANDREW Y. CHING

Attorneys for the Defendants:

BIRNEY BEVAR
DORIS LUM

ANDREW KENNEDY
THOMAS OTAKE
MARK MERMELSTEIN
ANDY COWEN
CRYSTAL GLENDON

DATED:  at Los Angeles, California, on January 22, 2024.

_/s/   Nina Marino_____
NINA MARINO
Attorney for Defendant
DENNIS KUNIYUKI MITSUNAGA