Andrew M. Kennedy (HI SBN 009734)
Andrew@kona-lawyer.com
Schlueter Kwiat & Kennedy LLLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740
*Attorney for Defendant*
*Aaron Shunichi Fujii*

Birney B. Bervar (HI SBN 005482)
bbb@bevar-jones.com
Bervar & Jones
1100 Alakea Street, 20th Floor
Honolulu, HI 96813
*Attorney for Defendant*
*Keith Mitsuyoshi Kaneshiro*

Nina Marino (CA SBN 142815)
marino@kaplanmarino.com
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046
*Attorney for Defendant*
*Dennis Kuniyuki Mitsunaga*

Doris Lum (HI SBN 008365)
doris@dorislumlaw.com
Law Office of Doris Lum, LLLC
1001 Bishop Street, Suite 710
Honolulu, HI 96813
*Attorney for Defendant*
*Terri Ann Otani*

Thomas M. Otake (HI SBN 007622)
thomas@otakelaw.com
Thomas M. Otake AAL, ALC
851 Fort Street Mall, Suite 400
Honolulu, HI 96813
*Attorney for Defendant*
*Chad Michael McDonald*

Mark Mermelstein (CA SBN 208005)
mmermelstein@holmesathey.com
Andrew S. Cowan (CA SBN 165435)
acowan@holmesathey.com
Holmes, Athey, Cowan
& Mermelstein LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90017
Telephone: (213) 985-2200
*Attorneys for Defendant*
*Sheri Jean Tanaka*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>Defendants. | Case No. CR-22-00048-JMS-WRP<br><br>**DEFENDANTS' MOTIONS IN LIMINE NO. 14 & 15 RE: MOTION TO EXCLUDE "OTHER ACT" EVIDENCE RELATED TO: (1) MASUI POLICE COMPLAINT; AND (2) TAX COMPLAINT; CERTIFICATE OF SERVICE**<br><br>Judge: Hon. J. Michael Seabright<br>Trial Date: February 27, 2024 |

Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald and Sheri Jean Tanaka ("Defendants") hereby move *in limine* to exclude at trial any evidence, questioning, statement or argument that refers to two categories of "other act" evidence, pursuant to Fed. R. Evid. 403 and 404(b).  On January 15, 2024 the government gave notice that it intends to introduce this evidence at trial.  See Government's Notice of Intent to Use Evidence Pursuant to Federal Rule of Evidence 404(b) (Dkt. 336) ("Govt. Notice").

The first category of evidence, addressed by Motion *in Limine* No. 14, concerns MAI's Police Complaint Against Stanford Masui ("Masui police complaint").  *See* Dkt. No. 336 at 2-3 (category No. 1).  The Government seeks to introduce this other act as a means of showing propensity on the part of Defendant(s) to attack their enemies through the legal process.  This other act fails to qualify to show motive, intent, or *modus operandi*, and any probative value is outweighed by prejudice, waste of time, or risk of confusing the jury.  Additionally, the Masui police complaint is not so inextricably intertwined with the offense conduct as to exempt it from the 404(b) requirements.

The second category, addressed by Motion *in Limine* No. 15, concerns a tax complaint filed by Defendant Otani with respect to tax violations by L.J.M ("tax complaint").  *See* Dkt. No. 336 at 8-10 (category No. 3).  This evidence is subject to a FRE 404(b) and 403 analysis as it is not inextricably intertwined with the criminal

1

conduct of bribery, nor does it qualify to show motive, intent, or *modus operandi*. Any pobative value is outweighed by the prejudicial value.

As detailed in both Motions *in Limine*, the noticed 404(b) evidence should be excluded because (1) it fails to satisfy the Ninth Circuit's standard for the admissibility of "other act" evidence; and (2) under Rule 403, its negligible probative value, if any, is substantially outweighed by the dangers of wasting time, unfair prejudice, confusing the issues, and misleading the jury.

For these reasons, the Court should grant Motions *in Limine* No. 14 and 15.

//

//

//

//

//

## MOTION *IN LIMINE* NO. 14
### (Exclude Masui Police Complaint)

## I.     INTRODUCTION AND FACTUAL BACKGROUND

The Government has noticed pursuant to FRE 404(b) an intent to introduce "MAI's Police Complaint Against Attorney Stanford Masui." ("Masui Complaint). Government's 404(b) Notice at 2-3.  On July 17, 2012, Defendant, Aaron Fujii, filed a police complaint with a lengthy pre-prepared affidavit.  The police complaint alleged that crimes had been committed by L.J.M and Stanford Masui, an attorney form whom L.J.M had performed unauthorized "side jobs."

The police complaint was made app three months before anybody from MAI contacted the Department of the Prosecuting Attorney (DPA).  There is no allegation that Defendants bribed any prosecutors in attempts for prosecution against Sanford Masui.

The Government seeks to introduce this evidence to show the propensity of Defendants to "clobber opponents" through use of the criminal justice system. Government's 404(b) notice at 3.  This evidence should be prohibited from admission at trial as there is insufficient contextual nexus in terms of criminal activity to exempt it from FRE 404(b) as "inextricably intertwined", it is not permissible under any of the other FRE 404(b) exceptions, and it should be barred pursuant to FRE 403 as  its negligible probative value, if any, is substantially outweighed by the dangers of wasting time, unfair prejudice, confusing the issues, and misleading the jury.

## II.     LEGAL STANDARDS

Rule 404(b) provides that "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Such evidence, however "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Under Ninth Circuit law, the government meets its burden to admit 404(b) evidence if it shows that: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (citation omitted.)

## III.     ARGUMENT

### A. The Masui Complaint Is "Other Act" Evidence under Rule 403(b) and not Inextricably Intertwined with the Charged Offenses
### B.
#### i.   The Masui Police Complaint qualifies as "Other Act" Evidence for Rule 403(b) Analysis

A party's filing of numerous complaints, a.k.a. "litigiousness," qualifies as a character trait of concern with respect to FRE 404(b).

The only Ninth Circuit case to discuss litigiousness in the context of FRE 404(b) is an unpublished decision:  *See Dupard v. Kringle*, 76 F.3d 385 (9th Cir. 1996): "Evidence regarding Dupard's general aggressiveness and litigiousness is

precisely the type of character evidence admitted to prove propensity that is prohibited by Rule 404."

Numerous other circuits have held that litigiousness is the type of conduct that qualifies as FRE 404(b) prohibited evidence. 7th Circuit: *See Nelson v. City of Chicago*, 810 F.3d 1061, 1071 (7th Cir. 2016) ("As a general matter, "a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant." *Mathis v. Phillips Chevrolet, Inc.,* 269 F.3d 771, 776 (7th Cir.2001))  2nd Circuit: *See Marcic v. Reinauer Transp. Companies,* 397 F.3d 120, 125 (2d Cir. 2005)  ("A trial court has a duty to prevent charges of litigiousness if they are likely to result in undue prejudice that is not substantially outweighed by their probative value.").

### ii. The Masui Police Complaint Is Not Inextricably Intertwined with the Alleged Criminal Conduct

The mere fact that the Masui Complaint was made in the same document as the L.J.M. complaint in July, 2012 does not exempt it from the requirements of 404(b) as it pertains to allegations of bribery relating to L.J.M. commencing in October, 2012.

If a defendant's conduct is "inextricably intertwined" with the charged offenses, it does not qualify as "other act" evidence under Rule 404(b).  As explained by the Ninth Circuit:

> Two general categories of other act evidence may be "inextricably intertwined" with a charged crime and thus exempted from the requirements of Rule 404(b). *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012 (9th Cir.1995). First, other act evidence may

"constitute[ ] a part of the transaction that serves as the basis for the criminal charge." *Id.* Second, admission of other act evidence may be "necessary ... to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1012–13.

*United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012)

Under these standards, the Masui Complaint is "other act" evidence under Rule 404(b) and the government has failed to show otherwise, for the following reasons:

1. Although the Masui Complaint was submitted at the same time as the L.J.MN. complaint, this does not automatically make the two inextricably intertwined. (*i.e.,* mere coincidence in time is insufficient.)

2. The Masui Complaint preceded MAI's first contacts with the DPA, and there is no allegation that the MAI Defendants tried to bribe anybody to investigate or prosecute Masui.

3. The Masui complaint, which occurred before any alleged bribery allegations, is not necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the alleged conspiracy to secure a prosecution of L.J.M through bribery.

The mere fact that the Masui complaint was made contemporaneously with the L.J.M. complaint does not exempt the Masui complaint from a 404(b) analysis.

Coincidence in time is insufficient. The mere fact that a defendant is in possession of a small amount of a prohibited narcotic substance at the time he commits a crime is not enough to support the introduction of the evidence of drug usage. There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule

404(b).

*United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995)

There must be a criminal relationship between the alleged crime and the offered other act.  In *Vizcarra-Martinezi*, the Ninth Circuit held that a defendant in possession of methamphetamine for personal usage was an insufficient contextual or substantive connection to the actual conduct charged (possession of hydriodic acid with knowledge that it would be used to manufacture methamphetamine).  *Id.*  ("The methamphetamine found in the defendant's pocket had nothing to do with the incidents leading to the search, nor did it have any bearing upon the commission of the crime."  *Id.*)

In this instant case, Defendants are charged with bribery relating to the prosecution of L.J.M.  There is no accusation that the police complaint against Masui was tainted by any attempts to bribe the prosecuting attorney for the prosecution of Masui.  Absent is some contextual connection between the Masui police complaint and the act of bribery as related to L.J.M., this other act fails the inextricably intertwined exemption.

This is distinguishable from the situation considered in *United States v. Williams*, in which the Ninth Circuit held that "The policies underlying rule 404(b) are inapplicable when offenses committed as part of a "single criminal episode" become other acts simply because the defendant "is indicted for less than all of his actions." *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) This is not a

case where the Government made a decision to indict Defendants for "less than all of their alleged criminal actions" (*i.e.,* consciously not indicting criminal activity relating to the Masui Complaint.)  There is no allegation that the MAI Defendants engaged in criminal conduct with respect to Masui.  To the contrary, their actions with respect to Masui were not criminal and not part of the alleged bribery conspiracy.  In short this is a naked effort by the Government to show the propensity of Defendants to, as put in the Govt Notice, "clobber opponents- …- who dare sue the company by using the criminal justice system to harass them and bludgeon them into submission." *See* Dkt. No. 336 at 3.  It is precisely the type of propensity evidence prohibited by Rule 404(b).

Moreover, the prosecution does not need to refer to the Masui Complaint in order to tell a coherent and comprehensible story regarding the comission of the charged offenses, which relate solely to L.J.M.  As discussed previously, the Masui Complaint preceded the alleged bribery by several months.  According to Masui, he did not even know that MAI had filed a police report against him until prosecutors told him about it at a later time.  The alleged bribery took place well after the police complaint.

As the Masui police complaint is not inextricably intertwined with the alleged criminal conduct, it is subject to a FRE 404(b) analysis.

### C. The Masui Police Complaint Should Be Excluded Pursuant to FRE 404(b)

There is no exception to the FRE 404(b) prohibition that the Government may rely on with respect to the Masui police complaint.  The Masui police complaint fails the *Bailey* test for multiple reasons, and it does not qualify under a MIMIC exception as alleged by the government.

### i.  The Masui Complaint Fails the *Bailey* Test

As noted *supra*, there is a four part test that the government must meet to admit 404(b) evidence.  The Masui police complaint does not qualify for a number of reasons.

First, there is no factual nexus between the Masui police complaint and a material point related to the alleged bribery conspiracy besides an attempt by the government to show a propensity of the Defendants to "clobber opponent" and bludgeon them into submission by way of the criminal justice system.   This is merely an attempt to show litigiousness and is unrelated to the L.J.M. bribery allegations.

Second, there is a remoteness in time.  The Masui police complaint was filed in July 2012.  There are no allegations of attempts to bribe the prosecutor until October 2012.

Third, there is no relation to the Masui police complaint and the offenses charged in the FSI.  There is no nexus between the Masui police complaint to support a finding that Defendants bribed the prosecutors to criminally charge L.J.M.

Finally, the Fourth point, there is no similarity to the offense conduct.  As discussed *supra*, the government alleges that the bribery conspiracy began "in or around October 2012."  FSI ¶19.  This makes it separate and distinct from the filing of the police complaint in July 2012.  The allegations of the crime relating to L.J.M. are that of payments for prosecution.  There is no similarity in the allegations of payment for prosecution and the filing of the Masui police complaint.

### ii.  The Masui Complaint Does Not Qualify as Evidence of Intent, Motive, Or to Prove *Modus Operandi*

#### 1.  Masui Police Complaint Fails the Modus Operandi Exception

As noted in detail in Defendant's Motion in Limine No. 12, evidence to prove *modus operandi* is only permissible when the identities of the persons who committed the offense are at issue.[1]  The government does not contend that identity is at issue in this case.

---

[1] *Modus operandi* is typically not a stand-alone permitted purpose for Rule 404(b) character evidence—it is instead a method for proving the *identity* of a perpetrator.  *See United States v. Anifowoshe*, 307 F.3d 643, 647 (7th Cir. 2002) (admitting evidence of *modus operandi* to prove identity); *accord United States v. Robinson*,161 F.3d 463, 467 (7th Cir. 1998) ("Evidence of *modus operandi* is evidence that shows a defendant's distinctive method of operation. Such evidence may be properly admitted pursuant to Rule 404(b) to prove identity"); *see also United States v. Hudson*, 884 F.2d 1016, 1021 (7th Cir. 1989) (*modus operandi* evidence must be "sufficiently idiosyncratic to permit an inference of pattern for purposes of proof.").

### 2. Masui Police Complaint in July 2012, Does Not Support a Motive or Intent to Pay a Bribe in October 2012

There is nothing about the Masui police complaint in July 2012, that would be necessary or admissible to prove that the MAI defendants intended to pay a bribe for the prosecution of a different individual months and/or years later. There is no nexus between a complaint filed in July 2012, and the intent to pay a bribe months later.

### D. FRE 403 Requires The Masui Complaint To Be Excluded

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FRE 403

To the extent there is any probative value that can be shown by the Masui police complaint, it is outweighed by the risk of misleading the jury or undue prejudice.

The only reason the government has proffered as to why this evidence is probative at all is to show that the MAI Defendants utilize the criminal justice to cobber opponents and bludgeon them into submission. As noted *supra*, this showing of litigiousness is prejudicial. *See Walker v. Schult* "("[A] plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant."). *Walker v. Schult*, 365 F. Supp. 3d 266, 280 (N.D.N.Y. 2019)

Permitting the Masui police complaint runs the risk of confusing the jury and potentially drawing a prejudicial bias against Defendants as being chronic litigants. The government has proffered no probative value that would outweigh this prejudice.

## IV.   CONCLUSION

For the reasons stated herein, Defendants request that Motion *in Limine* No. 14 be granted and evidence concerning the Masui Police Complaint be excluded at trial.

## MOTION *IN LIMINE* NO. 15
### (Exclude Tax Complaint)

## I.   INTRODUCTION AND FACTUAL BACKGROUND

The Government has noticed pursuant to FRE 404(b) an intent to introduce "MAI's Meritless and Malicious Tax Complaint." ("tax complaint") On August 7, 2014, Defendant, Terri Otani, emailed a complaint to the State of Hawai'i Department of Taxation reporting L.J.M. of the tax fraud committed by not reporting her income from side jobs performed.  *See* Dkt. No. 336 at 8-10

This act is not inextricably intwined with the conspiracy to bribe the prosecution for criminal charges.[2]  There is no showing of any attempt to bribe the Hawai'i Department of Taxation, nor is there any nexus between this email and the criminal prosecution commenced by the Honolulu County Prosecutor's Office.  This email to the Hawai'i Department of Taxation was submitted months prior to the criminal charges against L.J.M. were filed (November 2014).  There is no indication that the Office of the Prosecuting Attorney was aware of this email complaint, nor that it played a role or factored into the decision to commence a prosecution against L.J.M.

---

[2] While recognizing this conduct is charged as an overt act in the indictment (Dkt. No. 1, page 15, paragraph 27), the decision of the prosecution to include conduct as an overt act in their charging document does automatically qualify it as inextricably intertwined with the actual offense conduct.

## II.    LEGAL STANDARDS

The legal standard as set forth in Motion in Limine No. 14 is applicable to this Motion in Limine No. 15.

## III.   ARGUMENT

This tax complaint is subject to a FRE 404(b) analysis.  It is being offered as propensity evidence and fails to meet the *Bailey* standard and/or have probative value to justify it's inclusion at trial.

This evidence fails to show *modus operandi* as identity is not at issue.  It also fails to show knowledge, intent or plan.

This evidence is unrelated to any payment of a bribe.  There is no allegation of payment of a bribe involved with this complaint to the Hawaiʻi Department of Taxation.  It is not related to the intent or motive or common scheme to pay a bribe to the county prosecutor for criminal prosecution.

Additionally, any probative value is outweighed by prejudicial impact, potential confusion to the jury, and/or unnecessarily extending trial and waste of the Court's time.

### A. Tax Complaint Is Not Inextricably Intertwined With Conspiracy to Bribe For Criminal Prosecution.

The tax complaint in this case is not inextricably intertwined with a conspiracy to bribe a county prosecutor for a criminal prosecution.

> Two general categories of other act evidence may be "inextricably intertwined" with a charged crime and thus exempted from the

> requirements of Rule 404(b). *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012 (9th Cir.1995). First, other act evidence may "constitute[ ] a part of the transaction that serves as the basis for the criminal charge." *Id.* Second, admission of other act evidence may be "necessary ... to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 1012–13.

*United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012)

The Tax Complaint was independent of the criminal complaint. There is no showing that the Honolulu Prosecutor was even aware of this tax complaint, never mind that it played a role in the alleged bribery conspiracy.

There is no showing that the tax complaint serves as the basis for the criminal charges. There is no showing that the tax complaint to the State of Hawaiʻi Department of Taxation was in any way related to the alleged payments to the Office of the Prosecuting Attorney to commence criminal charges.

Second, there is no need for the prosecutor to present this evidence in order to offer a coherent story regarding the commission of the crime. There is no indication that the prosecutor's office was even aware of this complaint.

## B. *Modus Operandi* Does Not Apply

*Modus Operandi* does not apply if identity is not at issue. (*See* Defendant's Motions *in Limine* No.(s) 13 and 14)

Additionally, the *modus operandi* of trying to "harass and intimidate L.J.M."[3]

is not the crime for which Defendants.  Defendants are charged with conspiracy to

bribe.  The acts are not sufficiently similar to be admissible to prove *modus operandi*.

The *modus operandi* exception is a "narrow exception."

> *Shymanovitz* does recognize a narrow exception for "modus operandi"
> evidence: evidence involving acts by the defendant that are "so nearly
> identical in method as to ear-mark the charged offense the handiwork of
> the accused and that are so unusual and distinctive as to be like a
> signature." *Id.* at 1159 n. 9 (internal punctuation and citation omitted).
> "[U]se of modus operandi evidence is rare, and the similarities must be
> specific and detailed and clearly set the particular offense apart from the
> general body of such offenses." *Id.*

*United States v. Curtin*, 443 F.3d 1084, 1092 (9th Cir. 2006), *on reh'g en banc*, 489
F.3d 935 (9th Cir. 2007) (overturned on rehearing based on the nature of proffered
evidence not falling within a FRE 404 analysis)

An example provided in *United States v. Andreis*, evidence of other burglaries

was admissible *to prove identity* as *modus operandi* where "Such rooftop robberies

were rare occurrences and involved a number of very unusual characteristics."

*United States v. Andreis*, 802 F. App'x 272, 275 (9th Cir. 2020) Contrast with the

more generic examples, such as a photographs of a Defendant dressed in similar

clothes (shoes) in a prior robbery as not admissible as "[t]his evidence was not

"sufficiently distinctive" to warrant an inference that Schram also committed the

Minute Market robbery.  *United States v. Schram*, 746 F. App'x 688, 690 (9th Cir.

2018)

---

[3] *See* Dkt. No. 336 at 9: "This episode represents yet another frivolous effort by the
defendants to harass and intimidate L.J.M."

> Evidence that a person has committed one crime is not admissible to show the identity of the person committing another crime merely because the two offenses are similar. The offenses must be so similar in their circumstances as to guarantee a reasonable likelihood that they were committed by the same person. *See Featherstone v. Estelle,* 948 F.2d 1497, 1501–02 (9th Cir.1989); *Drew v. United States,* 331 F.2d 85, 90 (D.C.Cir.1964). Otherwise, the possibility that the jury will draw improper conclusions as to the accused's character is too great to allow admission of the evidence, notwithstanding its marginal probative value. The robber of the Berkeley and San Leandro banks had a sufficiently distinct "signature" to make evidence of each robbery relevant and reliable to show the identity of the perpetrator of the other.

*United States v. Quinn*, 18 F.3d 1461, 1466 (9th Cir. 1994)

### C. Motive or Intent Do Not Apply

The same lack of similarity applies to the government's contention of knowledge or intent or plan.  There is no similarity between notifying a local tax department of known failure to pay taxes and that of allegedly paying a prosecutor to file criminal charges against a person.

Under Ninth Circuit law, the government meets its burden to admit 404(b) evidence if it shows that: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (citation omitted.)

> The government "has the burden of proving that the evidence meets all of the above requirements." *United States v. Arambula–Ruiz,* 987 F.2d 599, 602 (9th Cir.1993). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is

17

substantially outweighed by the prejudicial impact under Rule 403."
*Romero,* 282 F.3d at 688 (citation omitted).

*Id.*

The act of notifying the Hawai'i Department of Taxation of L.J.M.'s failure to pay her taxes is not similar to the offense charged – *i.e.* paying a county prosecutor a bribe for criminal prosecution.  The acts must be similar.

Reporting a person known to be delinquent on her taxes does not go to motive to bribe the county prosecutor to commence a criminal action against that person.

**D. FRE 403 Prejudicial vs. Probative Value**

If the tax complaint were to qualify for admission pursuant to FRE 404(b), it would still be subject to a FRE 403 probative vs. prejudicial analysis.

The limited probative value of filing a complaint with the Hawai'i Department is far outweighed by the prejudicial impact as it relates to charges of conspiracy to commit bribery.

First, there is no indication that anybody from MAI offered any bribes to any persons at the Hawai'i Department of Taxation.  The tax complaint is simply unrelated to the charges against Defendants.  The charges against Defendants are not "relentless harassment of L.J.M" or "entangling L.J.M. in spurious investigations" (the reasons offered for probative value in Govt. Notice *See* Dkt. No. 336 at 9).  The tax complaint is not probative of intent as they are related to the charges in this case.

Second, it is questionable whether there is actually anything wrong with notifying the Hawaiʻi Department of Taxation that an employee was not paying their taxes on all of their income.  But allowing the government to introduce this evidence and argue that this is somehow evidence of wrongdoing has the potential to confuse the jury.

Third, opening the door to whether L.J.M. was paying her taxes on her side jobs and allowing the parties to litigate the issue as to whether L.J.M. was paying her taxes will cause undue delay in the trial.  It would create a trial within a trial as to L.J.M.'s tax payment practices that are unrelated to whether or not a bribe was paid to commence a criminal prosecution.

There is no indication that the tax complaint played any role in the Office of the Prosecuting Attorney to file charges against L.J.M.  The probative value is tenuous at best.

## IV.   CONCLUSION

For the reasons stated herein, Defendants request that Motion *in Limine* No. 15 be granted and the evidence concerning Tax Complaint should be excluded at trial.

Respectfully submitted,

DATED: January 22, 2024

SCHLUETER KWIAT & KENNEDY LLLP

By:  */s/ Andrew M. Kennedy*
    ANDREW M. KENNEDY
    *Attorney for Defendant*
    *Aaron Shunichi Fujii*

BERVAR & JONES

By:  */s/ Birney B. Bervar*
    BIRNEY B. BERVAR
    *Attorney for Defendant*
    *Keith Mitsuyoshi Kaneshiro*

KAPLAN MARINO, PC

By:  */s/ Nina Marino*
    NINA MARINO
    *Attorney for Defendant*
    *Dennis Kuniyuki Mitsunaga*

LAW OFFICE OF DORIS LUM, LLLC

By:  */s/ Doris Lum*
    DORIS LUM
    *Attorney for Defendant*
    *Terri Ann Otani*

HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP

By:  */s/ Mark Mermelstein*
    MARK MERMELSTEIN
    *Attorneys for Defendant*
    *Sheri Jean Tanaka*

THOMAS M. OTAKE AAL, ALC

By:  */s/ Thomas M. Otake*
    THOMAS M. OTAKE
    *Attorney for Defendant*
    *Chad Michael McDonald*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel at their last known addresses by the CM/ECF system on the date indicated below

MICHAEL G. WHEAT, ESQ.
JOSEPH J.M. ORABONA, ESQ.
JANAKI G. CHOPRA, ESQ.
COLIN M. MCDONALD, ESQ.
ANDREW Y. CHIANG, ESQ.
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101
E-MAIl:
    joseph.orabona@usdoj.gov
    Janaki.Chopra@usdoj.gov
    Colin.McDonald@usdoj.gov
    Andrew.Chiang@usdoj.gov

*Attorneys for the United States of America*

DATED:  January 22, 2024

Respectfully submitted,

Schlueter, Kwiat & Kennedy LLLP

By:  */s/ Andrew M. Kennedy*
    ANDREW M. KENNEDY
    Attorneys for Defendant
    Aaron Sunichi Fujii