Mark Mermelstein (CA SBN 208005)
mmermelstein@holmesathey.com
Andrew S. Cowan (CA SBN 165435)
acowan@holmesathey.com
Holmes, Athey, Cowan
& Mermelstein LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90017
Telephone: (213) 985-2200

*Attorneys for Defendant Sheri Jean Tanaka*

Birney B. Bervar (HI SBN 005482)
bbb@bevar-jones.com
Bervar & Jones
1100 Alakea Street, 20th Floor
Honolulu, HI 96813

*Attorney for Defendant
Keith Mitsuyoshi Kaneshiro*

Nina Marino (CA SBN 142815)
marino@kaplanmarino.com
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046

*Attorney for Defendant
Dennis Kuniyuki Mitsunaga*

Doris Lum (HI SBN 008365)
doris@dorislumlaw.com
Law Office of Doris Lum, LLLC
1001 Bishop Street, Suite 710
Honolulu, HI 96813

*Attorney for Defendant
Terri Ann Otani*

Andrew M. Kennedy (HI SBN 009734)
Andrew@kona-lawyer.com
Schlueter Kwiat & Kennedy LLLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740

*Attorney for Defendant
Aaron Shunichi Fujii*

Thomas M. Otake (HI SBN 007622)
thomas@otakelaw.com
Thomas M. Otake AAL, ALC
851 Fort Street Mall, Suite 400
Honolulu, HI 96813

*Attorney for Defendant
Chad Michael McDonald*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br>        Defendants. | Case No. CR-22-00048-JMS-WRP<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 16 TO EXCLUDE EVIDENCE OF MS. OTANI'S ALLEGED ACTS; CERTIFICATE OF SERVICE**<br><br>Judge: Hon. J. Michael Seabright<br>Trial Date: February 27, 2024 |

# DEFENDANTS' MOTION *IN LIMINE* NO. 16 TO EXCLUDE EVIDENCE OF MS. OTANI'S ALLEGED ACTS

Defendants hereby move *in limine* to exclude: (1) Ms. Otani's purported violation of campaign finance laws through "straw contributions" through witness J.H. or "A" family; (2) Ms.Otani's gambling records from January 2010 through March 2021; and (3) Ms. Otani's obstruction of the grand jury investigation by: (a) allegedly lying to the grand jury; and (b) allegedly exerting pressure on J.H. in her testimony to the grand jury.

## I.    INTRODUCTION

Defendants are charged in the First Superseding Indictment ("FSI") with Conspiracy Against the United States under 18 U.S.C. § 371 and Conspiracy to Deprive Person of Civil Rights under 18 U.S.C. § 241. *See* ECF No. 70 at 7-8, 20-21. The government seeks to introduce, under the guise of 404(b) evidence, evidence of Ms. Otani's purported campaign finance violations by way of "straw donations" through her niece, J.H. and the "A" family.  They further want to introduce Ms. Otani's gambling records from January 2010 through March 2021, insinuating that Ms. Otani had the audacity to spend an extravagant amount in sin city and thus, could not possibly afford to donate in the ways she did to *other* politicians. Finally, the government wants to introduce evidence that Ms. Otani obstructed the grand jury investigation in the instant case by lying to the grand jury and exerting pressure on her niece, J.H.

2

This evidence that the government seeks to introduce as inextricably intertwined to the conspiracy is simply an attempt to have the jury convict defendants by the mere perception and propensity of Ms. Otani's alleged other bad acts.  At trial, this evidence would be inadmissible, too attenuated to the conspiracy, and highly prejudicial. Defendants move to exclude evidence, argument, and/or testimony regarding Ms. Otani's alleged campaign finance violation, her gambling records and her alleged acts of obstruction in the grand jury proceedings.

I.   ARGUMENT

Ms. Otani's Purported Violation of Campaign Finance Law

The government seeks to introduce evidence of Ms. Otani's purported violation of campaign finance laws through "straw contributions" through witness J.H. or "A" family to politicians other than Mr. Kaneshiro as admissible "other act" evidence under Rule 404(b). ECF No. 336 at 13-14. The legal arguments as to why this is improper 404(b) evidence are laid out in Defendants' Motion *In Limine* #6, which seeks to exclude evidence of MAI contributions to other candidates, and Defendants' Motion *In Limine* #12, which seeks to exclude grand jury other act evidence. Those arguments are incorporated by reference and summarized as follows.

For such evidence to be admitted under Rule 404(b), the government carries the burden to prove that the evidence satisfies four requirements: materiality (the evidence tends to prove a material point), recency (the other act is not too remote in time), sufficiency (the evidence is sufficient to support a finding that defendant committed the other act), and, in some cases, similarity (the act is similar to the offense charged). *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021). *See also United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). The government's proposed 404(b) evidence fails all four requirements.

The government's proposed 404(b) evidence fails the materiality test. Materiality requires a showing that "the evidence tends to prove a material point." *Id.* The government argues that it "demonstrates the MAI defendant's knowledge of campaign finance limits and their efforts to skirt those limits by maximizing contributions to politicians under cover of concealment and fraud. It is also part of MAI's *modus operandi* of paying off politicians in Hawaii and evidence of planning and absence of mistake." ECF No. 336 at 14. However, the "prior wrongful acts must establish a motive to commit the crime charged, not simply a propensity" to engage in criminal conduct. *Charley* at 648. Even if Ms. Otani knew the campaign finance limits and skirted those limits in regards to politicians other than Mr. Kaneshiro, it does not show a motive to bribe Mr. Kaneshiro. Making straw donations to politician A does not prove a motive to bribe politician B.

"[T]here is no logical connection between those prior incidents and the charged [bribery] other than the implication that [Ms. Otani] has a propensity for [avoiding contribution limits]" and therefore avoided those limits here in order to bribe Keith Kaneshiro — "an impermissible inference under Rule 404(b) and an improper consideration when determining whether" bribery is established. *See id.* The avoidance of contribution limits must establish a motive to commit bribery, not a propensity.

    The government's proposed 404(b) evidence also fails the sufficiency test. Sufficiency requires a showing that the evidence is sufficient to support a finding that defendant committed the other act. As argued in Defendants' Motion *In Limine* #12, the government is required to show that the other act evidence was committed by all of the defendants. This is because the government has made clear that they intend to attribute and argue the evidence as concerted behavior by all of the MAI defendants, who are linked together by Dennis Mitsunaga and Sheri Tanaka. ECF No. 336 at 15-17. However, there is no evidence that the defendants conspired to make that happen. Under *Bailey*, the government must proffer evidence to establish that each defendant committed the alleged overt act.

    The government's proposed 404(b) evidence also fails the similarity test. Similarity requires a showing that the act is similar to the offense charged. "In cases involving the use of prior [acts] to show opportunity, knowledge, preparation

5

or motive, similarity may nor may not be necessary depending upon the circumstances." *U.S. v. Miller*, 874 F.2d 1255, 1269 (internal quotation marks omitted). Again, skirting the campaign finance limits with respect to a straw donation to politician A does not constitute a showing of similarity with respect to bribing politician B through straw donations. Had there been a showing that straw donations to politician A were done for the purpose of exceeding the campaign finance limits <u>and</u> bribing that person, then there may be a showing of similarity to the instant offense for 404(b) purposes.

Other than the fact that Ms. Otani's alleged straw donations were through J.H., there is nothing similar about the instant case and past donations made. They involve entirely different politicians and allege no bribery of said politicians.

Even if this Court finds that all four prongs of the required test are satisfied, the evidence sought would not be admissible under Rule 403 in that its "probative value is substantially outweighed by the danger of unfair prejudice." *Charley*, 1 F.4th at 643. Here, the danger of unfair prejudice is certain. The risk that the jury will convict based on the government's insinuation that Ms. Otani violated campaign finance laws for a decade using J.H.

<u>Ms.Otani's Gambling Records From January 2010 Through March 2021</u>

In addition to other political donations, the government also seeks to introduce Ms. Otani's gambling records from January 2010 through March 2021 as

evidence of a conspiracy with other MAI employees to bribe Keith Kaneshiro. During Ms. Otani's grand jury testimony on June 24, 2021, the government suggested through their questioning that she bought $251,000 worth of chips at the Bellagio over the last ten years. Following this line of questioning about Ms. Otani's gambling habits, the government launched into a line of questions about political contributions she made in the last decade to a variety of politicians. To show relevance, "the government must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mayans*, 17 F. 3d 1174, 1181 (9th Cir. 1994). Here, the government's hypothesis is that Ms. Otani could not afford to both gamble and contribute to political campaigns. It is simply not logical that because Ms. Otani gambling for a decade while in the same period donating to other politicians, she must have conspired with others to bribe Keith Kaneshiro. Ms. Otani's gambling activity in Vegas every year for a decade show the conspiratorial agreement as the Indictment charges. The real implausibility is the government's suggestion that Ms. Otani's gambling activity has any relevance to the conspiratorial agreement in the Indictment.

     Even if somehow relevant, the probative value of Ms. Otani's gambling activity is substantially outweighed by the danger of unfair prejudice. The danger

here is that a jury will convict not on the crime alleged in the Indictment, but on the fact that Ms. Otani has been an avid gambler for over a decade.

<u>Ms. Otani's Obstruction of Justice</u>

The government seeks to introduce evidence of Ms. Otani's obstruction of the grand jury investigation by: (a) allegedly lying to the grand jury; and (b) allegedly exerting pressure on J.H. in her testimony to the grand jury. ECF No. 336 at 15-17. The legal arguments as to why this is improper 404(b) evidence is laid out in Defendants' Motion *In Limine* #12, which seeks to exclude grand jury other act evidence. Those arguments are incorporated by reference and summarized as follows.

The primary argument as to why this other act evidence is inadmissible is because it references a supposed uncharged third conspiracy to obstruct the grand jury proceedings. This alleged conduct by Ms. Otani occurred years after the conspiracies alleged in the First Superseding Indictment ended. This other act evidence also does not constitute proper evidence of *modus operandi*, as identity is not at issue. Finally, the proffered other act evidence does not meet the four requirements under *Bailey* and *Charley*.

Throughout its notice, the government repeatedly proffers the multiple pieces of 404(b) evidence as admissible to show the defendants' collective *modus operandi*. As articulated in Defendants' Motion *In Limine* #12, this argument is

completely misplaced as the identity of, in this instance, Ms. Otani, is not at issue with respect to the alleged offense of bribing Mr. Kaneshiro.

With respect to the four requirements under *Bailey* and *Charley*, the proffered evidence fails the materiality test. With respect to Ms. Otani's alleged lie to the grand jury by denying that she ever coordinated political contributions with anyone, the government argues that this is "evidence of concerted behavior within the MAI organization to prevent the grand jury from learning about the conspiracy[.]" ECF No. 336 at 16-17. Again, however, the material point this evidence tends to prove is that there was an uncharged third conspiracy to obstruct the grand jury proceedings. This is also true with respect to the allegation that Ms. Otani attempted to exert pressure on J.H. through J.H.'s mother to "help me get out of this shit" because "they gonna put me in jail." Allegedly lying to the grand jury and exerting pressure on J.H. does not tend to prove the underlying charged conspiracies of bribery and a conspiracy against rights.

This evidence also clearly fails the recency test. Again, alleged lies to the grand jury and the pressure allegedly exerted on J.H. are way too remote in time, occurring at least three and a half years after the last overt act allegedly occurred, which was September 25, 2017. *See Bailey* at 799.

This evidence also fails the sufficiency test. The government is required to show that the other act evidence was committed by all of the defendants. This is

because the government has made clear that they intend to attribute and argue the evidence as concerted behavior by all of the MAI defendants, who are linked together by Dennis Mitsunaga and Sheri Tanaka. ECF No. 336 at 15-17. However, there is no evidence that the defendants conspired to make that happen. Under *Bailey*, the government must proffer evidence to establish that each defendant committed the alleged overt act.

Finally, this evidence fails the similarity test. Ms. Otani's alleged effort to obstruct the grand jury by lying to it and exerting pressure on J.H. is not at all similar to any conspiracy to bribe or interfere with a person's constitutional rights.

## CONCLUSION

For the above reasons, defendants hereby move *in limine* to exclude at trial the foregoing evidence.

Respectfully submitted,

DATED: January 22, 2024

HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP

By: /s/ Mark Mermelstein
MARK MERMELSTEIN
*Attorneys for Defendant*
*Sheri Jean Tanaka*

BERVAR & JONES

By: /s/ Birney B. Bervar
BIRNEY B. BERVAR
*Attorney for Defendant*
*Keith Mitsuyoshi Kaneshiro*

KAPLAN MARINO, PC

By: /s/ Nina Marino
NINA MARINO
*Attorney for Defendant*
*Dennis Kuniyuki Mitsunaga*

| | |
|---|---|
| LAW OFFICE OF DORIS LUM, LLLC | SCHLUETER KWIAT & KENNEDY LLLP |
| By: */s/ Doris Lum* <br> DORIS LUM <br> *Attorney for Defendant* <br> *Terri Ann Otani* | By: */s/ Andrew M. Kennedy* <br> ANDREW M. KENNEDY <br> *Attorney for Defendant* <br> *Aaron Shunichi Fujii* |
| THOMAS M. OTAKE AAL, ALC | |
| By: */s/ Thomas M. Otake* <br> THOMAS M. OTAKE <br> *Attorney for Defendant* <br> *Chad Michael McDonald* | |