MERRICK B. GARLAND
Attorney General
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144/8756
Andrew.Chiang@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>       v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>                    Defendants. | CR No. 22-00048-TMB-WRP<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 11, [ECF 338] |

## INTRODUCTION

She, who must not be named, *Katherine Kealoha*.

Defendants seek an order to prevent "the government form introducing evidence naming or referring to Katherine Kealoha" without getting advanced

permission from the court *See* ECF No. 338 at 2.  This request is unwarranted and without merit.

In presenting our case, the United States is entitled show how Keith Kaneshiro orchestrated the *quo* in his *quid pro quo* with the MAI defendants.  Kaneshiro was faced with a growing crescendo of voices in his office insisting on L.J.M.'s innocence—including from a highly experienced investigator who had conducted various witness interviews regarding the allegations, and from a senior white-collar prosecutor who Kaneshiro would later choose to be his chief deputy and who would ultimately succeed Kaneshiro as Honolulu's Prosecuting Attorney.  But Kaneshiro was not deterred by the common-sense reasons why L.J.M. had not committed any crimes.  Instead, Kaneshiro discarded these opinions and hand-picked the next prosecutor, a recently hired attorney in of all places the Career Criminal Unit,[1] Jacob Delaplane.  At that time, Katherine Kealoha was a supervisory Deputy Prosecuting Attorney under Kaneshiro, and Jacob Delaplane's supervisor in the Career Criminal Unit (and an active member of the Kaneshiro reelection machine).

Over the last decade, with the prosecution of Katherine and Louis Kealoha for attempting to prosecute an innocent person (her uncle) for a crime he didn't commit, amongst other crimes, the Kealoha name has become stained.  However, prohibiting the mere mention of the name is unwarranted.  It's been nearly five years since

---

[1] At the time, L.J.M. had zero criminal history.  Katherine Kealoha was the supervisor of the Career Criminal Unit.

Kealoha and her henchmen were convicted and sent off to prison. They are simply the story of last Tuesday and are no longer headline news.

## DISCUSSION

1. The United States will not offer testimony from Katherine Kealoha. Instead, the United States intends to introduce evidence that may tangentially reference Kealoha's name to place Kaneshiro's actions in furthering the conspiracy in context. Defendants' efforts to prevent even the mentioning of her name are inappropriate.

For example, when Kaneshiro was faced with the grim prospect of failing to deliver on his agreement to get L.J.M., he needed to find an obedient subserviate who would not ask too many questions. He found that in Delaplane. As Delaplane's supervisor, Kealoha was responsible for monitoring his workload. However, Kealoha had no idea about the L.J.M. case until long after it was filed. In April 2016, Kealoha reached out to Delaplane by email to ask about the L.J.M. case. Kealoha referred to the L.J.M. case as a "special assigned case" and sought answers as to who assigned Delaplane the case. Delaplane responded, among other things, that explained Kaneshiro assigned him the L.J.M. case, probably because Delaplane "tended to be more cavalier" in his charging decisions. Here is the full email

exchange:

> **Re: Hey there!**
>
> From: Jake Delaplane
> To: Kealoha, Katherine
> Recipients: kkealoha@honolulu.gov
>
> I definitely remember, that case was a major headache and seemed to get me attacked from all sides! You didnt assign the case to me. Keith specially assigned the case to me sometime in late 2014 or early 2015. He came directly to my office and asked me to take a look at it because several other prosecutors (dwight nadamoto and mark yuen) had looked at it and declined for various reasons, most notably because it was difficult to assign a dollar value to characterize mau's theft of time from Mitsunaga architecture. I think he brought it to me because I tended to be a little more cavalier with my charging than some other folks haha! The notes you are referring to came from Keith, he had a binder full of information on the case with extensive notes on how he thought the case should be handled. I charged it, and attached what was probably the longest felony info attachment ever...about 1200 pages. I thought there was plenty there to establish time-stealing and downright theft from one of mitsunaga's clients. If you recall, this was the case that after I filed the felony info charge, Armina initiated a series of emails and attacks against me and demanded that I call the court and stop service of the warrant on Laurel Mau. She claimed that I didnt establish venue in the felony info attachments, although i clearly did in several places. She then made me have a 4 hour 1 on 1 meeting with her where she insulted me personally, calling me a "cowboy" and a "hotshot" and tried to convince me to rethink my charging decisions. She also informed me that "none of the staff liked me", especially in screening, because i questioned their practice of pulling "dummy" police report numbers to include in the charging documents, even when it wasn't HPD that did the investigation!!!! Seemed dishonest and backwards to do that, especially when it was our office that did the investigation. I was told that it had to be done so that the judiciary could process the warrant, so I followed her direction even though I thought it was shady. She also threw in a few insults about my age (insinuating that i was too young to know anything), and gave me some "homework" to do, including reading the charging standards manual from California and a couple of cases that had absolutely nothing to do with the Mau case, and then mandated that i write an email to her verifying that I had completed these tasks. The attacks didn't stop there. Howard Luke represented Mau, and he kept telling me that he was going to file "some kind of motion" because he thought that the way the case was brought (investigated by our office and not hpd) was improper. He also kept asking me if i knew who Mitsunaga was, and how "politically connected" he is. I didnt, and still dont, other than what Howard told me about him being a major political guy. He also kept asking judge ahn if she needed to recuse herself, since he thought most of the judges knew Mitsunaga. She didnt know him and didnt recuse. Mitsunaga's civil attorney was my point of contact, I never actually spoke to Mitsunaga, but his staff and attorney were always very friendly and never seemed to have ill-intentions. They genuinely seemed to be angry that, up until that point, Mau had gotten away with stealing alot of money and resources from the firm. Sorry, long answer to short questions, but that case had a bunch of weirdness attached to it. Hope that helps, and thanks for the well-wishes! Sent from my iPhone On Apr 6, 2016, at 5:14 PM, Kealoha, Katherine <kkealoha@honolulu.gov> wrote:
>
> I'm hoping that you will remember this Special Assigned case- SOH v. Laurel Mau.
>
> Can you confirm that it was a Special Assigned case?
>
> Can you also confirm that I did not Specially Assign this case to you?
>
> Do you recall who Specially Assigned this case to you?
>
> I saw some documents in there that are a handwritten outlines- that is not your handwriting- do you know who wrote that out?
>
> Thanks so much- hope you are doing good and keeping busy! Aloha- kat
>
> Katherine E. Kealoha, Esq.
> Deputy Prosecuting Attorney
> Career Criminal & Sexual Assault Division Chief
> Department of the Honolulu Prosecuting Attorney

[KM-Reports-001331]

This email is an example of how Katherine Kealoha is nestled within the fact pattern of the case. The evidence that she did not even know that Delaplane had the L.J.M. case, and had no supervisory oversight into it, are relevant for establishing

4

Kaneshiro's highly unusual treatment of L.J.M.'s case. We have no intention of dwelling on Kealoha's involvement. But Kealoha is in the fact pattern.

Moreover, this case requires educating the jury as to the structure of the Prosecutor's Office, including the flow of cases, the specialties of different units within the office (such as the Career Criminal Unit), and the progression of cases to the Appellate Unit. Again, while we do not intend to dwell on Kealoha's involvement, it is not hard to imagine that a witness might—prompted or not— mention Kealoha's role within Kaneshiro's supervisory chain (towards the top of the organizational chart).

2.  Rule 403 also does not forbid mention of Katherine Kealoha's name. Exclusion of evidence under FRE 403 is "an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985). The rule is "limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

We are not dragging Katherine Kealoha into this fact pattern. Defendant Kaneshiro did that. He made the odd decision to assign the L.J.M. case to Kealoha's subordinate within the Career Criminal Unit (not the proper place for L.J.M.'s case). Kealoha discovered the case long after it was filed and questioned Delaplane about how it was assigned to him. The fact that Delaplane was prosecuting L.J.M.'s case

outside of Kealoha's supervisory command is an important fact proving Kaneshiro's corrupt agreement with the MAI defendants—one of many facts showing the specialized treatment Kaneshiro afforded this low-level "theft" case. The probative value of Kealoha's role as Delaplane's supervisor (and subsequent lack of supervisory oversight) is not "substantially outweighed" by any Rule 403 concern. Defendants argue that "any mention" of Kealoha will "risk drawing unfair prejudice." ECF No. 338 at 2. That is speculation. There is no need for an "offer of proof" preceding any evidence "naming or referring to" Kealoha.[2]

## CONCLUSION

The Court should deny the defendants' Motion in Limine No. 11.

Dated: February 2, 2024.                Respectfully submitted,

MERRICK B. GARLAND
Attorney General

*Michael G. Wheat*

MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI G. CHOPRA
COLIN M. MCDONALD
ANDREW Y. CHIANG
Special Attorneys of the United States

---

[2] Furthermore, there may be witnesses beyond our control who take the stand and stumble upon Kealoha's name (because she is within the fact pattern and Kaneshiro's hierarchy, as mentioned). That should not be held against the United States, as would be the case if the Court granted the order Defendants seek.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>            Defendants. | CR No. 22-00048-JMS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Michael G. Wheat, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893. I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 2, 2024.

*Michael G. Wheat*
MICHAEL G. WHEAT

7