Mark Mermelstein (CA SBN 208005)
Andrew S. Cowan (CA SBN 165435)
HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017
Telephone: (213) 985-2200
Fax:        (213) 973-6282
Email:      mmermelstein@holmesathey.com
            acowan@holmesathey.com

Attorneys for Defendant Sheri Jean Tanaka

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-22-00048-TMB-WRP |
| Plaintiff, | **DEFENDANT SHERI J. TANAKA'S ▮▮▮ MOTION TO CONTINUE TRIAL DATE; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE** |
| v. | |
| KEITH MITSUYOSHI KANESHIRO (1), DENNIS KUNIYUKI MITSUNAGA (2), TERRI ANN OTANI (3), AARON SHUNICHI FUJII (4), CHAD MICHAEL MCDONALD (5), SHERI JEAN TANAKA (6), | Judge: Hon. Timothy M. Burgess<br>Trial Date: February 27, 2024 |
| | **[REDACTED]** |
| Defendants. | **[EXPEDITED CONSIDERATION REQUESTED]** |

Defendant Sheri Jean Tanaka brings this Motion to Continue the February 27, 2024 trial date in this matter ("Motion") for the reasons explained below.  Due to the pendency of the trial date, Ms. Tanaka respectfully asks the Court to consider her Motion on an expedited basis and to set an expedited briefing schedule.

Ms. Tanaka respectfully submits that a continuance of the February 27, 2024 trial date in *United States v. Kaneshiro, et al.*, No. CR-22-048-TMB-WRP ("Kaneshiro Case") is warranted under the circumstances and existing case law.  As discussed more fully below, the factors used by courts in the Ninth Circuit to evaluate continuance requests weigh strongly in favor of continuance.  Ms. Tanaka has never before requested a continuance in this case and does not make this request lightly, as she had been eager to proceed to trial and respond to the government's charges.

## ARGUMENT

As the United States Supreme Court has noted, a trial judge has broad discretion in deciding a motion to continue a trial.  *See Morris v. Slappy*, 461 U.S. 1, 11 (1983).  In determining whether a defendant's request to continue a trial is warranted, the Ninth Circuit generally considers four factors: (1) counsel's diligence in preparing the defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience a continuance would cause the Court and the government; and (4) the extent to which the defendant would suffer harm if the continuance was denied.  *See United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000), *citing United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).  In this analysis, "[t]he fourth factor is the most critical."  *Zamora-Hernandez*, 222 F.3d at 1049, *citing United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995).  Here, the factors favor a continuance for Tanaka.

**1.   Ms. Tanaka's Counsel Has Diligently Prepared For Trial**

The first factor is counsel's diligence in preparing the defense prior to trial.  *Mejia*, 69 F.3d at 315.  Naturally, courts do not want to continue cases just because defense counsel squandered its time and now wants more.  But this case presents a very unique fact pattern that favors continuance.

Ms. Tanaka has never asked for a continuance in this case.  There is no evidence to suggest that Ms. Tanaka's counsel has acted to prevent the case being ready for trial through sloth, inattention, or dilatory tactics.  To the contrary, undersigned counsel has (i)  represented Ms. Tanaka since before the Indictment was filed in the Kaneshiro Case,

(ii) been part of the defense of the Kaneshiro Case since Ms. Tanaka was charged,
(iii) attended every hearing before the Court for the last 18 months, (iv) diligently
prepared for trial, and (v) stood ready to proceed to trial on February 27, 2024.  *See*
Mermelstein Decl., ¶ 3.  ████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████

       As discussed further below, these facts require a continuance.  These circumstances
were totally unforeseeable by Ms. Tanaka's counsel, and no amount of diligence could
have prepared them for it.  There is no indication in the record that Ms. Tanaka's counsel
has been anything less than diligent throughout the Kaneshiro Case.  Rather, the need for
a continuance stems from unforeseeable circumstances outside counsel's control or
foresight.  *See Mejia*, 69 F.3d at 316 (finding this factor weighed in defendant's favor
where there was "no indication from the record and the government does not argue that
[counsel] was less than diligent" and noting that the need for a continuance was due to
factors outside counsel's control).  Accordingly, this factor weighs in favor of a
continuance.

- ███████████ █ ████████ ███ ███ ██ ██ ████████ ████ ███ ██████████ █████ ████████████ ████ ██ ██ █████████ ███ █ █████████ ███ ████ ██ █ █████████ ██ ████ ████ ████████

███████████████████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████

████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████

As the Supreme Court noted, there is no "one size fits all" approach to evaluating "due process," which has never been precisely defined and "is not a technical conception with a fixed content unrelated to time, place and circumstances." *Lassiter v. Dep't. of Social Servs. of Durham County, N.C.*, 452 U.S. 18, 24-25 (1981) (internal citations omitted). "Rather, the phrase expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty. Applying the Due Process Clause is therefore an uncertain enterprise which must discover what 'fundamental fairness' consists of in a particular situation . . .." *Id.* "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

██████████████████████████████████████████████████████

████████████████████████████████████████████

### 3.    THE CIRCUMSTANCES DO NOT SUPPORT A FINDING OF INCONVENIENCE

Inconvenience to the government or to the Court is not a factor that weighs heavily against continuance here.   "[A] finding of inconvenience should be based on such factors as the court's necessity to reschedule other pending matters, the ability of witnesses to appear at the continued hearing or trial, and any inconvenience to the opposing party." *Kaina v. County of Maui*, Cv. No. 04–00608 DAE–LEK,  2007 WL 11153829, at *5 (D. Haw. Apr. 18, 2007), citing *United States v. Rivera–Guerrero,* 426 F.3d 1130, 1141 (9th Cir. 2005).

████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████

*Witnesses:* As for inconvenience to witnesses, no evidence has been presented suggesting that holding the trial at a time later than February 27, 2024 will make any witness unavailable.  In *Kaina*, the court found that the inconvenience factor did not apply where the continuance would not have noticeably affected the opposing party's ability to procure witnesses, and noted that "out of state witnesses usually will experience some degree of inconvenience when appearing before a court in Hawaii due to the state's remote location," so the specific time of year is not determinative.  2007 WL 11153829, at *5.

███████████████████████████████████████████

### 4.   MS. TANAKA WILL EXPERIENCE EXTREME PREJUDICE WITHOUT A CONTINUANCE

The "fourth and most important factor is the extent of the prejudice the defendant would suffer if the continuance was denied." *Wilke*, 2020 WL 92005, at *4, *citing Zamora-Hernandez*, 222 F.3d at 1049.  In cases where the defendant alleges that the denial of a continuance would affect their ability to present evidence, the Ninth Circuit has held that the prejudice standard is "less stringent" than the "clearest showing of actual and substantial prejudice" standard applied in cases involving the inability to obtain discovery.  *United States v. Kloehn*, 620 F.3d 1122, 1128 (2010) (overturning district court's denial of motion for continuance).  The Court's focus on the "prejudice inquiry is the extent to which the aggrieved party's right to present his defense [may be] affected." *Id.*  Here, the factor weighs heavily in Ms. Tanaka's favor for the following reasons:



16



DATED:  February 5, 2024         Respectfully submitted,

HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP


By:   */s/ Mark Mermelstein*_____
     MARK MERMELSTEIN

     Attorneys for Defendant
     Sheri Jean Tanaka

## <u>DECLARATION OF MARK MERMELSTEIN</u>
## <u>IN SUPPORT OF MOTIONS</u>
## <u>TO CONTINUE CURRENT TRIAL DATE &</u>
## <u>TO SEVER TANAKA TRIAL FROM CO-DEFENDANTS</u>

I, Mark Mermelstein, declare as follows:

1.      I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently as follows.

2.      I represent defendant Sheri Jean Tanaka in *United States of America v. Keith Mitsuyoshi Kaneshiro et al.,* Case No. CR-22-48-TMB-WRP.  I make this declaration in support of Defendant Sheri J. Tanaka's Motion to Continue Current Trial Date and Defendant Sheri J. Tanaka's Motion to Sever Trial from Co-Defendants.

3.      I have (i) served as Ms. Tanaka's legal counsel since before the Indictment was filed in the Kaneshiro Case, (ii) been part of the defense of the Kaneshiro Case since Ms. Tanaka was charged, (iii) with the exception of hearings where prospective jurors completed questionnaires, attended every hearing before the Court for the last 18 months, (iv) diligently prepared for trial, and (v) stood ready to proceed with trial on February 27, 2024.

4.      ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

1

2

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

 ██   ██████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████

Executed this Fifth day of February, 2024 at Honolulu, Hawaii.

*/s/ Mark Mermelstein*
MARK MERMELSTEIN

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document will

be served on the following counsel at their last known addresses by the CM/ECF

system on the date indicated below.

MICHAEL G. WHEAT, ESQ.   ***Attorneys for the United States of***
JOSEPH J.M. ORABONA, ESQ.  ***America***
JANAKI G. CHOPRA, ESQ.
COLIN M. MCDONALD, ESQ.
ANDREW Y. CHIANG, ESQ.
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101
E-mail: michael.wheat@usdoj.gov
   joseph.orabona@usdoj.gov
   Janaki.Chopra@usdoj.gov
   Colin.McDonald@usdoj.gov
   Andrew.Chiang@usdoj.gov


CRYSTAL G. K. GLENDON   ***Attorney for Defendant Sheri Jean***
Glendon & Ponce, LLLC    ***Tanaka***
1001 Bishop St., Suite 710
Honolulu, Hawaii 96813
E-mail: crystal@glendonponce.com


BIRNEY B. BERVAR, ESQ.   ***Attorney for Defendant Keith***
Bervar & Jones       ***Mitsuyoshi Kaneshiro***
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
E-mail: bbb@bervar-jones.com


NINA MARINO      ***Attorneys for Defendant Dennis***
JENNIFER LIESER     ***Kuniyuki Mitsunaga***
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046
E-mail: marino@kaplanmarino.com
   lieser@kaplanmarino.com

JOHN M. SCHUM, ESQ.                 ***Attorneys for Defendant Dennis***
Law Office of John Schum            ***Kuniyuki Mitsunaga***
P.O. Box 1241
Honolulu, Hawaii 96807
E-mail: John@JohnSchum.com


DORIS LUM, ESQ.                     ***Attorney for Defendant Terri Ann***
Law Office of Doris Lum, LLLC       ***Otani***
1001 Bishop Street, Suite 710
Honolulu, Hawaii 96813
E-mail: doris@dorislumlaw.com


ANDREW M. KENNEDY, ESQ.             ***Attorney for Defendant Aaron***
Schlueter Kwiat & Kennedy LLLP      ***Shunichi Fujii***
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740
E-mail: Andrew@kona-lawyer.com


THOMAS M. OTAKE, ESQ.               ***Attorney for Defendant Chad***
Thomas M. Otake AAL, ALC           ***Michael McDonald***
851 Fort Street Mall, Suite 400
Honolulu, Hawaii 96813
E-mail: thomas@otakelaw.com


DATED:  February 5, 2024            Respectfully submitted,

                                    HOLMES, ATHEY,
                                    COWAN & MERMELSTEIN LLP


                                    By:   */s/ Mark Mermelstein*
                                          MARK MERMELSTEIN

                                          Attorneys for Defendant
                                          Sheri Jean Tanaka