UNITED STATES DISTRICT COURT
IN THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

                    Plaintiff,

     v.

KEITH MITSUYOSHI KANESHIRO (1),
DENNIS KUNIYUKI MITSUNAGA (2),
TERRI ANN OTANI (3),
AARON SHUNICHI FUJII (4),
CHAD MICHAEL MCDONALD (5),
SHERI JEAN TANAKA (6),

                  Defendants.

CR. No. 22-00048-TMB-NC

ORDER ON DEFENDANT
TANAKA'S MOTION TO
CONTINUE TRIAL DATE
**(DKTS. 397 AND 404)**

## I.   INTRODUCTION

Before the Court is Defendant Sheri Jean Tanaka's Motion to Continue Trial Date (the "Motion").[1] Codefendants Keith M. Kaneshiro, Dennis K. Mitsunaga, Terri A. Otani, Aaron S. Fujii, and Chad M. McDonald (the "Codefendants") oppose the Motion.[2] The United States filed a Position on Continuance of Trial in response to the Motion (the "Position").[3] The matter is fully briefed, and a hearing was held on February 26, 2024.[4] Though the unredacted Motion, unredacted Position, and unredacted Opposition were filed

---

[1] Dkt. 397 (Redacted Motion to Continue); Dkt. 404 (Sealed Unredacted Motion to Continue).
[2] Dkt. 418 (Sealed Defendants' Opposition to Motion to Continue); *see also* Dkt. 417 (Sealed Defendants' Opposition to Sever).
[3] Dkt. 425 (Redacted United States' Position on Continuance); Dkt. 428 (Sealed Unredacted United States' Position on Continuance).
[4] Dkt. 462 (Motion Hearing).

1

under seal, as detailed below, the public facts developed such that the parties agreed that the hearing held on February 26, 2024, could be conducted on the public record. Therefore, this Order relies on statements made in open court and is entered on the public docket. Having considered the record, and without reference to or basis in any *ex parte* filings, Tanaka's Motion at Dockets 397 and 404 is **DENIED.**

## II.    BACKGROUND

Keith M. Kaneshiro, Dennis K. Mitsunaga, Terri A. Otani, Aaron S. Fujii, Chad M. McDonald, and Sheri Jean Tanaka (the "Defendants") are charged with being members of an alleged conspiracy to persuade City of Honolulu's Prosecuting Attorney Keith Kaneshiro ("Kaneshiro") and the Department of the Prosecuting Attorney ("DPA") to investigate and prosecute a former employee ("L.J.M.") at the Honolulu architecture firm Mitsunaga and Associates, Inc. ("MAI") for theft.[5] The Defendants are jointly charged by a Superseding Indictment with Conspiracy to Commit Honest Services Wire Fraud and Federal Program Bribery, in violation of 18 U.S.C. § 371 (Count 1), and Conspiracy Against Rights, in violation of 18 U.S.C. § 241 (Count 2).[6] Trial on these charges is set to begin on March 12, 2024.[7]

On January 24, 2024, the United States filed under seal a "Notice" that Defendant Sheri Jean Tanaka ("Tanaka") was under investigation for allegedly threatening the safety of Judge J. Michael Seabright, the former judge in this matter, and one of the special

---

[5] Dkt. 70 (Superseding Indictment).
[6] *Id.*
[7] Dkt. 413 (Amended Trial Scheduling Order).

attorneys prosecuting this case (the "Alleged Tanaka Conduct").[8] It also noticed the Parties to direct inquiries about the investigation to the United States Attorney's Office for the District of Arizona ("Arizona USAO"), which is handling the matter.[9]

### A. Tanaka's Motion to Continue

On February 5, 2024, Tanaka filed a redacted Motion to Continue arguing that continuance was "warranted under the circumstances and existing case law" and requesting to continue the trial date in this case.[10] She requested the Court consider her Motion on an expedited basis,[11] and the Court set an expedited briefing schedule.[12]

On February 6, 2024, Tanaka also filed under seal an unredacted version of her Motion to Continue further detailing the reasons for her request.[13] In the sealed Motion, Tanaka notes that the United States executed a search warrant on her residence on January 23, 2024, in connection with the Alleged Tanaka Conduct and seized two iPhones, a computer, and a USB hard drive.[14] She argues that this equipment contains information that is important for her defense in this case and requests a continuance until 45 days after the Arizona USAO returns it to her.[15] She notes the search warrant indicated that the Arizona USAO may not return the seized electronic devices for up to 60 days, which would

---

[8] Dkt. 356 (Sealed United States' Notice) at 2.
[9] *Id.*
[10] Dkt. 397 at 2.
[11] *Id.*
[12] Dkt. 406 (Minute Entry).
[13] Dkt. 404.
[14] *Id.* at 3.
[15] *Id.* at 5.

be late March 2024.[16] She further argues that a continuance is warranted under the continuance factors considered by the Ninth Circuit:[17] (1) she and counsel have diligently prepared for trial; (2) a continuance would serve a useful purpose; (3) the inconvenience to the parties, witnesses, and the Court resulting from a continuance would be negligible; and (4) she would experience prejudice without a continuance.[18]

Tanaka claims the necessity for the information contained on her seized equipment is further detailed in materials she submitted to the Court *ex parte* and for *in camera* review on February 5, 2024.[19] However, the Court accepted only the first of Tanaka's two *ex parte* motions for *in camera* review. It declined to consider Tanaka's second Motion to Submit materials *ex parte* and *in camera* when submitted on February 5, 2024. As established above, by the February 26, 2024, hearing, the publicly available facts had developed. All parties agreed that the hearing could be held on the public record and Tanaka's counsel further clarified in open court the nature of the materials on Tanaka's seized devices. Therefore, the information Tanaka references in her second *ex parte* Motion to Submit is not presently before the Court. Thus, the Court has not reviewed these materials and they cannot form a basis for the Court's decision.

---

[16] *Id.* at 8.
[17] *Id.* at 6 (citing *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000)).
[18] *Id.* at 6.
[19] *Id.*

B. *Codefendants' Opposition*

On February 12, 2024, the Codefendants filed under seal an Opposition Tanaka's Motion.[20] They argue that Tanaka requests an unspecified continuance and that such a continuance would cause a significant inconvenience to the Parties, witnesses, and the Court in this case.[21] They note that trial is scheduled to begin March 12, 2024, and that the Parties and the Court have engaged in substantial trial preparations, including contacting 1,000 potential jurors, completing 350 juror questionnaires, agreeing on juror strikes, subpoenaing witnesses, and arranging attorney, witness, and the Court's schedules to accommodate the upcoming trial.[22] Thus, they argue the third continuance factor, inconvenience to the Parties, the Court, or other witnesses, weighs against granting a continuance.[23]

Codefendants also incorporate by reference their sealed Motion for Joinder to Tanaka's Motion to Sever.[24] There, they argue continuance is inappropriate because it may compromise their Speedy Trial Rights under the Speedy Trial Act, 18 U.S.C. § 3161.[25] Given the uncertain duration of the requested continuance, they maintain granting the Motion would be unreasonable and amount to prejudice.[26] Noting the complexity of the

---

[20] Dkt. 418.
[21] *Id.* at 3.
[22] *Id.* at 4.
[23] *Id.* at 3 (citing *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000); *United States v. Mejia*, 69 F.3d 309, 315–16 (9th Cir. 2000)).
[24] *Id.* at 4; *see* Dkt. 417.
[25] Dkt. 417 at 8.
[26] *Id.* at 9 (citing *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999); *United States v. Dennis*, 737 F.2d 617, 621 (7th Cir. 1984)).

case, and how close to the scheduled start of trial the Motion was filed, Codefendants further argue that a continuance at this point would impose a substantial burden on the Parties and the Court.[27]

### C. United States' Position

On February 14, 2024, the United States publicly filed a redacted Position on Continuance.[28] In its Position, the United States notes that it opposes Tanaka's Motion to Sever from the Codefendants and recommends the Court consider a continuance as an alternative to severance.[29] It further argues that the Codefendants "have not offered any persuasive reasons against a trial continuance," and that unfairness to the Parties and the Court due to inconvenience, "severe economic hardship" to Codefendants, and "anxiety and concern" are insufficient justifications to deny a continuance where severance is the alternative.[30] Moreover, the United States submits, "severing Tanaka would produce a worse outcome with an even greater social cost. In such a case, two fully screened and empaneled juries would have to sit for months-long trials, whereas only one trial would be required were a continuance granted in this case."[31] Thus, it argues a continuance of the trial would be a more appropriate resolution than severing Tanaka from the Codefendants.

---

[27] *Id.* at 10–11.
[28] Dkt. 425.
[29] *Id.* at 5.
[30] *Id.* at 15–16.
[31] *Id.* at 15.

### D. Motion Hearing

The Court held a public Motion Hearing on Tanaka's Motion to Continue and Motion to Sever and heard oral arguments on February 26, 2024.[32] Echoing its arguments in the Motion, Tanaka's counsel maintained that the materials it seeks on the seized electronics are important for trial preparation and contain Tanaka's own notes on discovery which she was preparing in anticipation of trial, particularly for cross-examining witnesses. However, counsel did not further specify the nature or content of these materials or how they would specifically benefit her defense. In response to questioning from the Court about why he did not already have access to these materials, counsel argued that he was diligent in preparing for trial, but that Tanaka had not shared these materials with him or made copies prior to the execution of the search warrant. Counsel further acknowledged that though it requested a continuance of 45 days after receipt of Tanaka's equipment, it could not provide a date certain. Counsel noted that he has since contacted the Arizona USAO to seek return of the devices, but that he had not yet filed a motion for return of property.

At the hearing, the Codefendants supported their position against continuance, citing inconvenience to the Parties, the Court, and witnesses. The United States clarified that if the Court denied Tanaka's Motion to Sever, it suggested that there is not sufficient cause to continue trial but did not have a strong stance on whether the Court should grant a continuance.

---

[32] Dkt. 462.

## III.    LEGAL STANDARD

### A.  Motions to Continue

The district court enjoys "broad discretion" in considering a motion to continue.[33] The decision to grant or deny a requested continuance "will not be disturbed on appeal absent clear abuse of that discretion."[34] The Ninth Circuit considers the following factors to determine whether a request to continue is justified:

> (1) the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing[;] (2) how likely it is that the need for a continuance could have been met if the continuance had been granted[;] (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including witnesses[;] [and] (4) the extent to which the appellant might have suffered harm as a result of the district court's denial.[35]

"[T]he determination of whether a denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case."[36] To determine whether the district court acted "arbitrary or unreasonable" in denying a request for a continuance, the Ninth Circuit "consider[s] the relevant factors together, evaluating the extent of the appellant's showing on each one."[37] Although the weight accorded to each factor may vary, "in order to obtain a reversal, appellant must show at a minimum that [the appellant] suffered prejudice as a result of the denial."[38]

---

[33] *Morris v. Slappy*, 461 U.S. 1, 11 (1983).
[34] *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985).
[35] *United States v. Mejia*, 69 F.3d 309, 314–19 (9th Cir. 1995).
[36] *Flynt*, 756 F.2d at 1359.
[37] *Id.*
[38] *Mejia*, 69 F.3d at 314–15 (quoting *Flynt*, 756 F.2d at 1359).

B. *Speedy Trial Act*

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), provides that "the trial of a defendant . . . shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." The Speedy Trial Act "implements the Sixth Amendment's guarantee of a speedy and public trial to criminal defendants."[39] To determine whether a defendant's speedy trial rights have been violated, courts consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of their speedy trial right; and (4) prejudice to the defendant resulting from the delay.[40] "Both the length of the delay and the reasons for the delay are 'dependent upon the peculiar circumstances of the case.'"[41]

Moreover, under 18 U.S.C. § 3161(h)(7)(A), any period of delay resulting from a continuance granted "on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" is excluded in computing the time within which the trial must commence. The Speedy

---

[39] *United States v. Orozco-Barron*, 72 F.4th 945, 947 (9th Cir. 2023).

[40] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[41] *United States v. Rakestraw*, No. CR1801695TUCJASEJM, 2021 WL 3668316, at *7 (D. Ariz. June 16, 2021), *report and recommendation adopted*, No. R1801695004TUCJASEJM, 2021 WL 3046905 (D. Ariz. July 20, 2021) (quoting *Barker*, 407 U.S. at 530–31); *see also Furlow v. United States*, 644 F.2d 764, 769 (9th Cir. 1981) (considering "the cause of the delay, the length of the delay, the judgment of the trial court as expressed in its order, [defendant's] assertion of his rights and what prejudice resulted" in assessing whether defendant was denied right to speedy trial).

Trial Act enumerates specific factors, "among others," that the Court must consider in deciding whether to grant an ends of justice continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[42]

Further, "[a] district court must comply with certain requirements when granting an ends of justice continuance."[43] In addition to the factors enumerated in 18 U.S.C. § 3161(h)(7)(B), "[t]he district court must satisfy two requirements whenever it grants an ends of justice continuance: (1) the continuance must be specifically limited in time; and (2) it must be justified [on the record] with reference to the facts as of the time the delay is

---

[42] 18 U.S.C. § 3161(h)(7)(B).
[43] *Orozco-Barron*, 72 F.4th at 947.

ordered."[44] "[I]f a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed."[45]

## IV.   DISCUSSION

Tanaka argues that a continuance is necessary under the Ninth Circuit's continuance factors because: (1) her counsel has diligently prepared for trial; (2) a continuance is essential to protect her constitutional rights, including her right to a fair trial; (3) continuing would not cause a cognizable inconvenience to the Court, Parties, or witnesses; and (4) she would be severely prejudiced without one.[46]

First, Tanaka argues that her counsel has acted diligently in preparing for trial, and that the seizure of her equipment was an unforeseen circumstance that occurred outside of her and her counsel's control and independent of their diligence.[47]

Second, she argues that the seized materials are necessary for her trial preparations and thus requiring her to proceed without a continuance would deprive her of her Due Process rights to a fair trial.[48] Further, she argues a continuance is warranted because her counsel needs time to review the admissibility of evidence gathered during the investigation into the Alleged Tanaka Conduct, in case the United States seeks to present

---

[44] *United States v. Qadri*, 562 F. App'x 590, 592 (9th Cir. 2014) (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)).

[45] *Orozco-Barron*, 72 F.4th at 948 (quoting *Zedner v. United States*, 547 U.S. 489, 508 (2006)).

[46] Dkt. 397 at 2; Dkt. 404 at 6.

[47] Dkt. 404 at 7.

[48] *Id.* at 9.

it at trial.[49] Thus, she maintains her Sixth Amendment right to effective assistance of counsel and her rights to *Brady* and *Jencks* materials may be abrogated if her request is denied.[50]

Third, she argues that any inconvenience to the United States and witnesses from a continuance is negligible, and that any inconvenience to the Court should not weigh against the need for a continuance.[51]

Finally, Tanaka argues that she will experience prejudice if her request is denied because the seizure of her equipment has hindered her ability to prepare for trial.[52] She also claims that she cannot challenge the admissibility of evidence the United States may present related to the seizure, including *Brady* and *Jencks* materials, and that if the United States intends to cross-examine her about the investigation, this may impact her Fifth Amendment rights and decision to testify.[53] Thus, she requests a 45-day continuance beginning whenever she receives her equipment from the Arizona USAO.[54]

The United States argues that a continuance—not Tanaka's severance—is the proper resolution "[i]f the Court concludes that more time is required for Tanaka to prepare for trial."[55] Specifically, it asserts that "if the price of not continuing the trial is severance,

---

[49] *Id.* at 10–11.
[50] *Id.* at 10–11.
[51] *Id* .at 14.
[52] *Id.* at 15.
[53] *Id.* at 15–16.
[54] *Id.* at 17.
[55] Dkt. 425 at 11.

then this decision would significantly impair both the efficiency and the fairness of the criminal justice system."[56]

The Codefendants submit that a continuance this close to trial would cause cognizable inconvenience for the Parties, the Court, and witnesses.[57] They argue that, given the number of potential jurors and witnesses in this case, the Court and Parties have engaged in substantial trial preparations and rescheduling at this point would be extremely burdensome for all involved.[58] Moreover, they submit that a continuance for an uncertain period of time, due to conduct not attributable to them, would prejudice them and possibly impact their Speedy Trial Rights.[59]

A. *Tanaka and Her Counsel Have Not Demonstrated Due Diligence in Preparing for Trial Sufficient to Warrant a Continuance*

"Diligence [in preparing for trial] is . . . one factor to be considered" in assessing requests for continuance because "[o]therwise, a criminal defendant or his counsel could indefinitely postpone trial simply by failing to prepare for it."[60] When a defendant has "ample time to obtain" the resources necessary for trial, but fails to demonstrate diligence in obtaining them, this factor generally weighs against granting a continuance.[61] However,

---

[56] *Id.* at 14.

[57] Dkt. 418 at 3.

[58] *Id.*

[59] *Id.* at 4; Dkt. 417 at 9.

[60] *Brocatto v. Trimble*, No. CV 11-3547-AG (AGR), 2016 WL 11755171, at *8 (C.D. Cal. Jan. 15, 2016), *report and recommendation adopted*, No. CV 11-3547-AG (AGR), 2016 WL 1275064 (C.D. Cal. Mar. 31, 2016).

[61] *See United States v. Lustig*, 555 F.2d 737, 744 (9th Cir. 1977) (denying request for continuance to obtain alternative counsel in part because defendant had "ample time" and resources to obtain desired counsel prior to trial).

the need for continuance is not due to lack of diligence if circumstances requiring a continuance occur that are beyond the defendant's or counsel's control.[62]

Here, Tanaka argues that she and counsel have prepared diligently for trial, and that the seizure of her electronics and materials was a circumstance beyond her and counsel's control. The Court agrees that the seizure itself did not stem from a lack of due diligence on her part or her counsel's.[63] However, the Court notes that Tanaka and her counsel have had "ample time"—approximately 16 months—to prepare for trial and ensure they had the files and material necessary to present her defense prior to the seizure.[64] The seizure occurred a little more than a month prior to the original trial date and **after** the Defendants had submitted their motions *in limine*. At the hearing, when asked why he did not have access to these materials, Tanaka's counsel noted that she had not provided them to him. Tanaka and her counsel have not provided the Court sufficient explanation as to why they did not take steps to ensure continued access to these files in the course of preparing for trial to warrant a continuance. Further, the Court notes that remedies other than a continuance are still available to Tanaka, including filing an expedited motion for return of property, which Tanaka's counsel confirmed at the February 26, 2024, hearing he had not

---

[62] *See United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995) (finding due diligence weighed in favor of continuance where "[t]here is no indication from the record, and the government does not argue, that [the defendant] was less than diligent. The need for a continuance was not due to [the defendant's] lack of diligence, but rather to the fact that the government's two key witnesses were on vacation.").
[63] *See id.*
[64] *See Lustig*, 555 F.2d 737 at 744.

yet done. Therefore, the Court finds that due diligence weighs against granting a continuance in this case.

### B. A Continuance Would Not Be Useful to Tanaka's Defense

If the moving party demonstrates that a continuance would "serve[] a useful purpose," this factor weighs in favor of granting a continuance.[65] "A requested continuance would be useful if it would permit the appellant to introduce evidence relevant to the issue at hand."[66] However, if the party fails to show that the desired evidence or testimony "would be relevant" or could be obtained if a continuance was granted, this factor generally weighs against granting a continuance.[67]

Here, Tanaka asserts that the seized materials are essential for two purposes: (1) for Tanaka's trial preparation and use during trial; and (2) to ascertain whether the United

---

[65] *United States v. Flynt*, 756 F.2d 1352, 1360 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985).

[66] *Mejia*, 69 F.3d at 315; *see also United States v. Pope*, 841 F.2d 954, 957 (9th Cir. 1988) (noting that the *Flynt* court required a demonstration that "testimony would be relevant" and that "[n]othing more should be required" to establish usefulness of continuance).

[67] *Flynt*, 756 F.2d at 1360 (finding district court abused its discretion by denying continuance where "it should have been apparent" to district court that expert witness testimony would be relevant to defendant's argument, and where such witnesses "had been identified and their availability for a later hearing had been ensured."); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) (finding district court abused its discretion by denying continuance where defendant "probably could have obtained an expert to assist him if he had been given more time."); *United States v. Hoyos*, 573 F.2d 1111, 1114 (9th Cir. 1978) (finding denial of continuance proper where moving party could not demonstrate that he could produce witness even if continuance was granted); *Powell v. United States*, 420 F.2d 799, 801 (9th Cir. 1969) (finding denial of continuance proper where moving party failed to show that witnesses could be located within a reasonable time); *United States v. Hernandez*, 608 F.2d 741, 746 (9th Cir. 1979) (finding denial of continuance proper where moving party could not show that desired testimony could be obtained and "made no showing of what additional information would have been disclosed at trial . . . had a continuance been granted.").

States will seek to introduce or use any of the evidence related to the Arizona USAO investigation or the seized materials at trial.[68] The Court notes that the United States has reported that it does not have, and has committed to not using, any evidence related to the Alleged Tanaka Conduct in this case.[69] Therefore, the Court considers the second part of Tanaka's argument moot, and focuses on the first part of her argument.

Tanaka requests a continuance to give the Arizona USAO time to return her materials so she can adequately prepare for trial.[70] She further argues that a continuance is warranted because access to her files is necessary to preserve her right to fair trial.[71] Though Tanaka has argued the seized equipment contains trial preparation materials, including her notes on discovery items, the Court is not convinced, without further explanation as to their relevance, that they are necessary to her trial preparation and that a continuance would be useful in helping her raise a more robust defense. The Court also notes that even post-seizure, this work product could have been, and could still be, replicated or recreated, in the more than a month that has passed since the seizure of the devices. Moreover, given uncertainty in the Arizona USAO's investigation of the seized items, the Court is not convinced that the materials can be obtained within a reasonable time even if it were to grant a continuance. Therefore, based on the record before it, the Court finds that a continuance would not be useful in this case.

---

[68] Dkt. 404 at 8.

[69] Dkt. 428 at 4 (noting the United States does not have evidence from the Arizona USAO's investigation and commits to not using any such evidence in this trial).

[70] Dkt. 404 at 9.

[71] *Id.* at 10.

C.  *A Continuance Would Pose Cognizable Inconvenience to the Opposing Party, Witnesses, and the Court*

If a continuance would inconvenience the parties, the Court, or other witnesses, this factor weighs against granting a continuance.[72] "[A] finding of inconvenience should be based on such factors as the court's necessity to reschedule other pending matters, the ability of witnesses to appear at the continued hearing or trial, and any inconvenience to the opposing party."[73] Granting a continuance for one day does not constitute a "cognizable inconvenience."[74] Additionally, longer continuances may be necessary for complex cases.[75] However, where a motion for continuance is made late in proceedings and after

---

[72] *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995).

[73] *Kaina v. Cnty. of Maui*, No. CIV.04-00608 DAE-LEK, 2007 WL 1153829, at *5 (D. Haw. Apr. 18, 2007); *see also United States v. Rivera–Guerrero*, 426 F.3d 1130, 1141 (9th Cir. 2005) ("There is no evidence that the court, the parties, or any witnesses would have been inconvenienced by a continuance. [Defendant's] request came at the end of a hearing at which only the [witnesses] testified. No further witnesses were scheduled. Nor [was] there any indication that the . . . delay would have necessitated the recalendaring of other matters, or otherwise have caused any significant inconvenience to the court." (internal quotations omitted)).

[74] *Mejia*, 69 F.3d at 316 (9th Cir. 1995) (granting continuance because a one-day delay was minimal inconvenience and would allow witnesses to testify); *United States v. Flynt*, 756 F.2d 1352, 1360 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985) ("The hearing began at 1:30 p.m. and ended later that same day; recalendaring the proceedings would not have created any scheduling difficulties for the court. The government had no witnesses to call."); *see also Armant v. Marquez,* 772 F.2d 552, 557 (9th Cir. 1985) (recalendaring proceeding that lasted only one day would create minimal inconvenience).

[75] *United States v. Tanh Huu Lam*, 251 F.3d 852, 856 (9th Cir.), *as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam*, 262 F.3d 1033 (9th Cir. 2001) (finding a delay of fourteen and a half months reasonable where case was complex); *United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir. 1986) (finding a six-month delay reasonable but constituting a "borderline case.").

17

excessive trial preparation involving numerous witnesses, this factor generally weighs against granting a continuance.[76]

Here, Tanaka argues that inconvenience to the United States should be given negligible consideration because any continuance would be due to its own actions.[77] Further, she argues that the Parties have not declared that any particular witness will be unavailable or unable to attend a trial at a later date.[78] Finally, Tanaka suggests that given the recent reassignment to the Court, a continuance would pose minimal inconvenience compared to what it might have been for the prior Judge.[79]

The Court disagrees and finds that a continuance would be a cognizable inconvenience for the Parties, the Court, and other witnesses. The Court notes that the Motion was made 22 days before the trial was originally scheduled to begin, and that substantial trial preparations have already begun. Moreover, the trial involves six defendants, is predicted to last two months, will involve testimony from more than 80

---

[76] *See United States v. Shuey*, 541 F.2d 845, 847–48 (9th Cir. 1976), *cert. denied*, 429 U.S. 1092 (1977) (denial of continuance made on eve of trial proper where government had spent substantial time and resources interviewing witnesses and reviewing exhibits, and had subpoenaed witnesses from the continental United States to Hawaii, and further noting "[u]nwarranted continuances under circumstances such as these are among the factors causing the incredible waste of judicial time in the administration of criminal justice."); *United States v. Brandenfels*, 522 F.2d 1259, 1263 (9th Cir. 1975) (denial of continuance proper where motion was made late in the proceedings and where government had engaged in substantial preparation given the number of witnesses expected to be called); *see also Crespin v. Diaz*, 2014 WL 1512180, *9 (C.D. Cal. April 16, 2014) ("A continuance would have inconvenienced the court because, at the time it was sought, the trial court was already prepared to begin the trial.").
[77] Dkt. 404 at 13.
[78] *Id.* at 14.
[79] *Id.*

witnesses, and will require thorough and in-depth jury selection.[80] Potential jurors have already been brought before the Court and completed juror questionnaires, witnesses have been subpoenaed, and the Parties, counsel, and the Court have arranged their schedules for pretrial hearings and trial accordingly.

The Court further notes that Tanaka's request for a 45-day continuance after receipt of her materials is untethered to any date certain, as it is still unknown precisely when the Arizona USAO will return her materials. Thus, the Court finds that, especially considering the uncertain length of continuance required for Tanaka to receive her materials, a continuance would be a cognizable inconvenience for the Parties, witnesses, and the Court.

### D.  A Continuance Would Not Prejudice Tanaka

Prejudice to the defendant resulting from the denial of a continuance "is the most critical" factor for a court to consider in deciding whether to grant a continuance.[81] "The weight accorded to each factor may vary from case to case; [h]owever, in order to obtain a reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request."[82] If denial of a continuance may affect a party's "right to present

---

[80] Dkt. 417 at 10.
[81] *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000).
[82] *United States v. Mejia*, 69 F.3d 309, 314–15 (9th Cir. 1995) (internal quotations omitted).

[a] defense,"[83] including "prevent[ing] the introduction of specific evidence,"[84] this factor weighs in favor of granting a continuance.[85]

However, if the moving party fails to show that denial of a continuance would prevent the party from "effectively presenting [their] case," this weighs against continuance.[86] "What [m]ight have been discovered had a continuance been granted is inadequate to establish prejudice."[87] "Reversal is not required . . . where the complaining party is unable to explain how the denial of a continuance affected [the party's] ability to present [their] case."[88]

---

[83] *United States v. Kloehn*, 620 F.3d 1122, 1128 (9th Cir. 2010).

[84] *Mejia*, 69 F.3d at 317 (9th Cir. 1995) ("Where the denial of a continuance prevents the introduction of specific evidence, the prejudice inquiry focuses on the significance of that evidence.").

[85] *See id.* (finding prejudice where court's denial of a one-day continuance denied the factfinder the opportunity to "make his decision without hearing the live testimony of the critical witnesses and without having an opportunity to observe their demeanor. Consequently, the defendant was deprived of the process to which he was entitled—a process designed to safeguard his interests and ensure a fair and proper result. Because the testimony of key witnesses was involved, the deprivation was substantial.").

[86] *Luevanos v. McDowell*, No. CV 19-02990-JGB (AS), 2020 WL 4370220, at *9 (C.D. Cal. Apr. 28, 2020) (denying continuance where "Petitioner has failed to allege or show how he was prejudiced by the denials of his motions for a continuance of the trial date and there is no evidence that the trial court's denials prevented Petitioner from effectively presenting his case. To the contrary, Petitioner appears to have been adequately represented by counsel at trial, was able to call various alibi witnesses to testify in his defense, . . . and there is no indication that his ability to call other alibi witnesses (i.e., employer, relatives) to testify was affected by the denials of his requests for a continuance of the trial date."); *see United States v. Hernandez*, 608 F.2d 741, 746 (9th Cir. 1979) (finding denial of continuance proper where moving party could not show that desired testimony could be obtained and "made no showing of what additional information would have been disclosed at trial . . . had a continuance been granted," and thus failed to establish prejudice).

[87] *Hernandez*, 608 F.2d at 746.

[88] *Mejia*, 69 F.3d at 317.

Here, Tanaka argues she would be prejudiced because the seizure deprived her and her counsel of access to important trial preparation materials.[89] However, based on the record before it, the Court is not convinced that Tanaka has established how denial of a continuance would prejudice her. The primary material Tanaka's counsel identified are Tanaka's own notes on discovery material that is available to all parties. Tanaka is a defendant, not an attorney, in this case. Moreover, to the extent counsel is relying on Tanaka's notes to defend her, there is no dispute that discovery materials have timely and continuously been made available to Tanaka's counsel and all parties, and Tanaka's counsel has had more than a month to either obtain or to work with Tanaka to recover the material contained in Tanaka's discovery notes. Thus far, Tanaka has not sufficiently established the relevance or necessity of the materials she seeks, nor has she "explain[ed] how the denial of a continuance [would] affect[] [her] ability to present [her] case."[90] Based on the record before it, the Court finds that Tanaka would not be prejudiced by denying her continuance request.

---

[89] Dkt. 404 at 15–16. Notably, her further arguments as to prejudice are moot given the United States' intent not to introduce evidence related to the separate investigation.

[90] *Mejia*, 69 F.3d at 317; *United States v. Gonzalez-Rincon*, 36 F.3d 859, 865 (9th Cir. 1994) (finding denial of continuance proper where defendant asked for time to allow counsel to prepare cross-examination and locate an expert witness but failed to "establish the substance of any expert testimony she may have obtained had the district court granted her request for a continuance."); *see also United States v. Shields*, 789 F.3d 733, 749 (7th Cir. 2015) (finding denial of continuance proper where defendant failed to "ma[ke] a convincing argument that he has suffered prejudice by the lack of additional time to prepare. [Defendant's] vague allegations that additional time would have resulted in a more vigorous defense are insufficient to establish the prejudice necessary to overturn the district court's determination."); *United States v. Crowder*, 588 F.3d 929, 937 (finding defendant could not "rely on vague and conclusory statements about his abstract need for more time to review the evidence").

### E.  Any Continuance Must Be Specifically Limited in Time

Under the Speedy Trial Act, ends of justice continuances must be "specifically limited in time."[91] "Although [§] 3161(h)(7) permits district courts to exclude 'any period of delay,' the Ninth Circuit has underscored that this temporal flexibility does not permit an ends-of-justice continuance to be indefinite."[92]

Here, Tanaka asks for an open-ended continuance of 45 days from whatever date she receives her seized materials or, in the alternative, a continuance of 45 days to wait and see if Tanaka's seized materials are returned. The date she will receive her materials is uncertain, and the Codefendants have not waived their Speedy Trial Rights.[93] Thus, considering the Speedy Trial Rights of the Codefendants, the Court is unable to grant Tanaka's request for a continuance at this time.

---

[91] *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (finding continuances due to the COVID-19 pandemic limited in time to successive 30-day periods where they were based on chief judge's orders and were limited time).

[92] *United States v. Smith*, 460 F. Supp. 3d 981, 985 (E.D. Cal. 2020) (citing *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990); *United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir. 1984)); *United States v. Henderson*, No. CR 21-07-BLG-DLC, 2021 WL 1102348, at *1 (D. Mont. Mar. 23, 2021) ("[T]he Court is unable to grant any request for a continuance without counsel explicitly stating how much additional time is needed for effective preparation."); *see also Miranda v. Fisher*, No. 5:15-CV-2374-PA (SK), 2016 WL 8229206, at *4 (C.D. Cal. Dec. 15, 2016), *report and recommendation adopted*, No. 5:15-CV-2374-PA (SK), 2017 WL 540943 (C.D. Cal. Feb. 7, 2017) (finding that an indefinite continuance in the middle of trial "would have placed a significant burden on the court and the jury" and "made it objectively reasonable for the [appellate court] to affirm the trial court's discretionary decision").

[93] Dkt. 417 at 8–10.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Tanaka's Motion to Continue the

Trial Date at Dockets 397 and 404.

IT IS SO ORDERED.

Dated this 28th day of February 2024.

/s/ _Timothy M. Burgess_
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE