Andrew M. Kennedy (HI SBN 009734)
Andrew@kona-lawyer.com
Schlueter Kwiat & Kennedy LLLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740
*Attorney for Defendant*
*Aaron Shunichi Fujii*

Attorney for
AARON SHUNICHI FUJII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO 22-00048 TMB |
|---|---|
| Plaintiff, | DEFENDANT AARON SHUNICHI FUJII'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE NO. 6 [DKT. NO. 477]; CERTIFICATE OF SERVICE |
| vs. | |
| AARON SHUNICHI FUJII. | |
| Defendants. | Hon. Timothy Burgess |

DEFENDANT AARON SHUNICHI FUJII'S OPPOSITION TO THE
GOVERNMENT'S MOTION IN LIMINE NO. 6 [DKT. NO. 477]

AARON SHUNICHI FUJII, by and through counsel, ANDREW M. KENNEDY; hereby files his opposition to GOVERNMENT'S MOTION IN LIMINE NO. 6

DATED: March 11, 2024; Honolulu, Hawaii,

/S/ ANDREW M. KENNEDY
ANDREW M. KENNEDY
Attorney for Aaron Shunichi Fujii

# DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE NO. 6

## I.  SUMMARY OF OPPOSITION

The Government's Motion in Limine No. 6 ("government's motion") should be denied.  The Government paints their request in a broad stroke: "The defense should be precluded from soliciting testimony or making arguments suggesting advice of counsel negates their intent to commit the charged offense." *See* Govt Mtn at 1.

The government's motion attempts to preemptively deny Defendants of their right to present a full and complete defense.  This request is premature and the overbroad.

The Government has been fully aware of Sheri Tanaka's involvement in acts by defendants, including Aaron Fujii, when it came to the reporting of the crime against MAI perpetuated by L.J.M in July 2012.  Ms. Tanaka's role in preparing the July 2012 police report is set forth in plain and clear language in the report itself.[1]

The preclusion of testimony as to Tanaka's involvement in the process of

---

[1] This police report is included multiple times in the overt acts of the First Superseding Indictment, and is attached to Defendant's Response to Motion to Compel.

1

reporting the crimes committed by L.J.M. are central to the case. The Government in prior filings has gone so far as to argue that the July 2012 police report is so inextricably intertwined and crucial to the story that it would be impossible to omit another person complained of in the report. (*See* Government's 404(b) notice (Dkt. No. 336), Defendant's Motion in Limine 14 (Dkt. No. 342) and related opposition (Dkt. No. 390))

The inclusion of events leading up to the filing of the July 2012 police report are not "highly prejudicial" to the Government. Defendant should be permitted to testify as to his full and complete side of the story. The fact that the report was drafted in connection with counsel is not prejudicial to the Government. The Government is unable to meet its "high standard" and show the evidence is inadmissible on all potential grounds.

## II. DISCUSSION

### A. LEGAL STANDARD FOR MOTION *IN LIMINE*

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence" *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ,

2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

A motion *in limine* may be used to request evidence be either excluded or admitted before trial.  *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991)(affirming district court's ruling in limine that prosecution could admit impeachment evidence under Fed. R. Evid. 609) Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."  Barnard, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); Research Corp., 2009 WL 2971755, at *1 "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."  Ohler v. United States, 529 U.S. 753, 758, n.3 (2000).

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds. *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010)(citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted). Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resulted in proper context."  *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*,

3

2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

## B. GOVERNMENT'S REQUEST IS PREMATURE

Evidentiary rulings on motions *in limine* should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved after the context is set.

Additionally, a ruling on the viability of the jury instruction is premature. "A defendant is entitled to an instruction covering a theory of defense if it has a basis in law and there is some foundation for it in the evidence." *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987)

The Government is asking for a blanket exclusion from testimony regarding the preparation of a police report by Fujii, which they are aware was presented in connection with Sheri Tanaka. This ruling would be premature and prohibit Fujii from presenting his complete defense.

> Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' " Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636.

*Holmes v. South Carolina*, 547 U.S. 319, 319, 126 S. Ct. 1727, 1728, 164 L. Ed.

2d 503 (2006)

A blanket prohibition regarding testimony as to advice that Aaron Fujii received in connection with his filing of a police report is premature. The Defendant should be given an opportunity to present his case and determine if a foundation was established during the course of trial.

### C.   ADVICE OF COUNSEL DEFENSE

> "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." *United States v. Bello–Bahena*, 411 F.3d 1083, 1088–89 (9th Cir.2005) (*quoting United States v. Fejes*, 232 F.3d 696, 702 (9th Cir.2000)). An advice-of-counsel instruction requires the defendant show that he made a full disclosure of all material facts to his attorney and that he then relied "in good faith on the specific course of conduct recommended by the attorney." *United States v. Ibarra–Alcarez*, 830 F.2d 968, 973 (9th Cir.1987).

*United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010)

### 4.11 ADVICE OF COUNSEL

> One element that the government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to [specify applicable unlawful act]. Evidence that the defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith.

Ninth Circuit Model Jury Instructions

5

> "Advice of counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent." Bisno v. United States, 299 F.2d 711, 719 (9th Cir.1961), cert. denied, 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818 (1962). To qualify for an advice of counsel instruction, the defendant must show that there was full disclosure to his attorney of all material facts, and that he relied in good faith on the specific course of conduct recommended by the attorney. Id. at 720; United States v. Conforte, 624 F.2d 869, 877 (9th Cir.), cert. denied, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980).

*United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987)

### D.   GOVERNMENT IS AWARE OF RELIANCE ON COUNSEL

The Government is fully aware of the fact that Fujii consulted with his attorney, Sheri Tanaka, in the filing of the July 2012 police report.  The report says on its face:  "in consultation with our attorney, Sheri J. Tanaka."

This report is included in the overt acts of the First Superseding Indictment.  The Government cannot claim ignorance of this fact.

Any other declarations signed by Aaron Fujii, as well as the preparation of the unemployment hearing and 2014 civil trial (all of which the Government has in their possession) were clearly performed with the assistance of counsel, Sheri Tanaka.  The Government has this information in their possession.

6

## III. CONCLUSION

Defendants should be permitted to present a full defense. Defendants should be allowed to elicit testimony as to how the events occurred. Additionally, if proper foundation is laid, the advice of counsel defense should be read to the jury.

Dated: March 11, 2024, Honoulu, HI,

Schlueter, Kwiat & Kennedy LLLP

/s/ Andrew M. Kennedy
ANDREW M. KENNEDY
ATTORNEY FOR AARON FUJII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON SHUNICHI FUJII.<br><br>Defendants. | CR. NO 22-00048 JMS<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of DEFENDANT AARON SHUNICHI FUJII'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE NO. 6 [DKT. NO. 477] have been duly served upon the following at their last known addresses by the CM/ECF system on the date indicated below.

> MICHAEL G. WHEAT, ESQ.
> JOSEPH J.M. ORABONA, ESQ.
> JANAKI G. CHOPRA, ESQ.
> COLIN M. MCDONALD, ESQ.
> ANDREW Y. CHIANG, ESQ.
> United States Attorney's Office 880 Front Street, Room 6293
> San Diego, California 92101
> E-mail:
> michael.wheat@usdoj.gov

2

joseph.orabona@usdoj.gov
Janaki.Chopra@usdoj.gov
Colin.McDonald@usdoj.gov
Andrew.Chiang@usdoj.gov
Attorneys for the United States of America

CRYSTAL G. K. GLENDON
Glendon & Ponce,
LLLC 1001 Bishop St., Suite 710
Honolulu, Hawaii 96813
E-mail: crystal@glendonponce.com

Mark Mermelstein
Andrew S. Cowan
HOLMES, TAYLOR, ATHEY, COWAN,
MERMELSTEIN & JONES LLP
811 Wilshire Boulevard, Suite 1460
LosAngeles, California 90017
Email:
mmermelstein@holmestaylor.com
acowan@holmestaylor.com

Attorneys for Defendant Sheri Jean Tanaka

BIRNEY B. BERVAR, ESQ.
Bervar & Jones
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
E-mail: bbb@bevar-jones.com

Attorney for Defendant Keith Mitsuyoshi Kaneshiro

JOHN M. SCHUM, ESQ.
Law Office of John Schum
P.O. Box 1241 Honolulu, Hawaii 96807
E-mail: John@JohnSchum.com

NINA MARINO
JENNIFER LIESER
KAPLAN MARINO
1546 N. Fairfax Ave.
Los Angeles, California 90046

Attorneys for Defendant Dennis Kuniyuki Mitsunaga

DORIS LUM, ESQ.
Law Office of Doris Lum, LLLC
1001 Bishop Street, Suite 710
Honolulu, Hawaii 96813
E-mail: doris@dorislumlaw.com

Attorney for Defendant Terri Ann Otani

THOMAS M. OTAKE
841 Bishop St. Suite 2201
Honolulu, HI, 96813
thomas@otakelaw.com

Attorney for Defendant Chad McDonald

DATED:  March 11, 2024; Honolulu, Hawaii,

/S/ ANDREW M. KENNEDY
ANDREW M. KENNEDY
Attorney for Aaron Shunichi Fujii

4