


MERRICK B. GARLAND
Attorney General
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144/8756
Michael.Wheat@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>Defendants. | CR No. 22-00048-TMB-NC<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 17, ECF No. 533 |

Defendants' seventeenth *in limine* motion should have been titled, "Motion *in Limine* to Preclude the United States From Making an Opening Statement." Indeed, recognizing the scale and breadth of the adverse evidence against them, Defendants seek an order prohibiting the United States from mentioning huge swaths of evidence in opening. This unprecedented ask—Defendants cite zero cases in their brief—would negate the very purpose of opening, i.e., to provide a roadmap of the evidence

1

the United States expects the jury will hear. *See* Ninth Circuit Model Jury Instr. 1.11; *Arizona v. Washington*, 434 U.S. 497, 513 n.32 (1978) (the purpose of an opening statement is to "make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole") (quotations omitted). Instead of illuminating the path ahead, Defendants' vision of the United States' opening would send the jury into the dark with half a puzzle box.

To effectively light the way, the United States must preview for the jury the development of the harassment crusade against Laurel Mau and the multi-pronged attack the Defendants ultimately waged against her when she stood up to their bullying. That includes forcing Mau into extremely protracted unemployment proceedings, filing a false police report against her and Stanford Masui, filing a misleading tax referral with the Hawaii Tax Division,[1] and, of course, violating her civil rights and bribing Keith Kaneshiro to file false charges against her. The United States is entitled to inform the jury of the evidence they are expected to hear and

---

[1] The United States does not believe that limiting instructions should be given for the false police report and misleading tax referral. The Court found both events were direct evidence of the charged offenses and inextricably intertwined with the charged offenses. *See* ECF No. 512 at 13-15, 22-23. Accordingly, there is no need to "limit" the jury's consideration of this evidence. *See United States v. Hattabaugh*, 295 F. App'x 249, 251 (9th Cir. 2008) (unpublished) ("Because we conclude that the evidence regarding the real estate transaction was admissible as direct evidence, 'inextricably intertwined' with Hattabaugh's fraud charges, no limiting instruction was required under Rule 105."). While the Court proceeded further to find this evidence was also admissible under Rule 404(b), that was an alternative path to admissibility.

2

"relate parts of the evidence and testimony to the whole." *Arizona*, 434 U.S. at 513 n.32. That is basic trial procedure.

In every trial, some evidence is admitted for a limited purpose. That does not mean the prosecution cannot mention it in opening. Rather, the instructions from the court properly guide the jury in its consideration of statements and arguments of counsel. Here, for instance, the parties jointly recommend Model Instruction No. 1.11, which instructs that "opening statement is not evidence." ECF No. 438 at 18. Likewise, Model Instruction No. 1.4, also jointly recommended, instructs that the "statements and arguments of the attorneys" are not evidence. ECF No. 438 at 8. As they always are, these instructions, and others the Court will give during and after trial, are the answer to Defendants' seventeenth motion *in limine*; the answer is not to force the United States to tell a fragmented story in opening—missing chapters here and there—of Defendants' harassment crusade against Laurel Mau.[2]

Relatedly, the Court should reject the Defendants' request to start injecting limiting instructions into the middle of the United States' opening statement. That is

---

[2] *See, e.g.*, *United States v. Rewald*, 889 F.2d 836, 861 n.25 (9th Cir. 1989) (rejecting "vouching" claim based on reference to codefendant's guilty plea in opening where, among other facts, "the court's final instructions to the jury explained the limited relevance of [the co-defendant's] guilty plea"); *Frazier v. Cupp*, 394 U.S. 731, 733–736 (1969) (where jury was told that the opening statement should not be considered evidence, a prosecutor's summary of a codefendant's confession during opening statements was not reversible error; "it does not seem at all remarkable to assume that the jury will ordinarily be able to limit its consideration to the evidence introduced during the trial").

3

unnecessary and would work solely to confuse the jury and disrupt the flow of the United States' opening statement.

Finally, Defendants request an order prohibiting the United States from using the word "Obstruction" in its opening statement. This request is premised on the Court's order at Sealed ECF No. 511, where the Court found obstructive conduct of various MAI-affiliated witnesses before the grand jury admissible at trial. At the conclusion of that analysis, the Court requested that the parties avoid using certain terms and listed some preferred language for describing the obstructive conduct that occurred to cover-up Defendants' crimes. Sealed ECF No. 511 at 16. The United States plans to work within those preferred parameters. However, no order of prohibition should be entered. That would simply set up the United States to be accused of violating a court order in the event a prosecutor, in the moment, says "obstruction" instead of "obstructive conduct" to describe the behavior of MAI-affiliated witnesses. There is no need for that fine line. As above, the Court's instructions to the jury regarding counsel's statements in opening are sufficient to cover this issue. *See Frazier*, 394 U.S. at 733–736. Additionally, the Court has instructed the parties to craft a standalone limiting instruction to address the grand jury obstruction. These instructions eliminate any risk of unfair prejudice to the Defendants.

//

//

4

The Court should deny Defendants' motion *in limine* No. 17 and instruct the Defendants that they should not disturb the United States' opening statement by requesting limiting instructions in the middle of it.

Dated: March 16, 2024                Respectfully submitted,

                                                                          MERRICK B. GARLAND
                                                                          Attorney General

*/s/ Colin M. McDonald*
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI G. CHOPRA
COLIN M. MCDONALD
ANDREW Y. CHIANG
Special Attorneys of the United States

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>    Defendants. | CR No. 22-00048-TMB-NC<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

    I, Colin M. McDonald, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893. I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on March 16, 2024.      */s/ Colin M. McDonald*
                                                    COLIN M. MCDONALD