Mark Mermelstein (CA SBN 208005)
mmermelstein@holmesathey.com
Andrew S. Cowan (CA SBN 165435)
acowan@holmesathey.com
Holmes, Athey, Cowan
& Mermelstein LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90017
Telephone: (213) 985-2200

*Attorneys for Defendant Sheri Jean Tanaka*

Birney B. Bervar (HI SBN 005482)
bbb@bevar-jones.com
Bervar & Jones
1100 Alakea Street, 20th Floor
Honolulu, HI 96813

*Attorney for Defendant
Keith Mitsuyoshi Kaneshiro*

Nina Marino (CA SBN 142815)
marino@kaplanmarino.com
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046

*Attorney for Defendant
Dennis Kuniyuki Mitsunaga*

Doris Lum (HI SBN 008365)
doris@dorislumlaw.com
Law Office of Doris Lum, LLLC
1001 Bishop Street, Suite 710
Honolulu, HI 96813

*Attorney for Defendant
Terri Ann Otani*

Andrew M. Kennedy (HI SBN 009734)
Andrew@kona-lawyer.com
Schlueter Kwiat & Kennedy LLLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740

*Attorney for Defendant
Aaron Shunichi Fujii*

Thomas M. Otake (HI SBN 007622)
thomas@otakelaw.com
Thomas M. Otake AAL, ALC
851 Fort Street Mall, Suite 400
Honolulu, HI 96813

*Attorney for Defendant
Chad Michael McDonald*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-22-00048-TMB-NC |
| Plaintiff, | **DEFENDANTS' MOTIONS IN LIMINE NO. 18 TO EXCLUDE NON-NOTICED "OTHER ACT" EVIDENCE RELATED TO YOSHIMURA PROSECUTION; EXHIBITS 1-4; CERTIFICATE OF SERVICE** |
| v. | |
| KEITH MITSUYOSHI KANESHIRO (1), DENNIS KUNIYUKI MITSUNAGA (2), TERRI ANN OTANI (3), AARON SHUNICHI FUJII (4), CHAD MICHAEL MCDONALD (5), SHERI JEAN TANAKA (6), | Judge: Hon. Timothy M. Burgess |
| Defendants. | |

Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald and Sheri Jean Tanaka ("Defendants") hereby move *in limine* to exclude at trial any evidence, questioning, statement, or argument that refers to "other act" evidence for which the government has never given required written notice, pursuant to Fed. R. Crim. P. 404(b)(3).

Based on a preliminary review of the government's approximately 800 trial exhibits and 76 witnesses, the defendants have determined that the government intends to introduce extensive evidence about an unrelated prosecution and connected civil cases that involved defendant Keith Kaneshiro, witnesses Jacob Delaplane and Vernon Branco, and an incarcerated former DPA prosecutor whose name must not be mentioned to the jury, Katherine Kealoha.  These cases arose from the prosecution by the DPA of one Tracy Yoshimura and others for illegal gambling, after which Yoshimura and others brought civil cases against the prosecutors and the City and Count of Honolulu ("Yoshimura Matters"). The government has marked no fewer than nine exhibits that discuss the Yoshimura prosecution and related civil cases, and intends to call to the stand a local reporter, Nick Grube, who published an article discussing the settlement that the City and County of Honolulu reached in 2020 regarding a civil rights case brought by Yoshimura and his co-defendants.

The government's deadline for written Rule 404(b) notice was January 16, 2024.  In its Notice of Intent to Use Evidence Pursuant to Federal Rule of Evidence 404(b) (Dkt. 336) ("Govt. Notice"), the government did not identify the Yoshimura

Matters as "other act" evidence.  The Court must therefore exclude the evidence on this basis alone.  Moreover, even if this "other act" evidence *had* been properly noticed, it still fails to satisfy the Ninth Circuit's standard for the admissibility of 404(b) evidence, has no relevance to this case under Rule 402, and is more prejudicial than probative under Rule 403.

The Court should therefore grant Motion *in Limine* No.18 and prohibit the government from smuggling this irrelevant and prejudicial "other act" evidence into this case, evidence for which it never gave required notice.[1]

## I.  INTRODUCTION AND FACTUAL BACKGROUND

On or about May 1, 2014 a Hawaii grand jury returned a wide-ranging indictment against Tracy Yoshimura and other defendants.  The indictment charged numerous counts of illegal gambling in violation of Hawaii law.  *See* excerpt of case summary for *State v. Tracy T. Yoshimura, et al.*, No. 1PC141000717, attached hereto as Exh. 1.  Defendant Keith Kaneshiro was the Prosecuting Attorney when this case was indicted, and the assigned prosecutors were Jacob Delaplane (who also charged the Laurel Mau case) and his supervisor Katherine Kealoha (whose name must not be mentioned at trial, pursuant to a prior order of this Court).  The case alleged illegal gambling via various arcade machines.

---

[1] Should the Court deny the Motion, defendants respectfully request that the Court order the government to redact references to Katherine Kealoha in its exhibits, and to instruct its witnesses not to refer to her while testifying.

Numerous government exhibits reflect developments in the Yoshimura Matters following this indictment:

On October 9, 2014, **per Attachment 2 to government's Exhibit 9-90**, prosecutor Delaplane filed an *Ex Parte* motion for *Nolle Prosequi*, which indicated the state's intention to seek a new indictment to cure certain charging deficiencies and charge additional defendants.  The motion was granted by Hawaii Circuit Judge Randall Lee.

The defense attorneys moved for reconsideration of the order granting *nolle prosequi.*  At the corresponding hearing, **per government's Exhibit 9-90**, Judge Lee disqualified prosecutors Kealoha and Delaplane from the case, on the ground that "they were inexperienced and that the case was too complex even though he found that there was no egregious prosecutorial misconduct."  *Id.* at 3.

On December 30, 2014, **per government's Exhibit 9-85**, Yoshimura filed a civil complaint against Kaneshiro, Kealoha, Delaplane, Branco and the City and County of Honolulu alleging malicious prosecution and negligence.  The complaint alleged, in essence, that the DPA had brought charges against Yoshimura based on his purported ownership of certain businesses that he did not in fact own.

On an unknown date (likely in 2015), **per government's Exhibit 6-9**, Kaneshiro nominated Vernon Branco for the award of Top Cop 2014, for his extensive undercover work investigating "gambling activities in arcade-type establishments and game rooms in Honolulu."

On March 12, 2015, **per government's Exhibit 9-90**, Delaplane filed a Complaint with the Commission on Judicial Ethics regarding Judge Lee's order disqualifying him and Kealoha.  Earlier drafts of this Complaint have been marked as **government's Exhibits 9-88 and 9-89**.

On July 7, 2015, **per government's Exhibit 9-91**, the Supreme Court of Hawaii vacated Judge Lee's order disqualifying Delaplane and Kealoha, finding that "the basis on which the circuit court grounded the disqualification is insufficient and Petitioner has made a showing of irreparable and immediate harm as a result of the disqualification."  *Id.* at 2-3.

Also on July 7, 2015, **per government's Exhibit 9-92**, the DPA issued a press release stating the state Supreme Court had "overturned former Circuit Court Judge Randal Lee's order disqualifying two Deputy Prosecuting Attorneys from a high-profile gambling case."

On or about January 26, 2018, Yoshimura and others brought a civil rights lawsuit in federal court against Kaneshiro, Kealoha, Branco, and the City of Honolulu.  See complaint in *Tracy T. Yoshimura, et al v. Keith M. Kaneshiro, et al.*, No. 18-CV-0038-LEK-WRP, attached hereto as Exh. 2.

On February 11, 2016, **per government's Exhibit 6-10**, Kaneshiro's executive assistant, Carol Nakamura, received an email which verified that, based on public records, Vernon Branco had testified "truthfully and accurately" to the grand jury at

the time of the first indictment, when he testified that the company Game Zone was owned by PJY Investments, LLC, the sole owner of which was Yoshimura.

On or about February 24, 2016, the DPA brought a new indictment against Yoshimura and other defendants, which charged racketeering and unlawful gambling under Hawaii law. *See* Case Summary for *State v. Yoshimura et al.,* No. 1PC161000288, attached hereto as Exh. 3.

On or about August 9, 2016, Circuit Court Judge Rom Trader dismissed the state prosecution. Exh. 3 at Dkt. 63-65. The dismissal was based on prosecutorial delay, because the case was eight days over the speedy trial time limits provided in Hawaii Rule of Penal Procedure 48.

On July 12, 2019, **per government's Exhibit 9-4**, Carol Nakamura requested the hiring dates of the defendants in the Yoshimura civil case (Kaneshiro, Kealoha, Branco, Delaplane, and Tommy Kong), so that she could provide them to the city's insurance carrier.

The government's witness list includes **Nick Grube**, a reporter for Civil Beat. On October 2, 2020 he reported that the Honolulu City Council was "poised to approve a $1.4 million payment to settle a federal civil rights lawsuit involving a botched gambling case charged by Honolulu Prosecuting Attorney Keith Kaneshiro and one of his former deputies, Katherine Kealoha. *See* "Malicious Prosecution Lawsuit Will Cost Taxpayers $1.4 Million in Settlement," attached hereto as Exh. 4.

## II. LEGAL STANDARDS

Rule 404(b) provides that "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Such evidence, however "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Such evidence, however, may only be admitted if the government complies with the advance notice requirements of Fed. R. Evid. 404(b)(3), which requires that the government "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose."  Rule 404(b) applies to witnesses and nonparties as well as defendants.  *United States v. McCourt*, 925 F.2d 1229, 1235 (9th Cir. 1991); *see also United States v. Cruz-Garcia,* 344 F.3d 951, 954 (9th Cir. 2003); *United States v. Espinoza,* 880 F.3d 506, 515 (9th Cir. 2018).

If the government satisfies this advance notice requirement, it must still satisfy the standards for 404(b) admissibility established by the Ninth Circuit.  The government must show that: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (citation omitted).  To satisfy the first prong, "the government must articulate

precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013) (internal citations omitted).

Even if admissible under Rule 404(b), the Court may exclude evidence under Rule 403 if the danger of unfair prejudice, confusion of issues or waste of time substantially outweighs its probative value. *Id*.

## III. ARGUMENT

Based on the numerous Yoshimura-related exhibits marked by the government, and its intention to call reporter Nick Grube as a witness, it is clear that the government seeks to make the Yoshimura prosecution an issue in this case. The saga of the Yoshimura prosecution, however, is blatant 404(b) evidence regarding Kaneshiro, Delaplane, Branco and Kealoha that should have been disclosed by the government months ago. Due to the government's lack of notice, defendants can only speculate as to the government's theory of relevance for this evidence. As discussed below, it appears to have zero relevance to the crimes charged in the First Superseding Indictment. However, it does serve the invidious purpose of smearing Kaneshiro, Delaplane and Branco by insinuating that they habitually band together to bring charges against defendants that are ultimately dismissed by state court judges. The Court should exclude it for multiple reasons:

**First,** any reference to the Yoshimura Matters should be excluded because the government failed to provide advance notice as required by Rule 404(b)(3).  The Court should not allow the government to ambush the defense with this evidence in violation of its obligations under Rule 404(b)(3).  This would be highly prejudicial to the defendants, because trial has commenced and it is too late to conduct a meaningful investigation of the circumstances surrounding this 404(b) evidence.

**Second,** evidence of the Yoshimura prosecution fails to meet the Ninth Circuit's standard for 404(b) admissibility established by Ninth Circuit in *Bailey*, *supra*.  Specifically, the Yoshimura prosecution is not similar to the offenses charged in the First Superseding Indictment.  There is no evidence that the Yoshimura prosecution resulted from bribery, or that it was initiated at the request of a campaign donor.  No MAI defendant was involved in it.  It was simply an episode in which the DPA took on an ambitious prosecution that ran into problems and was ultimately dismissed due to prosecutorial delay.  The mere fact that it was brought under defendant Kaneshiro hardly makes it similar in a meaningful way:  for this is true for each of the thousands of cases handled by the DPA during his tenure.

The only apparent similarity is superficial:  That prosecutor Delaplane and investigator Branco were involved in charging a case that was ultimately dismissed by a judge.  The similarities end there.  Unlike the Mau case, the Yoshimura case was presented to a grand jury (indeed, twice).  Unlike the Mau case, its dismissal was not based on a lack of probable cause (which had been determined by the Yoshimura

8

grand jury) but on prosecutorial delay.  There is simply no valid inference that the jury can draw from the Yoshimura criminal case that applies to the Mau civil case.

**Third,** because evidence of the Yoshimura Matter has no relevance to the Mau criminal case, under Rule 403 its nonexistent evidentiary value is clearly outweighed by the dangers of unfair prejudice, wasting time, confusing the issues, and misleading the jury under Rule 403.

Allowing the government to introduce evidence of the Yoshimura cases would result in a substantial waste of time, because it would prompt a "trial within a trial" regarding why the state charged the case, whether Judge Lee had acted properly, why the state decided to re-indict the case, why Judge Trader dismissed it, why Yoshimura and others brought a civil case against Kaneshiro and other in state court, why they later brought it in federal court, and why the city ultimately decided to settle it rather than take it to trial.  The jury will inevitably be misled as to the reasons for the decisions made by DPA personnel unless a great deal of testimony about this litigation is introduced at trial, which will waste time and confuse the issues.

Moreover, should the Court permit evidence of this tangential episode to be introduced, defendants would likely have to expand their witness lists substantially, in order to present testimony to explain this lengthy record of litigation.  Defendants did not do this before the start of trial, because they never anticipated that the Yoshimura Matters would be at issue, due to the government's failure to provide

notice.  All of this would make the lengthy trial in this case substantially longer, and would confuse the jury as to the true issues in this case.

The danger of undue prejudice is also extremely high.  The MAI defendants should be tried for the offenses charged in the FSI and nothing more.  Allowing the government to use the Yoshimura cases to imply additional wrongdoing on the part of Kaneshiro, Delaplane and Branco would invite the jury to find Kaneshiro guilty of that uncharged conduct and thereby increase the chances his conviction on the actual charged offenses.  Moreover, Katherine Kealoha, who was convicted of federal crimes and is currently serving a lengthy prison sentence, played a pivotal role in bringing the Yoshimura prosecution.  The Court has correctly ruled that it would be prejudicial for Ms. Kealoha's name to be mentioned in this case, due to her notoriety. It would be impossible to tell the story of the Yoshimura cases accurately without disclosing her role, and doing so would inevitably prejudice all of the defendants.

For these reasons, the Rule 403 balancing analysis weighs strongly in favor of excluding evidence of the Yoshimura Matters.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion in Limine No. 18.

Respectfully submitted,

DATED:  March 18, 2024

HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP

By:  _/s/ Mark Mermelstein_____
    MARK MERMELSTEIN
    *Attorneys for Defendant*
    *Sheri Jean Tanaka*

BERVAR & JONES

By:  _/s/ Birney B. Bervar_____
    BIRNEY B. BERVAR
    *Attorney for Defendant*
    *Keith Mitsuyoshi Kaneshiro*

KAPLAN MARINO, PC

By:  _/s/ Nina Marino_____
    NINA MARINO
    *Attorney for Defendant*
    *Dennis Kuniyuki Mitsunaga*

LAW OFFICE OF DORIS LUM, LLLC

By:  _/s/ Doris Lum_____
    DORIS LUM
    *Attorney for Defendant*
    *Terri Ann Otani*

SCHLUETER KWIAT & KENNEDY LLLP

By:  _/s/ Andrew M. Kennedy_____
    ANDREW M. KENNEDY
    *Attorney for Defendant*
    *Aaron Shunichi Fujii*

THOMAS M. OTAKE AAL, ALC

By:  _/s/ Thomas M. Otake_____
    THOMAS M. OTAKE
    *Attorney for Defendant*
    *Chad Michael McDonald*

# EXHIBIT 1

# PRINTABLE CASE VIEW

**Generated: 12-MAR-2024 05:02 PM**                    **User: WEBU57842**

**Search Criteria: Case ID or Citation Number: 1PC141000717**

**1 record(s) total**

| | | |
|---|---|---|
| **Case ID:** 1PC141000717 - STATE OF HAWAII VS TRACY T YOSHIMURA ETAL<br>**Type:** PC - Circuit Court Criminal<br>**Status:** CLOSEDJ - Adjudicated<br>**Last Updated:** 01-Jan-2024 | **Filing Date:** THURSDAY, MAY 1, 2014<br>**Court:** FIRST CIRCUIT<br>**Location:** PUNCHBOWL | |

**BAIL / BOND INFORMATION**

| Defendant | Ct. | Bail Information | Notes |
|---|---|---|---|
| TRACY T YOSHIMURA | All Counts | Date: 05/01/2014 | Converted<br>Amount: $250,000.00 AGG<br>Notes: BAIL SET CTS 1-257: $250,000 AGG PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| TRACY T YOSHIMURA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/05/2014 | Converted<br>Amount: $250,000.00AGGR<br>Notes: EXEC BW RECD; A1 BL BONDS POSTED.        A&P 5/8/14 0830A JRPERKINS |
| TRACY T YOSHIMURA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/05/2014 | Converted<br>Amount: $250,000.00AGGR<br>Notes: BND FLD AMT $250,000.00AGGR BY A-1 BAIL BONDS;   POA U500-20466767; UNITED STATES FIRE INSURANCE CO |
| EUGENE M SIMEONA JR | All Counts | Date: 05/01/2014 | Converted<br>Amount: $200,000.00 AGG<br>Notes: BAIL SET CTS 258-298: $200,000 AGG PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| EUGENE M SIMEONA JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/05/2014 | Converted<br>Amount: $200,000.00AGGR<br>Notes: EXEC BW RECD; A1 BAIL BONDS POSTED A&P 5/8/14 0830A JRPERKINS |

1 of 305

EXHIBIT 1

| | | | |
|---|---|---|---|
| EUGENE M SIMEONA JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/05/2014 | Converted<br>Amount: $200,000.00AGGR<br>Notes: BND FLD AMT $200,000.00AGGR BY A-1 BAIL BONDS;   POA U250-20492875; UNITED STATES FIRE INSURANCE CO |
| MICHAEL D MILLER JR | All Counts | Date: 05/01/2014 | Converted<br>Amount: $200,000.00 AGG<br>Notes: BAIL SET CTS 299-332: $200,000 AGG PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| MICHAEL D MILLER JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/07/2014 | Converted<br>Amount: $200,000.00AGGR<br>Notes: EXEC BW RECD; A1 BAIL BONDS POSTED. A&P 05/12/14 8:30AM JRPERKINS |
| MICHAEL D MILLER JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/07/2014 | Converted<br>Amount: $200,000.00AGGR<br>Notes: BND FLD AMT $200,000.00AGGR BY A-1 BAIL BONDS;   POA U500-20473677; UNITED STATES FIRE INSURANCE CO |
| MICHAEL A MADALI JR | All Counts | Date: 05/01/2014 | Converted<br>Amount: $50,000.00 AGGR<br>Notes: BAIL SET CTS 333-349: $50,000 AGG PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| MICHAEL A MADALI JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/06/2014 | Converted<br>Amount: $50,000.00AGGR<br>Notes: EXEC BW RECD; ABOVE ALL BAIL BONDS POSTED.      A&P 05/12/14 8:30AM JRPERKINS |
| MICHAEL A MADALI JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/06/2014 | Converted<br>Amount: $50,000.00 AGGR<br>Notes: BOND FLD $50,000.00 AGGR BY ABOVE ALL BAIL BONDS; POA #AS50-170694; AMERICAN SURETY CO |

EXHIBIT 1

| MICHAEL A MADALI JR | All Counts | $50,000.00<br>Release Status: BD-Professional Surety Bond, Date: 05/06/2014 | Converted<br>Amount: $50,000.00<br>Notes: BD FLD AMT $50,000 BY ABOVE ALL BAIL BONDS; POA AS50-170624, AMERICAN SURETY CO |
|---|---|---|---|
| CLAYTON SIMEONA | All Counts | Date: 05/01/2014 | Converted<br>Amount: $50,000.00 AGGR<br>Notes: BAIL SET CTS 350-366: $50,000 AGGR PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| CLAYTON SIMEONA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/05/2014 | Converted<br>Amount: $50,000.00AGGR<br>Notes: EXEC BW RECD; A1 BAIL BONDS POSTED. A&P 5/8/14 0830A JRPERKINS |
| CLAYTON SIMEONA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/05/2014 | Converted<br>Amount: $50,000.00AGGR<br>Notes: BND FLD AMT $50,000.00AGGR BY A-1 BAIL BONDS;    POA U50-20492872; UNITED STATES FIRE INSURANCE CO |
| DESIREE U HAINA | All Counts | Date: 05/01/2014 | Converted<br>Amount: $50,000.00 AGGR<br>Notes: BAILS ET CTS 367-383: $50,000 AGGR PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| DESIREE U HAINA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/07/2014 | Converted<br>Amount: $50,000.00AGGR<br>Notes: EXEC BW RECD; AL BAIL BONDS POSTED. A&P 05/12/14 8:30AM JRPERKINS |
| DESIREE U HAINA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/07/2014 | Converted<br>Amount: $50,000.00AGGR<br>Notes: BND FLD AMT $50,000.00AGGR BY A-1 BAIL BONDS;    POA U100-20465306; UNITED STATES FIRE INSURANCE CO |

EXHIBIT 1

| QUENTIN D CANENCIA | All Counts | Date: 05/01/2014 | Converted Amount: $50,000.00 AGGR Notes: BAIL SET CTS 384-394: $50,000 AGGR PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
|---|---|---|---|
| QUENTIN D CANENCIA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/07/2014 | Converted Amount: $50,000.00AGGR Notes: EXEC BW RECD; A1 BAIL BONDS POSTED. A&P 05/12/14 8:30AM JRPERKINS |
| QUENTIN D CANENCIA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/07/2014 | Converted Amount: $50,000.00AGGR Notes: BND FLD AMT $50,000.00AGGR BY A-1 BAIL BONDS;    POA U100-20456102; UNITED STATES FIRE INSURANCE CO |
| GARY G DANELY JR | All Counts | Date: 05/01/2014 | Converted Amount: $50,000.00 AGGR Notes: BAIL SET CTS 395-407: $50,000 AGGR PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| GARY G DANELY JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/05/2014 | Converted Amount: $50,000.00AGGR Notes: EXEC BW RECD; A1 BAIL BONDS POSTED. A&P 5/8/14 0830A JRPERKINS |
| GARY G DANELY JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/05/2014 | Converted Amount: $50,000.00AGGR Notes: BND FLD AMT $50,000.00AGGR BY A-1 BAIL BONDS;    POA U75-20486682; UNITED STATES FIRE INS CO |
| ALEXANDER R ALEJANDRO | All Counts | Date: 05/01/2014 | Converted Amount: $50,000 AGGR Notes: BAIL SET CTS 408-414: $50,000 AGGR PER SEALED COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| ALEXANDER R ALEJANDRO | All Counts | Release Status: CS-Custody, Date: 05/05/2014 Detention Facility: Oahu Community Correctional Center | Converted Amount: $50,000.00AGGR Notes: EXEC BW RECD; BAIL CONFIRMED $50,000AGGR A&P 5/8/14 0830A JRPERKINS |

4 of 305

EXHIBIT 1

| ALEXANDER R ALEJANDRO | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/09/2014 | Converted<br>Amount: $50,000.00 AGGR<br>Notes: BOND FILED AMT $50,000.00 BY A-1. POA U50-20483498. UNITED STATES FIRE INSURANCE COMPANY. |
|---|---|---|---|

**Offenses**

| ID: @2590981 | Name: TRACY T YOSHIMURA | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |
|---|---|---|---|---|

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 1 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150272 | | Nolle Prosequi-10/09/2014 | | |
| 2 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150273 | | Nolle Prosequi-10/09/2014 | | |
| 3 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150274 | | Nolle Prosequi-10/09/2014 | | |
| 4 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150275 | | Nolle Prosequi-10/09/2014 | | |
| 5 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150276 | | Nolle Prosequi-10/09/2014 | | |
| 6 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150277 | | Nolle Prosequi-10/09/2014 | | |
| 7 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150278 | | Nolle Prosequi-10/09/2014 | | |
| 8 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150292 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 9 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150293 | | Nolle Prosequi-10/09/2014 | | |
|---|---|---|---|---|---|
| 10 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150294 | | Nolle Prosequi-10/09/2014 | | |
| 11 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150295 | | Nolle Prosequi-10/09/2014 | | |
| 12 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150296 | | Nolle Prosequi-10/09/2014 | | |
| 13 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150297 | | Nolle Prosequi-10/09/2014 | | |
| 14 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150298 | | Nolle Prosequi-10/09/2014 | | |
| 15 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150299 | | Nolle Prosequi-10/09/2014 | | |
| 16 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150300 | | Nolle Prosequi-10/09/2014 | | |
| 17 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150301 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 18 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150302 | | Nolle Prosequi-10/09/2014 | | |
|----|-----|---|-----|---|---|
| 19 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150303 | | Nolle Prosequi-10/09/2014 | | |
| 20 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150304 | | Nolle Prosequi-10/09/2014 | | |
| 21 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150305 | | Nolle Prosequi-10/09/2014 | | |
| 22 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150306 | | Nolle Prosequi-10/09/2014 | | |
| 23 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150307 | | Nolle Prosequi-10/09/2014 | | |
| 24 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150308 | | Nolle Prosequi-10/09/2014 | | |
| 25 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150309 | | Nolle Prosequi-10/09/2014 | | |
| 26 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150310 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 27 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150311 | | Nolle Prosequi-10/09/2014 | | |
|---|---|---|---|---|---|
| 28 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150312 | | Nolle Prosequi-10/09/2014 | | |
| 29 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150313 | | Nolle Prosequi-10/09/2014 | | |
| 30 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150314 | | Nolle Prosequi-10/09/2014 | | |
| 31 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150315 | | Nolle Prosequi-10/09/2014 | | |
| 32 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150316 | | Nolle Prosequi-10/09/2014 | | |
| 33 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150317 | | Nolle Prosequi-10/09/2014 | | |
| 34 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150318 | | Nolle Prosequi-10/09/2014 | | |
| 35 | HRS 712-1222 - PROM GAMBLING 2 Severity: MD - Misdemeanor Citation/Arrest #: 14150319 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 36 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150320 | | Nolle Prosequi-10/09/2014 | |
|---|---|---|---|---|
| 37 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150321 | | Nolle Prosequi-10/09/2014 | |
| 38 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150322 | | Nolle Prosequi-10/09/2014 | |
| 39 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150323 | | Nolle Prosequi-10/09/2014 | |
| 40 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150287 | | Nolle Prosequi-10/09/2014 | |
| 41 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150288 | | Nolle Prosequi-10/09/2014 | |
| 42 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150289 | | Nolle Prosequi-10/09/2014 | |
| 43 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150290 | | Nolle Prosequi-10/09/2014 | |
| 44 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150291 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| 45 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150324 | | Nolle Prosequi-10/09/2014 | | |
| 46 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150326 | | Nolle Prosequi-10/09/2014 | | |
| 47 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150327 | | Nolle Prosequi-10/09/2014 | | |
| 48 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150328 | | Nolle Prosequi-10/09/2014 | | |
| 49 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150329 | | Nolle Prosequi-10/09/2014 | | |
| 50 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150330 | | Nolle Prosequi-10/09/2014 | | |
| 51 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150331 | | Nolle Prosequi-10/09/2014 | | |
| 52 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150332 | | Nolle Prosequi-10/09/2014 | | |
| 53 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150333 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 54 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150334 | | Nolle Prosequi-10/09/2014 | | |
| 55 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150335 | | Nolle Prosequi-10/09/2014 | | |
| 56 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150336 | | Nolle Prosequi-10/09/2014 | | |
| 57 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150337 | | Nolle Prosequi-10/09/2014 | | |
| 58 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150338 | | Nolle Prosequi-10/09/2014 | | |
| 59 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150339 | | Nolle Prosequi-10/09/2014 | | |
| 60 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150340 | | Nolle Prosequi-10/09/2014 | | |
| 61 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150532 | | Nolle Prosequi-10/09/2014 | | |
| 62 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150341 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 63 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150342 | | Nolle Prosequi-10/09/2014 | | |
| 64 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150343 | | Nolle Prosequi-10/09/2014 | | |
| 65 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150344 | | Nolle Prosequi-10/09/2014 | | |
| 66 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150345 | | Nolle Prosequi-10/09/2014 | | |
| 67 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150346 | | Nolle Prosequi-10/09/2014 | | |
| 68 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150347 | | Nolle Prosequi-10/09/2014 | | |
| 69 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150348 | | Nolle Prosequi-10/09/2014 | | |
| 70 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150349 | | Nolle Prosequi-10/09/2014 | | |
| 71 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150350 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 72 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150351 | | Nolle Prosequi-10/09/2014 | |
| 73 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150352 | | Nolle Prosequi-10/09/2014 | |
| 74 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150353 | | Nolle Prosequi-10/09/2014 | |
| 75 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150354 | | Nolle Prosequi-10/09/2014 | |
| 76 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150355 | | Nolle Prosequi-10/09/2014 | |
| 77 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150356 | | Nolle Prosequi-10/09/2014 | |
| 78 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150357 | | Nolle Prosequi-10/09/2014 | |
| 79 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150358 | | Nolle Prosequi-10/09/2014 | |
| 80 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150359 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| 81 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150360 | | Nolle Prosequi-10/09/2014 | |
|---|---|---|---|---|
| 82 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150361 | | Nolle Prosequi-10/09/2014 | |
| 83 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150362 | | Nolle Prosequi-10/09/2014 | |
| 84 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150363 | | Nolle Prosequi-10/09/2014 | |
| 85 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150364 | | Nolle Prosequi-10/09/2014 | |
| 86 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150365 | | Nolle Prosequi-10/09/2014 | |
| 87 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150366 | | Nolle Prosequi-10/09/2014 | |
| 88 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150367 | | Nolle Prosequi-10/09/2014 | |
| 89 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150368 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| 90 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150369 | | Nolle Prosequi-10/09/2014 | | |
| 91 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150370 | | Nolle Prosequi-10/09/2014 | | |
| 92 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150371 | | Nolle Prosequi-10/09/2014 | | |
| 93 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150372 | | Nolle Prosequi-10/09/2014 | | |
| 94 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150373 | | Nolle Prosequi-10/09/2014 | | |
| 95 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150374 | | Nolle Prosequi-10/09/2014 | | |
| 96 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150375 | | Nolle Prosequi-10/09/2014 | | |
| 97 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150376 | | Nolle Prosequi-10/09/2014 | | |
| 98 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150377 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 99 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150378 | | Nolle Prosequi-10/09/2014 | | |
| 100 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150379 | | Nolle Prosequi-10/09/2014 | | |
| 101 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150380 | | Nolle Prosequi-10/09/2014 | | |
| 102 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150381 | | Nolle Prosequi-10/09/2014 | | |
| 103 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150382 | | Nolle Prosequi-10/09/2014 | | |
| 104 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150383 | | Nolle Prosequi-10/09/2014 | | |
| 105 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150384 | | Nolle Prosequi-10/09/2014 | | |
| 106 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150385 | | Nolle Prosequi-10/09/2014 | | |
| 107 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150386 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 108 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150387 | | Nolle Prosequi-10/09/2014 | |
| 109 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150388 | | Nolle Prosequi-10/09/2014 | |
| 110 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150389 | | Nolle Prosequi-10/09/2014 | |
| 111 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150390 | | Nolle Prosequi-10/09/2014 | |
| 112 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150391 | | Nolle Prosequi-10/09/2014 | |
| 113 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150392 | | Nolle Prosequi-10/09/2014 | |
| 114 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150393 | | Nolle Prosequi-10/09/2014 | |
| 115 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150394 | | Nolle Prosequi-10/09/2014 | |
| 116 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150395 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 117 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150396 | | Nolle Prosequi-10/09/2014 | | |
| 118 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150397 | | Nolle Prosequi-10/09/2014 | | |
| 119 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150398 | | Nolle Prosequi-10/09/2014 | | |
| 120 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150399 | | Nolle Prosequi-10/09/2014 | | |
| 121 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150400 | | Nolle Prosequi-10/09/2014 | | |
| 122 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150401 | | Nolle Prosequi-10/09/2014 | | |
| 123 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150402 | | Nolle Prosequi-10/09/2014 | | |
| 124 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150403 | | Nolle Prosequi-10/09/2014 | | |
| 125 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150404 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 126 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150405 | | Nolle Prosequi-10/09/2014 | | |
| 127 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150406 | | Nolle Prosequi-10/09/2014 | | |
| 128 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150407 | | Nolle Prosequi-10/09/2014 | | |
| 129 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150408 | | Nolle Prosequi-10/09/2014 | | |
| 130 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150409 | | Nolle Prosequi-10/09/2014 | | |
| 131 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150410 | | Nolle Prosequi-10/09/2014 | | |
| 132 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150411 | | Nolle Prosequi-10/09/2014 | | |
| 133 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150412 | | Nolle Prosequi-10/09/2014 | | |
| 134 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150413 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 135 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150414 | | Nolle Prosequi-10/09/2014 | | |
|---|---|---|---|---|---|
| 136 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150415 | | Nolle Prosequi-10/09/2014 | | |
| 137 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150416 | | Nolle Prosequi-10/09/2014 | | |
| 138 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150417 | | Nolle Prosequi-10/09/2014 | | |
| 139 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150418 | | Nolle Prosequi-10/09/2014 | | |
| 140 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150419 | | Nolle Prosequi-10/09/2014 | | |
| 141 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150420 | | Nolle Prosequi-10/09/2014 | | |
| 142 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150421 | | Nolle Prosequi-10/09/2014 | | |
| 143 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150422 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 144 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150423 | | Nolle Prosequi-10/09/2014 | | |
|---|---|---|---|---|---|
| 145 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150424 | | Nolle Prosequi-10/09/2014 | | |
| 146 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150425 | | Nolle Prosequi-10/09/2014 | | |
| 147 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150426 | | Nolle Prosequi-10/09/2014 | | |
| 148 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150427 | | Nolle Prosequi-10/09/2014 | | |
| 149 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150428 | | Nolle Prosequi-10/09/2014 | | |
| 150 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150429 | | Nolle Prosequi-10/09/2014 | | |
| 151 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150430 | | Nolle Prosequi-10/09/2014 | | |
| 152 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150431 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 153 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150432 | | Nolle Prosequi-10/09/2014 | | |
| 154 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150433 | | Nolle Prosequi-10/09/2014 | | |
| 155 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150434 | | Nolle Prosequi-10/09/2014 | | |
| 156 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150435 | | Nolle Prosequi-10/09/2014 | | |
| 157 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150436 | | Nolle Prosequi-10/09/2014 | | |
| 158 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150437 | | Nolle Prosequi-10/09/2014 | | |
| 159 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150438 | | Nolle Prosequi-10/09/2014 | | |
| 160 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150439 | | Nolle Prosequi-10/09/2014 | | |
| 161 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150440 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 162 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150441 | | Nolle Prosequi-10/09/2014 | | |
|-----|---|---|---|---|---|
| 163 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150442 | | Nolle Prosequi-10/09/2014 | | |
| 164 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150443 | | Nolle Prosequi-10/09/2014 | | |
| 165 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150444 | | Nolle Prosequi-10/09/2014 | | |
| 166 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150445 | | Nolle Prosequi-10/09/2014 | | |
| 167 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150446 | | Nolle Prosequi-10/09/2014 | | |
| 168 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150447 | | Nolle Prosequi-10/09/2014 | | |
| 169 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150448 | | Nolle Prosequi-10/09/2014 | | |
| 170 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150449 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 171 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150450 | | Nolle Prosequi-10/09/2014 | | |
| 172 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150451 | | Nolle Prosequi-10/09/2014 | | |
| 173 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150452 | | Nolle Prosequi-10/09/2014 | | |
| 174 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150453 | | Nolle Prosequi-10/09/2014 | | |
| 175 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150454 | | Nolle Prosequi-10/09/2014 | | |
| 176 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150455 | | Nolle Prosequi-10/09/2014 | | |
| 177 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150456 | | Nolle Prosequi-10/09/2014 | | |
| 178 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150457 | | Nolle Prosequi-10/09/2014 | | |
| 179 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150458 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 180 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150459 | | Nolle Prosequi-10/09/2014 | | |
|-----|------------------------------------------|--|--------------------------|--|--|
| 181 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150460 | | Nolle Prosequi-10/09/2014 | | |
| 182 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150461 | | Nolle Prosequi-10/09/2014 | | |
| 183 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150462 | | Nolle Prosequi-10/09/2014 | | |
| 184 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150463 | | Nolle Prosequi-10/09/2014 | | |
| 185 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150464 | | Nolle Prosequi-10/09/2014 | | |
| 186 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150465 | | Nolle Prosequi-10/09/2014 | | |
| 187 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150466 | | Nolle Prosequi-10/09/2014 | | |
| 188 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150467 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 189 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150468 | | Nolle Prosequi-10/09/2014 | | |
| 190 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150469 | | Nolle Prosequi-10/09/2014 | | |
| 191 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150470 | | Nolle Prosequi-10/09/2014 | | |
| 192 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150471 | | Nolle Prosequi-10/09/2014 | | |
| 193 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150472 | | Nolle Prosequi-10/09/2014 | | |
| 194 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150473 | | Nolle Prosequi-10/09/2014 | | |
| 195 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150474 | | Nolle Prosequi-10/09/2014 | | |
| 196 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150475 | | Nolle Prosequi-10/09/2014 | | |
| 197 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150476 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 198 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150477 | | Nolle Prosequi-10/09/2014 | |
| 199 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150478 | | Nolle Prosequi-10/09/2014 | |
| 200 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150479 | | Nolle Prosequi-10/09/2014 | |
| 201 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150480 | | Nolle Prosequi-10/09/2014 | |
| 202 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150481 | | Nolle Prosequi-10/09/2014 | |
| 203 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150482 | | Nolle Prosequi-10/09/2014 | |
| 204 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150483 | | Nolle Prosequi-10/09/2014 | |
| 205 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150484 | | Nolle Prosequi-10/09/2014 | |
| 206 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150485 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 207 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150486 | | Nolle Prosequi-10/09/2014 | |
| 208 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150487 | | Nolle Prosequi-10/09/2014 | |
| 209 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150488 | | Nolle Prosequi-10/09/2014 | |
| 210 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150489 | | Nolle Prosequi-10/09/2014 | |
| 211 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150490 | | Nolle Prosequi-10/09/2014 | |
| 212 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150491 | | Nolle Prosequi-10/09/2014 | |
| 213 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150492 | | Nolle Prosequi-10/09/2014 | |
| 214 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150493 | | Nolle Prosequi-10/09/2014 | |
| 215 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150494 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| 216 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150495 | | Nolle Prosequi-10/09/2014 | | |
|-----|------|------|------|------|------|
| 217 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150496 | | Nolle Prosequi-10/09/2014 | | |
| 218 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150497 | | Nolle Prosequi-10/09/2014 | | |
| 219 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150498 | | Nolle Prosequi-10/09/2014 | | |
| 220 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150499 | | Nolle Prosequi-10/09/2014 | | |
| 221 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150500 | | Nolle Prosequi-10/09/2014 | | |
| 222 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150501 | | Nolle Prosequi-10/09/2014 | | |
| 223 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150502 | | Nolle Prosequi-10/09/2014 | | |
| 224 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150503 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 225 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150504 | | Nolle Prosequi-10/09/2014 | |
| 226 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150505 | | Nolle Prosequi-10/09/2014 | |
| 227 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150506 | | Nolle Prosequi-10/09/2014 | |
| 228 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150507 | | Nolle Prosequi-10/09/2014 | |
| 229 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150508 | | Nolle Prosequi-10/09/2014 | |
| 230 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150509 | | Nolle Prosequi-10/09/2014 | |
| 231 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150510 | | Nolle Prosequi-10/09/2014 | |
| 232 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150511 | | Nolle Prosequi-10/09/2014 | |
| 233 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150512 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| 234 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150513 | | Nolle Prosequi-10/09/2014 | | |
|-----|---|---|---|---|---|
| 235 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150514 | | Nolle Prosequi-10/09/2014 | | |
| 236 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150515 | | Nolle Prosequi-10/09/2014 | | |
| 237 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150516 | | Nolle Prosequi-10/09/2014 | | |
| 238 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150517 | | Nolle Prosequi-10/09/2014 | | |
| 239 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150518 | | Nolle Prosequi-10/09/2014 | | |
| 240 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150519 | | Nolle Prosequi-10/09/2014 | | |
| 241 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150279 | | Nolle Prosequi-10/09/2014 | | |
| 242 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150280 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 243 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150281 | | Nolle Prosequi-10/09/2014 | | |
| 244 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150282 | | Nolle Prosequi-10/09/2014 | | |
| 245 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150283 | | Nolle Prosequi-10/09/2014 | | |
| 246 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150520 | | Nolle Prosequi-10/09/2014 | | |
| 247 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150521 | | Nolle Prosequi-10/09/2014 | | |
| 248 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150522 | | Nolle Prosequi-10/09/2014 | | |
| 249 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150523 | | Nolle Prosequi-10/09/2014 | | |
| 250 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150524 | | Nolle Prosequi-10/09/2014 | | |
| 251 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150525 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 252 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150526 | | Nolle Prosequi-10/09/2014 | | |
|---|---|---|---|---|---|
| 253 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150527 | | Nolle Prosequi-10/09/2014 | | |
| 254 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150528 | | Nolle Prosequi-10/09/2014 | | |
| 255 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150529 | | Nolle Prosequi-10/09/2014 | | |
| 256 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150530 | | Nolle Prosequi-10/09/2014 | | |
| 257 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150531 | | Nolle Prosequi-10/09/2014 | | |

| ID: @2590982 | Name: EUGENE M SIMEONA JR | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |
|---|---|---|---|---|

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 258 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14147200<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 259 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150201<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 260 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150202<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 261 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150207<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 262 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150208<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 263 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150209<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 264 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150210<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 265 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150211<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 266 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150212<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 267 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150213<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 268 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150214<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
|---|---|---|---|---|---|
| 269 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150215<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 270 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150216<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 271 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150217<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 272 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150218<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 273 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150219<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 274 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150220<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 275 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150221<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| | | | | | |
|---|---|---|---|---|---|
| 276 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 13046785<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 277 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055785<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 278 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150222<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 279 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150223<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 280 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150224<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 281 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150225<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 282 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150226<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 283 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150227<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 284 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150228<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 285 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150229<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 286 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150230<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 287 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150231<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 288 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150232<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 289 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150233<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 290 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150234<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 291 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150235<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 292 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150236<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 293 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150237<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 294 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150258<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 295 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150238<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 296 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150203<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 297 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150204<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |
| 298 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150205<br>OTN #: 8153B80 | | Nolle Prosequi-10/09/2014 | | |

| ID: @2590984 | Name: MICHAEL D MILLER JR | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|

EXHIBIT 1

| 299 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150239<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 300 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150240<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 301 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150241<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 302 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150242<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 303 | HRS 712-1222 - PROM<br>GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150247<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 304 | HRS 712-1222 - PROM<br>GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150248<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 305 | HRS 712-1222 - PROM<br>GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150249<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 306 | HRS 712-1222 - PROM<br>GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150250<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 307 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150251<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
|-----|---|---|---|---|---|
| 308 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150252<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 309 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150253<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 310 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150254<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 311 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150255<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 312 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150256<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 313 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150257<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 314 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150259<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 315 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150260<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
|-----|---|---|---|---|---|
| 316 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150261<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 317 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150262<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 318 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150263<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 319 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150264<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 320 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150265<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 321 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150266<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 322 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150267<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 323 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150268<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | |
| 324 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150269<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | |
| 325 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150270<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | |
| 326 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 14150325<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | |
| 327 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150284<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | |
| 328 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150285<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | |
| 329 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150286<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | |
| 330 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150243<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| 331 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150244<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |
| 332 | HRS 708A-003/1A - MONEY LAUNDER<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150245<br>OTN #: 8177B48 | | Nolle Prosequi-10/09/2014 | | |

| ID: @2590985 | Name: MICHAEL A MADALI JR | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|-----|----------------|------|-------------|------------|---------------|
| 333 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14147632<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 334 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 13046784<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 335 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12406890<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 336 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12415576<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 337 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12424168<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 338 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12432523<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
|-----|---|---|---|---|---|
| 339 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12442988<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 340 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13048960<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 341 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13052805<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 342 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055777<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 343 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055770<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 344 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055771<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 345 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055772<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 346 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055773<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 347 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055774<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 348 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055775<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |
| 349 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055776<br>OTN #: 48369L8 | | Nolle Prosequi-10/09/2014 | | |

| ID: @2590986 | Name: CLAYTON SIMEONA | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |
|---|---|---|---|---|

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 350 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14147630<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |
| 351 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 13046633<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |
| 352 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12406891<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| | | | | |
|---|---|---|---|---|
| 353 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12409269<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | |
| 354 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12415577<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | |
| 355 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12424169<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | |
| 356 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12432524<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | |
| 357 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13049082<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | |
| 358 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13052908<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | |
| 359 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055777<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | |
| 360 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055778<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | |

EXHIBIT 1

| 361 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055779<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |
| 362 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055780<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |
| 363 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055781<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |
| 364 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055782<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |
| 365 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055783<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |
| 366 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055784<br>OTN #: 8151B92 | | Nolle Prosequi-10/09/2014 | | |

| ID: @2590988 | Name: DESIREE U HAINA | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 367 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14147633<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 368 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 13046785<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
|-----|---|---|---|---|---|
| 369 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 13047957<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 370 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12407999<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 371 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12409126<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 372 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12416814<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 373 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12424120<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 374 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12433605<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 375 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12442429<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 376 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055759<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 377 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055760<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 378 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055761<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 379 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055762<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 380 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055763<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 381 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055764<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 382 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055765<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |
| 383 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055766<br>OTN #: 8177B22 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| ID: @2590989 | Name: QUENTIN D CANENCIA | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 384 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14147629<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 385 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 13047978<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 386 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12407998<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 387 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12416813<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 388 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12424119<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 389 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13052936<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 390 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055748<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 391 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055749<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 392 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055750<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 393 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055751<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |
| 394 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055752<br>OTN #: 8177B30 | | Nolle Prosequi-10/09/2014 | | |

| ID: @2590990 | Name: GARY G DANELY JR | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 395 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14147631<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 396 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 13046632<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 397 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12408033<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 398 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12416834<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 399 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 12433656<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 400 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13052907<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 401 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13054128<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 402 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055753<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 403 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055754<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 404 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055755<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 405 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055756<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 406 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055757<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |
| 407 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055758<br>OTN #: 8156B42 | | Nolle Prosequi-10/09/2014 | | |

| ID: @2590991 | Name: ALEXANDER R ALEJANDRO | JUV: N | Party Status: DP-Disposed | CDL: HAZ: CMV: |
| --- | --- | --- | --- | --- |

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
| --- | --- | --- | --- | --- | --- |
| 408 | HRS 842-0002 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14147628<br>OTN #: 8153B23 | | Nolle Prosequi-10/09/2014 | | |
| 409 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 13047966<br>OTN #: 8153B23 | | Nolle Prosequi-10/09/2014 | | |
| 410 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13052937<br>OTN #: 8153B23 | | Nolle Prosequi-10/09/2014 | | |
| 411 | HRS 712-1222 - PROM GAMBLING 2<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13054126<br>OTN #: 8153B23 | | Nolle Prosequi-10/09/2014 | | |
| 412 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055786<br>OTN #: 8153B23 | | Nolle Prosequi-10/09/2014 | | |

EXHIBIT 1

| 413 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055787<br>OTN #: 8153B23 | | Nolle Prosequi-10/09/2014 | | |
| 414 | HRS 712-1226 - POSS OF GAMB DV<br>Severity: MD - Misdemeanor<br>Citation/Arrest #: 13055788<br>OTN #: 8153B23 | | Nolle Prosequi-10/09/2014 | | |

**Related Cases**

No related cases were found.

**Case Event Schedule**

| Event | Defendant | Date | Time | Room | Location | Judge | Appearance Disposition |
|---|---|---|---|---|---|---|---|
| Jury Trial | EUGENE M SIMEONA JR | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Jury Trial | MICHAEL D MILLER JR | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Jury Trial | QUENTIN D CANENCIA | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Jury Trial | DESIREE U HAINA | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Jury Trial | MICHAEL A MADALI JR | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Jury Trial | TRACY T YOSHIMURA | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Jury Trial | ALEXANDER R ALEJANDRO | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Jury Trial | GARY G DANELY JR | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Jury Trial | CLAYTON SIMEONA | 02/09/2015 | 00:01:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Calendar Call | TRACY T YOSHIMURA | 01/15/2015 | 08:30:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Calendar Call | EUGENE M SIMEONA JR | 01/15/2015 | 08:30:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |
| Calendar Call | CLAYTON SIMEONA | 01/15/2015 | 08:30:00 | First Circuit 12th Division | PUNCHBOWL | Judge, Converted | |

EXHIBIT 1

# EXHIBIT 2

KEITH M. KIUCHI, ALC
KEITH M. KIUCHI #2735
American Savings Bank Tower,
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813
TEL.: (808) 533-2230; FAX: (808) 533-4391

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRACY T. YOSHIMURA, EUGENE M. SIMEONA, JR., MICHAEL D. MILLER, JR., GARY G. DANLEY, JR., QUENTIN D. R. CANENCIA, DESIREE U. HAINA, MICHAEL A. MADALI, JR., CLAYTON SIMEONA, <br><br> Plaintiffs, <br><br> vs. <br><br> KEITH M. KANESHIRO, individual and in his capacity as the Prosecuting Attorney of the City and County of Honolulu; KATHERINE KEALOHA, individually and in her capacity as Deputy Prosecuting Attorney; VERNON BRANCO; CITY AND COUNTY OF HONOLULU; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10; <br><br> Defendants. | CIVIL ACTION NO.: _____ <br> (Other Civil Action) <br><br><br><br><br> COMPLAINT; DEMAND FOR JURY TRIAL; and SUMMONS |

## <u>COMPLAINT</u>

**COMES NOW**, Plaintiffs TRACY T. YOSHIMURA, EUGENE M. SIMEONA, JR.,

MICHAEL D. MILLER, JR., GARY G. DANLEY, JR., QUENTIN D. R. CANENCIA,

DESIREE U. HAINA, MICHAEL A. MADALI, JR., CLAYTON SIMEONA, by and through

EXHIBIT 2

their attorney, KEITH M. KIUCHI, and for Complaint against the above-named Defendants, hereby alleges and avers as follows:

1.    Plaintiff TRACY T. YOSHIMURA (hereafter referred to as "Plaintiff YOSHIMURA"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

2.    Plaintiff EUGENE M. SIMEONA, JR. ("Plaintiff GENE SIMEONA"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

3.    Plaintiff MICHAEL D. MILLER, JR. ("Plaintiff MILLER"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

4.    Plaintiff GARY G. DANLEY, JR. ("Plaintiff DANLEY"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

5.    Plaintiff QUENTIN D. R. CANENCIA ("Plaintiff CANENCIA"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

6.    Plaintiff TRACY T. YOSHIMURA (hereafter referred to as "YOSHIMURA"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

7.    Plaintiff DESIREE U. HAINA ("Plaintiff HAINA"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

8.    Plaintiff MICHAEL A. MADALI, JR. ("Plaintiff MADALI"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

9.    Plaintiff CLAYTON SIMEONA ("Plaintiff CLAYTON SIMEONA"), is at all times relevant herein, a resident of the City and County of Honolulu, State of Hawaii.

EXHIBIT 2

10.     Defendant KEITH M. KANESHIRO is the Prosecuting Attorney of the City and County of Honolulu ("Prosecutor KANESHIRO") and is named here individually and in his official capacity as the Prosecuting Attorney of the City and County of Honolulu. Prosecutor KANESHIRO is an officer of the executive branch of the City and County of Honolulu.

11.     Defendant KATHERINE KEALOHA was, at all times set forth herein, a Deputy Prosecuting Attorney of the City and County of Honolulu ("DPA KEALOHA") and is named here individually and in her capacity as a Deputy Prosecuting Attorney of the City and County of Honolulu.

12.     Defendant VERNON BRANCO was, at all times set forth herein, an investigator employed by the Office of the Prosecuting Attorney of the City and County of Honolulu ("Defendant BRANCO") and is named here individually and in his capacity as an investigator employed by the Office of the Prosecuting Attorney of the City and County of Honolulu.

13.     Defendant CITY AND COUNTY OF HONOLULU ("CITY") is a body politic and corporate of the State of Hawaii and is a political subdivision of the State of Hawaii. As stated above, Prosecutor KANESHIRO is an officer of the executive branch of the City. The Office of the Prosecuting Attorney of the City and County of Honolulu is a department of the City and County of Honolulu and is sometimes hereafter in this Complaint referred to as the "Office of the Prosecuting Attorney". The CITY is named in this Complaint for actions also taken by employees of the Office of the Prosecuting Attorney.

14.     Except as specifically otherwise alleged, at all times relevant to this Complaint, the above-named individual Defendants were acting within the course and scope of their employment with the City and County of Honolulu.

EXHIBIT 2

15.     After completing a diligent investigation, Plaintiffs are unable to ascertain what other persons or entities, if any, in addition to the above-named defendants, may be liable to Plaintiffs.  Therefore, the true names, identities or capacities of Defendants John Does 1-10, Jane Does 1-10, Doe Governmental Entities 1-10 and their involvement herein are unknown to Plaintiffs, who therefore names said defendants by such fictitious names.  Plaintiffs will seek leave of court to amend its pleadings to set forth the true names and capacities of such fictitiously named defendants when the same become known to Plaintiffs.  Plaintiffs are informed and believe and allege thereon that each of the defendants designated herein may be liable in some way to Plaintiffs.

## STATEMENT OF JURISDICTION AND VENUE

16.     This court has jurisdiction over this matter under 28 U.S.C. §1331 as Plaintiffs' Complaint raises a federal question as Plaintiffs bring, as their first and second causes of action, claims under 42 U.S.C. §1983 asserting that Defendants, acting under the color of law, violated Plaintiffs' federal rights.

17.     This court has supplemental jurisdiction under 28 U.S.C. §1367(a) over the other causes of action raised by Plaintiffs in this Complaint.

18.     Plaintiffs all reside in the District of Hawaii and the contracts and agreements referred to herein were all made in the District of Hawaii and all of the actions alleged in this Complaint occurred in the District of Hawaii and all Defendants are residents of the State of Hawaii.  Plaintiffs thus assert that the venue for this action is proper in the District of Hawaii.

## **FACTS COMMON TO ALL COUNTS**

19.     Plaintiff YOSHIMURA, at all times herein, was the owner of PJY Enterprises, LLC, a Hawaii limited liability company ("PJY").  At all times relevant herein, PJY was the

4

EXHIBIT 2

distributor, in the City and County of Honolulu, State of Hawaii, of Products Direct®
Sweepstakes terminals ("PDS terminals").

    20.     Plaintiff GENE SIMEONA, at all times herein, was the owner of a Hawaii
corporation named GS Entertainment, Inc. ("GS").  At all times relevant herein, GS owned
arcades named Lucky Touch 2 in the City and County of Honolulu, State of Hawaii.

    21.     Plaintiff MILLER, at all times herein, was the owner of a Hawaii corporation
named MIKE, INC. ("MIKE").  At all times relevant herein, MIKE owned arcades named Lucky
Touch in the City and County of Honolulu, State of Hawaii.

    22.     On September 27, 2012, Prosecutor KANESHIRO, in cooperation with the
Honolulu Police Department, directed and conducted a seizure of seventy-seven (77) PDS
terminals located in six separate game arcades operated by entities that were not owned or
operated by any of the Plaintiffs.  These six game arcades and their owners and locations were:

> Winnerz Zone Ewa Beach - S L & G Investments, LLC, a Hawaii limited liability
> company; 91-896 Makule Rd., Ewa Beach, HI
>
> Winnerz Zone Waikiki – WZ Waikiki Partners, LLC, a Hawaii limited liability company;
> 2301 Kuhio Ave., Honolulu, HI
>
> Winnerz Zone Pearl City – Lucky G Enterprises, Inc., a Hawaii corporation; 719
> Kamehameha Hwy., Pearl City, HI
>
> Winnerz Zone Ward – Lucky G Enterprises, Inc., a Hawaii corporation; 320 Ward Ave.,
> Honolulu, HI
>
> Winnerz Zone Wahiawa – WZ Wahiawa Partners, LLC, a Hawaii limited liability
> company; 823 California Ave., Wahiawa, HI
>
> Winnerz Zone Waipio – PMG Entertainments, LLC, a Hawaii limited liability company;
> 94-1235 Ka Uka Blvd., Waipio, HI

After this September 27, 2012 seizure Plaintiff YOSHIMURA stated to the news media that:

"We're within the law.  We're not committing any crimes.  That's the important thing for us."

EXHIBIT 2

Plaintiff YOSHIMURA was also critical of Prosecutor KANESHIRO's actions regarding the PDS terminals.

23.     Two additional seizures of PDS terminals in game arcades followed on December 13, 2012 and February 14, 2013 and seventy-five (75) PDS terminals were seized on those two dates.  The seizures that occurred on December 13, 2012 were from five (5) separate arcades, four of them owned by GS and MIKE.  The seizures that occurred on February 14, 2013 were from six (6) separate arcades, five of them owned by GS and MIKE.  All of the employees that worked in the game arcades subjected to seizures on these two dates were indicted in the FIRST criminal indictment and the SECOND criminal indictment.  These arcades were NOT associated with the arcades set forth in Paragraphs 22, 24, and 25 herein.

24.     On or about May 8, 2013, Prosecutor KANESHIRO personally assigned Defendant BRANCO to investigate several other arcades in the City and County of Honolulu, focusing solely on the PDS terminals.  Defendant BRANCO, acting pursuant to this investigatory assignment from Prosecutor KANESHIRO, proceeded to conduct an undercover investigation at the following arcades, along with their and their owners (at the time of the investigation) and locations:

Lucky 777 – A & W Partnership, LLC, a Hawaii limited liability company; 1810 N. King St., Honolulu

Winnerz Zone Waiakamilo – WZ Waiakamilo Partners, LLC, a Hawaii limited liability company; 727 Waiakamilo Rd., Honolulu

Game Zone II – L.C.Y. Hawaii, LLC, a Hawaii limited liability company; 1750 Kalakaua Ave., Honolulu

Game Zone – New World Group, Inc., a Hawaii corporation; 3221 Waialae Ave., Unit A-5, Honolulu

EXHIBIT 2

Game Zone – New World Group, Inc., a Hawaii corporation; 3012 Waialae Ave., Honolulu (this arcade's name was later changed to Pure Luck, which is a trade name owned by Ken & Tina Investment, Inc., a Hawaii corporation)

Bellagio Entertainment Center - New World Group, Inc., a Hawaii corporation; 815-B Keeaumoku St., Honolulu

Winning Zone II – Ha Kaneohe Partnerships, LLC, a Hawaii limited liability company; 1 N. King St., Honolulu

All of these undercover investigations were conducted solely by Defendant BRANCO, who then sent reports and memorandums directly to Prosecutor KANESHIRO, and at no time were any personnel from the Attorney General's Office or the Honolulu Police Department involved in Defendant BRANCO's undercover investigation.

25.      On or about August 14, 2013, twelve (12) PDS terminals were seized from a game arcade located at 3221 Waialae Ave., Unit A-5, Honolulu, HI 96816 (Game Zone). The game arcade at 3221 Waialae Ave., Unit A-5 was owned and operated by New World Group, Inc., a Hawaii corporation. The PDS terminals seized on that date were owned by New World Group, Inc. The search warrant issued for 3221 Waialae Ave. was based upon undercover entries made into this arcade by Defendant BRANCO on May 21, 2013; May 23, 2013; June 5, 2013; June 22, 2013; June 26, 2013; and July 10, 2013. In the fall of 2013, after 190 PDS terminals had been seized and held by the authorities, Plaintiff YOSHIMURA made a statement to Hawaii News Now about Prosecutor KANESHIRO, stating: "I'd like to publicly challenge Keith, to charge us or leave us alone and release the equipment he is holding." Plaintiff YOSHIMURA further stated to Hawaii News Now: "I compare him to the gangster John Gotti wherein John didn't like somebody he would go in and shoot up the place and destroy everything in the business and walk away hoping that's the end of you. In this case Keith comes in, takes our equipment and claims he's doing it in conjunction with an ongoing investigation."

EXHIBIT 2

26.     Defendant BRANCO also made undercover entries into Lucky 777 at 1810 N. King St. (June 4, 2013; June 27, 2013; and July 11, 2013); into Winnerz Zone Waiakamilo at 727 Waiakamilo Rd.(June 6, 2013); into Game Zone II at 1750 Kalakaua Ave. (July 8, 2013, August 12, 2013); into Game Zone, which later changed its name to Pure Luck at 3012 Waialae Ave. (June 5, 2013; June 19, 2013; June 28, 2013; July 10, 2013; September 26, 2013; October 2, 2013; and October 8, 2013); into Winning Zone II at 1 N. King St. (May 22, 2013); and into Bellagio Entertainment Center at 815-B Keeaumoku St. (July 2, 2013).  In each of these undercover entries Defendant BRANCO prepared a report or memorandum that was sent to Prosecutor KANESHIRO and DPA KEALOHA, and in all of these undercover entries Defendant BRANCO acted without any assistance from the Honolulu Police Department or the Attorney General's Office.

27.     In response to the seizures described in Paragraph 22 above that occurred on September 27, 2012, a lawsuit was filed by PJY and others on October 12, 2012 in the First Circuit Court of the State of Hawaii, seeking a Declaratory Judgment, Injunctive Relief and Monetary Damages (the "State Complaint").  The Defendants in the State Complaint included Prosecutor Kaneshiro, Chief of the Honolulu Police Department Louis Kealoha, the Honolulu Police Department and the City and County of Honolulu (collectively the "City Defendants"). The State Complaint was removed to the United States District Court for the District of Hawaii from the Circuit Court of the First Circuit, State of Hawaii, on October 26, 2012.  The federal district court action is entitled: *PJY Enterprises, LLC, et. al. vs. Keith M. Kaneshiro, et. al.;* Civil No. 12-00577 (LEK-KSCRLP) (the "Federal action").  As a direct result of the seizures that occurred on December 13, 2012 and February 14, 2013 the plaintiffs in the Federal action sought leave for and were allowed to file a Second Amended Complaint in the Federal action

EXHIBIT 2

which added additional claims, additional plaintiffs and additional defendants. In the Second
Amended Complaint the Plaintiffs in this Complaint were all Plaintiffs in the Second Amended
Complaint in the Federal action.

28. On April 30, 2014 the Honorable Leslie Kobayashi, the assigned judge in the
Federal action, entered an order granting the City Defendants motion for partial summary
judgment in the Federal action.

29. On May 1, 2014, a state grand jury convened in the Circuit Court of the First
Circuit indicted Plaintiff YOSHIMURA, Plaintiff GENE SIMEONA, Plaintiff MILLER,
Plaintiff DANLEY, Plaintiff CANENCIA, Plaintiff HAINA, Plaintiff MADALI, Plaintiff
CLAYTON SIMEONA and Alexander Alejandro in that matter entitled: *State of Hawai`i vs.*
*Tracy T. Yoshimura, et. al.*, Cr. No. 14-1-0717 (the "FIRST criminal indictment"). The
operators of the arcades from which seizures occurred on September 27, 2012 and August 14,
2013 as set forth above, were not indicted as part of this FIRST criminal indictment, nor were the
operators of other arcades described in Paragraphs 24 and 26 of this Complaint part of this
FIRST criminal indictment.

30. DPA KEALOHA was assigned by Prosecutor KANESHIRO to review the
evidence in the FIRST criminal indictment and present the case to the Oahu Grand Jury. The
decision to present the FIRST criminal indictment to the Oahu Grand Jury was made by
Prosecutor KANESHIRO. The total bail requested by DPA KEALOHA exceeded $950,000.00
on the defendants in the FIRST criminal indictment, and extraordinary amount considering that
none of those defendants were charged with Class A felonies.

31. On information and belief, Prosecutor KANESHIRO hired DPA KEALOHA as a
deputy prosecuting attorney. On information and belief, Prosecutor KANESHIRO appointed

9

EXHIBIT 2

DPA KEALOHA as the head of the Career Criminal Unit of the Office of the Prosecuting

Attorney.  On information and belief, Prosecutor KANESHIRO assigned DPA KEALOHA to

investigate and prosecute the FIRST criminal indictment.  Prosecutor KANESHIRO also hired

Defendant BRANCO as an investigator.  All of these decisions were made by Prosecutor

KANESHIRO in his administrative capacity as Prosecuting Attorney for the City and County of

Honolulu.  Under §8-105 of the Honolulu City Charter Prosecutor KANESHIRO is empowered

to appoint deputies and other necessary staff.  DPA KEALOHA was appointed by Prosecutor

KANESHIRO pursuant to this provision in the Honolulu City Charter.  The powers set forth in

§8-105 of the Honolulu City Charter are separate and apart from those powers given to

Prosecutor KANESHIRO in §8-104 of the Honolulu City Charter, the latter provision setting for

powers that Prosecutor KANESHIRO has in reference to prosecuting offenses in court and

instituting proceedings in court and making appearances in criminal cases.

     32.     The presentation of evidence before the grand jury in the FIRST criminal

indictment was done by DPA KEALOHA and another deputy prosecuting attorney and her

presentation resulted in the issuance of an indictment by the grand jury on May 1, 2014.  At the

grand jury proceedings in the FIRST criminal indictment on May 1, 2014, DPA KEALOHA

presented the testimony of Defendant BRANCO, an investigator with the Office of the

Prosecuting Attorney, and Lt. Aaron Young of the Honolulu Police Department, alleging that

Plaintiff YOSHIMURA was the owner of businesses with the following trade names: Bellagio,

the Game Zone, the Game Zone II, Panico (phonetic) Promotions, Lucky 777, Pure Luck, and

New World Group.  Bellagio, Game Zone, Game Zone II, Lucky 777, Pure Luck and New

World Group were arcades or businesses which Defendant BRANCO entered his undercover

capacity as set forth in Paragraphs 24, 25 and 26 herein.

10

EXHIBIT 2

33.     At the time of Defendant BRANCO's undercover investigation, Plaintiff YOSHIMURA was NOT the owner of businesses with the following trade names: Bellagio, the Game Zone, the Game Zone II, Panico (phonetic) Promotions, Lucky 777, Pure Luck, and New World Group, and this was proven by records on file with the Dept. of Commerce and Consumer Affairs of the State of Hawaii. DPA KEALOHA filed a Declaration with the First Circuit Court in the First criminal indictment on October 9, 2014, stating that she: "was not aware at the time of the Grand Jury presentation that Tracy Yoshimura was not the owner of record on file with the DCCA of: New World Group d/b/a Gamezone; the Game Zone, Game Zone II, Lucky 777, and Pure Luck." Thus DPA KEALOHA admitted that Plaintiff YOSHIMURA was not the owner of record on file with the DCCA of: New World Group d/b/a Gamezone; the Game Zone, Game Zone II, Lucky 777, and Pure Luck, which is contrary to the testimony that was presented in the grand jury proceedings, specifically the testimony of Defendant BRANCO.

34.     On June 12, 2014 Plaintiff YOSHIMURA, in the FIRST criminal indictment, filed a Motion to Disqualify the Department of the Prosecuting Attorney ("Motion to Disqualify"). This motion was joined in by Plaintiffs GENE SIMEONA, MILLER, DANLEY, CANENCIA, HAINA, MADALI, CLAYTON SIMEONA and Alexander Alejandro. The hearing on this motion was originally scheduled for June 17, 2014 and was rescheduled for July 7, 2014, and then was continued to September 2, 2014.

35.     On September 2, 2014 Plaintiff YOSHIMURA's attorney in the FIRST criminal indictment filed a Declaration of Keith M. Kiuchi as a supplement to the Motion to Disqualify. This declaration raised the question of the ownership of New World Group, Inc., one of the entities that Plaintiff YOSHIMURA was alleged to have owned and/or operated, which the declaration stated was actually owned and operated by a woman named Soon Yun. The

EXHIBIT 2

declaration further stated that DPA KEALOHA was fully aware that New World Group, Inc. was not owned by Plaintiff YOSHIMURA but was owned by Soon Yun. New World Group, Inc. owned that arcade described in Paragraph 25 herein.

36.  On September 2, 2014 the court held a status conference instead of a hearing on the Motion to Disqualify. At this status conference DPA KEALOHA stated that she intended to defend against the Motion to Disqualify and would be filing declarations contesting the statements in the Motion to Disqualify. Plaintiff YOSHIMURA's attorney and the attorneys for the other defendants in the FIRST criminal indictment stated at this status conference that motions would be filed to dismiss the FIRST criminal indictment based on excessive hearsay, insufficient evidence, failure to present exculpatory evidence, and misrepresentation of the evidence. The hearing date on the Motion to Disqualify and the new motions was then set for October 14, 2014.

37.  On September 26, 2014 Plaintiff YOSHIMURA's attorney attorneys for two other defendants in the FIRST criminal indictment filed motions to dismiss the FIRST criminal indictment for various reasons. The motion to dismiss filed by Plaintiff YOSHIMURA's attorney in the FIRST criminal indictment included a September 25, 2014 Declaration of Keith M. Kiuchi which further detailed that Plaintiff YOSHIMURA did not own or operate the businesses he was alleged to have operated in the FIRST criminal indictment to have owned and/or operated. On October 6, 2014, DPA KEALOHA filed a motion to continue the hearings on the various motions and asked for additional time to properly research and respond to the motions. The court in the FIRST criminal indictment denied this motion to continue these hearings and set the motions for hearing on October 14, 2014.

EXHIBIT 2

38.  Plaintiffs assert, based upon the foregoing, that DPA KEALOHA knowingly or intentionally presented false evidence at the grand jury proceedings to mislead the grand jury regarding the ownership of businesses with the following trade names: Bellagio, Game Zone, Game Zone II, Panico (phonetic) Promotions, Lucky 777, Pure Luck, and New World Group.

39.  On October 9, 2014 the Office of the Prosecuting Attorney presented to the court in the FIRST criminal indictment an Ex Parte Motion to Nolle Prosequi Without Prejudice ("Motion to Nolle Prosequi"). The court in the FIRST criminal indictment approved the State's Motion to Nolle Prosequi.

40.  On October 14, 2014 Plaintiff's attorney in the FIRST criminal indictment filed a Motion to Reconsider Order Granting State of Hawaii's Ex Parte Motion to Nolle Prosequi Without Prejudice ("Reconsideration Motion"). A hearing on this Reconsideration Motion was set for November 18, 2014.

41.  The court in the FIRST criminal indictment subsequently denied the Reconsideration Motion in an oral decision issued on November 21, 2014 and a written order dated and filed on December 1, 2014. Thus the FIRST criminal indictment was dismissed without prejudice.

42.  On January 28, 2016 a state grand jury convened in the Circuit Court of the First Circuit indicted Plaintiffs DANLEY, CANENCIA, HAINA, MADALI, CLAYTON SIMEONA and Alexander Alejandro in that matter entitled: ***State of Hawai`i vs. Gary G. Danley, Jr., et. al.***, Cr. No. 16-1-0145 (the "SECOND criminal indictment"). These six individuals were each charged with Promoting Gambling in the First Degree under HRS §712-1221(1)(c) and Unlawful Ownership or Operation of a Business under HRS §842-2(3) and 842-3. The presentation to the grand jury was made by DPA KEALOHA.

13

EXHIBIT 2

43.     In this SECOND criminal indictment Plaintiff CLAYTON SIMEONA was charged with these criminal offenses for acting as a cashier at the Lucky Touch 2 location at Stadium Mall in Honolulu.  However at the grand jury proceeding on January 28, 2016 DPA KEALOHA failed to inform the grand jury that the State's expert, who testified at the grand jury proceedings in the SECOND criminal indictment, did NOT examine any PDS machines from the Stadium Mall location.  In all 22 PDS machines were seized on February 14, 2013 from five (5) different locations, but no PDS machines were seized from the Stadium Mall location and DPA KEALOHA failed to disclose this to the grand jury on the SECOND criminal indictment.

44.     Plaintiffs DANLEY, CANENCIA, HAINA, MADALI, and CLAYTON SIMEONA were all arraigned on February 4, 2016 in the SECOND criminal indictment and an initial trial setting was set for April 4, 2016.  All of these Plaintiffs formally requested discovery shortly after they were arraigned, meaning requesting police reports and other reports in the possession of the Office of the Prosecuting Attorney.  This includes but is not limited to any expert witness reports.

45.     The City did not produce any expert witness report(s) to any of these Plaintiffs or Alexander Alejandro until July 13, 2016.  That expert witness report, which was prepared by Richard LaBrocca, was dated April 15, 2016.  The expert witness report of Mr. LaBrocca was not produced until this report was demanded in a separate criminal indictment against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER.  Plaintiffs assert that the Prosecutor KANESHIRO and the Doe Defendants intentionally delayed the release of Mr. LaBrocca's expert witness report to Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA and MADALI.

EXHIBIT 2

46.     Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA and MADALI all had no ownership in any of the six (6) arcades that were subject to the seizures on December 13, 2012 and February 14, 2013.  These Plaintiffs all worked as cashiers in these six (6) arcades which had separate owners.

47.     On February 24, 2016 a state grand jury convened in the Circuit Court of the First Circuit indicted Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER in that matter entitled: *State of Hawai`i vs. Tracy T. Yoshimura, et. al.*, Cr. No. 16-1-0288 (the "THIRD criminal indictment").  These three individuals were each charged with Promoting Gambling in the First Degree under HRS §712-1221(1)(c) and Unlawful Ownership or Operation of a Business under HRS §842-2(3) and 842-3.  The presentation to the grand jury was made by DPA KEALOHA.

48.     At the grand jury proceeding in the THIRD criminal indictment Defendant BRANCO testified that Plaintiff YOSHIMURA owned businesses known as Bellagio Entertainment Center (825 Keeaumoku St.), Game Zone which later became Pure Luck (3012 Waialae Ave.), and Game Zone (3221 Waialae Ave.) at the time of Defendant BRANCO's investigation into activities at these three arcades as described in Paragraphs 24, 25, and 26 herein.  Plaintiff YOSHIMURA never owned any of these businesses and the trade names for these businesses were transferred to Plaintiff YOSHIMURA without his knowledge on November 1, 2013, which is AFTER the dates of Defendant BRANCO's investigation. Defendant BRANCO wrote a report to Prosecutor KANESHIRO and DPA KEALOHA in which he specifically stated the entities that owned these three arcades, and none of the entities were connected to Plaintiff YOSHIMURA.  DPA KEALOHA knew that Plaintiff YOSHIMURA did not own these businesses and that the trade names for these businesses were transferred to

15

EXHIBIT 2

Plaintiff YOSHIMURA without his knowledge on November 1, 2013. Despite having this knowledge, DPA KEALOHA allowed Defendant BRANCO to falsely testify before the grand jury in the THIRD criminal indictment about Plaintiff YOSHIMURA's alleged ownership of these three arcades.

49.     At the grand jury in the THIRD criminal indictment, despite having this knowledge DPA KEALOHA repeated the same malicious conduct that she committed in the FIRST indictment by intentionally suborning injury by asking Defendant BRANCO questions that led him to provide false testimony before the grand jury regarding Plaintiff YOSHIMURA's alleged ownership of these three arcades.

50.     DPA KEALOHA represented the Office of the Prosecuting Attorney in a Motion for Return of Property Under Rule 41(e) of the Hawaii Rules of Penal Procedure in the First Circuit Court of the State of Hawaii as a special proceeding ("Rule 41(e) motion"). This Rule 41(e) motion is entitled *New World Group, Inc. v. Dept. of the Prosecuting Attorney*, S.P. No. 13-1-00455, and was filed on or about September 6, 2013 and was brought for the return of PDS terminals seized by the Office of the Prosecuting Attorney on or about August 14, 2013 at 3221 Waialae Ave. In that Rule 41(e) motion New World Group, Inc. submitted: (a) a Declaration of Soon Yun stating that she was the President of New World Group, Inc., (b) a property receipt for the PDS terminals made out by the Office of the Prosecuting Attorney to Soon Yun, and (c) a letter from the landlord of the game arcade at 3221 Waialae Ave., Unit A-5 to Soon Yun dated August 29, 2013 terminating their lease in part because of the seizure of the PDS terminals.

51.     DPA KEALOHA defended against the Rule 41(e) motion and was thus aware of the three documents described in Paragraph 50 above that clearly established that Soon Yun was the owner, officer and director of New World Group, Inc. and that Plaintiff YOSHIMURA was

16

EXHIBIT 2

not involved in the ownership or operation of New World Group, Inc. Even having this knowledge DPA KEALOHA proceeded with the THIRD criminal indictment alleging that Plaintiff YOSHIMURA owned the arcade at 3221 Waialae Ave. DPA KEALOHA was aware that Plaintiff YOSHIMURA had no ownership in the arcade at 3221 Waialae Ave. based upon a memorandum written from Defendant BRANCO to DPA KEALOHA and Prosecutor KANESHIRO.

52. On October 27, 2016, the criminal charges against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER in the THIRD criminal indictment were dismissed upon filing of that: Findings of Fact, Conclusions of Law, and Order Granting Defendant Yoshimura's Motion to Dismiss Indictment for Violation of Rule 48 of the Hawaii Rules of Penal Procedure (the "YOSHIMURA Dismissal Order"). The YOSHIMURA Dismissal Order was not appealed from by the Office of the Prosecuting Attorney. The YOSHIMURA Dismissal Order dismissed all charges against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER with prejudice.

53. On April 5, 2017, the criminal charges against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI in the SECOND criminal indictment were dismissed upon filing of that: (a) Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Defendant Gary G. Danley Jr's Motion to Dismiss Indictment Due to Prosecutorial Misconduct, and (b) Findings of Fact and Conclusions of Law and Order Granting in Part and Denying in Part Defendant Gary G. Danley, Jr.'s Motion to Dismiss Indictment for Insufficiency of the Evidence (the "DANLEY Dismissal Orders"). The DANLEY Dismissal Orders were not appealed from by the Office of the Prosecuting Attorney. The DANLEY Dismissal Orders collectively dismissed all charges against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI with prejudice. On April 12, 2017 an order

17

EXHIBIT 2

entered entitled: Findings of Fact, Conclusions of Law and Order Granting Defendant Desiree U.

Haina's Motion to Dismiss Charges for Violation of HRPP Rule 48 and Speedy Trial Rights (the

"HAINA Dismissal Order"). The HAINA Dismissal Order also dismissed the SECOND

criminal indictment based upon HRPP Rule 48 and Speedy Trial Rights as to Plaintiffs

DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI with prejudice. The

DANLEY Dismissal Orders and the HAINA Dismissal Order were not appealed from by the

Office of the Prosecuting Attorney.

 54. Based upon the Orders described in Paragraphs 48 and 49 herein, ALL criminal

charges have been dismissed against all Plaintiffs herein with prejudice.

## COUNT I
### (42 U.S.C. §1983 Civil Rights Claim for Retaliatory Prosecution by ALL Plaintiffs Against Prosecutor KANESHIRO, Defendants DPA KEALOHA, BRANCO and CITY)

 55. The allegations contained in paragraphs 1 through 54 herein are realleged and

incorporated herein by reference.

 56. Plaintiff YOSHIMURA has made statements critical of Prosecutor KANESHIRO

regarding Prosecutor KANESHIRO's seizure of the PDS terminals, including but not limited to

statements like: "We're within the law. We're not committing any crimes. That's the important

thing for us." Plaintiff YOSHIMURA has also accused Prosecutor KANESHIRO's actions as

being a form of harassment and has publicly challenged Prosecutor KANESHIRO as set forth in

Paragraph 25 herein. Plaintiff YOSHIMURA's statements about Prosecutor KANESHIRO are

protected free speech under the First Amendment to the United States Constitution and the

applicable provision of the Hawaii Constitution.

 57. Plaintiffs were all plaintiffs in the Federal action against Prosecutor

KANESHIRO and others. The filing of the Federal action, both in the initiation of the Federal

EXHIBIT 2

action and subsequent pleadings (including but not limited to the Second Amended Complaint), are protected by the First Amendment of the United States Constitution and the applicable provision of the Hawaii Constitution in that the right to petition the Government for a redress of grievances shall not be abridged. Plaintiffs thus have the constitutional right to file a civil suit that includes Prosecutor KANESHIRO as a defendant.

58.     The Office of the Prosecuting Attorney never filed any criminal charges against the owners or employees of the numerous arcades that were the subject of the September 27, 2012 seizure (Par. 22) or the owners or employees of any of the numerous arcades that were the subject of the undercover investigation instigated by Prosecutor KANESHIRO with the assistance of Defendant BRANCO as described in Paragraphs 24, 25, and 26 herein, with the exception that Plaintiff YOSHIMURA was wrongfully accused by the Office of the Prosecuting Attorney in the THIRD criminal indictment of ownership of three arcades described in Paragraphs 24, 25, and 26 herein.

59.     The FIRST criminal indictment, SECOND criminal indictment and THIRD criminal indictment is a reprisal against Plaintiffs for both Plaintiff YOSHIMURA's protected speech and the Plaintiffs right to petition the Government for a redress of grievances by filing the Federal action. Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO all participated in this reprisal, which constitutes retaliatory prosecution, depriving all Plaintiffs of their constitutional rights as set forth above. Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO are not entitled to absolute immunity for this reprisal because, in part, they have specifically engaged in investigatory activities on their own, as described in Paragraphs 24, 25, and 26 herein. Defendant BRANCO engaged in this investigatory activity at the direction of

19

EXHIBIT 2

Prosecutor KANESHIRO and Defendant BRANCO then reported his investigatory activity to Prosecutor KANESHIRO and DPA KEALOHA.

60.    At the time that Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO participated in this retaliatory prosecution, they did so under the color of state law, in violation of 42 U.S.C. § 1983.

61.    The actions of Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO constituted a retaliatory prosecution, violating Plaintiffs' constitutional rights, because only these Plaintiffs and employees of Plaintiffs GENE SIMEONA and MILLER were ever charged with criminal offenses, where the operators or owners of the arcades described in Paragraphs 22, 24, 25, and 26 were never charged. Thus there exists a causal connection between the Plaintiffs filing and participation in the Federal action and the reprisal exacted by Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO.

62.    That there was no probable cause to establish that Plaintiff YOSHIMURA owned or operated any of the three arcades that he was indicted for in the THIRD criminal indictment and to the contrary, Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO were all aware that persons other than Plaintiff YOSHIMURA owned and operated the three arcades Plaintiff YOSHIMURA was indicted for in the THIRD criminal indictment.

63.    There was no probable cause to establish that Plaintiffs DANLEY, CANENCIA, HAINA, MADALI and CLAYTON SIMEONA owned or were part of an unlawful business as defined under HRS § 842-2(3) and § 842-3.

64.    There was no probable cause to establish that Plaintiff CLAYTON SIMEONA committed any criminal offense, given that no PDS terminals were seized from the store at

EXHIBIT 2

Stadium Mall where he worked and that this fact was concealed from the grand jury by DPA KEALOHA.

65.    Plaintiffs assert that there may be other facts, both alleged above and which will be determined upon further discovery, which will presented at the trial in this matter that will also establish the retaliatory prosecution committed by Prosecutor KANESHIRO, DPA KEALOHA, and Defendant BRANCO, which is a violation under 42 U.S.C. § 1983 based upon the United States Supreme Court rulings in *Bivens v. Six Unknown Fed. Narcotics Agents*, and *Hartman v. Moore*.

66.    Because Prosecutor KANESHIRO, DPA KEALOHA, and Defendant BRANCO are all employees of the City, the City is responsible for their actions under the theory of respondeat superior and thus has liability for their actions under this count of the Complaint.

67.    As a direct and proximate result of the retaliatory prosecution committed by Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO, all of the Plaintiffs incurred monetary damages in an amount to be proven at the trial in this matter.  As a proximate result thereof, these Plaintiffs also suffered severe mental and emotional distress, to be proven at the trial in this matter, to which they are entitled to a monetary award.

## COUNT II
**(42 U.S.C. §1983 Civil Rights Claim for Violation of Equal Protection Clause Based on Selective Enforcement by ALL Plaintiffs Against Prosecutor KANESHIRO, Defendants KEALOHA, BRANCO and CITY)**

68.    The allegations contained in paragraphs 1 through 67 herein are realleged and incorporated herein by reference.

69.    Plaintiffs GENE SIMEONA and MILLER owned and operated arcades and based upon their ownership they were indicted in the FIRST criminal indictment and the THIRD criminal indictment based upon this ownership.  Plaintiffs DANLEY, CANENCIA, HAINA,

21

EXHIBIT 2

MADALI, CLAYTON SIMEONA and any other defendants indicted in the FIRST criminal indictment and the SECOND criminal indictment all worked as cashiers in the arcades operated by Plaintiffs GENE SIMEONA and MILLER and they were indicted in the FIRST criminal indictment and the SECOND criminal indictment based upon their work as cashiers. Plaintiff YOSHIMURA was the distributor of the PDS terminals and his company sold PDS terminals to the arcades owned by Plaintiffs GENE SIMEONA and MILLER and he was also indicted in the FIRST criminal indictment and the THIRD criminal indictment.

70.     That the owners and employees of the arcades mentioned in Paragraph 22 herein, which were six separate arcades, were never indicted by the CITY despite having PDS terminals in these six separate arcades that were seized by the CITY.

71.     The owners and employees of the arcades mentioned in Paragraphs 24, 25, and 26 herein were never indicted by the CITY despite all of these arcades having PDS terminals in these arcades and where the investigation into these arcades was conducted by Defendant BRANCO into the PDS terminals, and that investigation was not conducted by the Attorney General's Office or the Honolulu Police Department. Instead, DPA KEALOHA and Prosecutor KANESHIRO, with the assistance of Defendant BRANCO, charged Plaintiff YOSHIMURA in the FIRST criminal indictment and the THIRD criminal indictment for owning or operating the businesses set forth in Paragraphs 24, 25, and 26 herein, where that allegation was false.

72.     Thus the Plaintiffs here were selectively treated by Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO in that they were subjected to criminal prosecution where the owners and employees of the arcades set forth in Paragraphs 22, 24, 25, and 26 herein were not subjected to criminal prosecution. Instead, DPA KEALOHA and Defendant BRANCO

22

EXHIBIT 2

falsely asserted before the grand jury on the THIRD criminal indictment that Plaintiff YOSHIMURA owned three of the arcades set forth in Paragraphs 24, 25, and 26.

73.     The selective treatment of Plaintiffs by Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO was motivated by an intention to discriminate on the basis of impermissible considerations, in this case specifically to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure Plaintiffs.  Specifically, Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO singled out Plaintiffs because: (a) they filed the Federal action against Prosecutor KANESHIRO and other defendants, (b) Plaintiffs DANLEY, CANENCIA, HAINA, MADALI and CLAYTON SIMEONA all worked for arcades owned by Plaintiffs GENE SIMEONA and MILLER, (c) Plaintiff YOSHIMURA had criticized Prosecutor KANESHIRO in the media as set forth above, and (d) Plaintiffs were part of a group that insisted that their actions were legal.

74.     The similarity in circumstances between the arcades described in Paragraphs 22, 24, 25, and 26 herein, and the arcades owned by Plaintiffs GENE SIMEONA and MILLER where Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA and MADALI worked (specifically the similarity being that they all had PDS terminals in the arcades), and their difference in treatment (in that Plaintiffs herein were indicted but no owners, operators or employees from the arcades described in Paragraphs 22, 24, 25, and 26 were indicted), are sufficient to exclude the possibility that Prosecutor KANESHIRO, DPA KEALOHA, and Defendant BRANCO acted on the basis of a mistake.

75.     Plaintiffs assert that there may be other facts, both alleged above and which will be determined upon further discovery, which will presented at the trial in this matter that will also establish that they were singled out and thus Prosecutor KANESHIRO, DPA KEALOHA,

23

EXHIBIT 2

and Defendant BRANCO all violated the Equal Protection rights of Plaintiffs based upon selective enforcement, which is a violation under 42 U.S.C. § 1983.

76.     Because Prosecutor KANESHIRO, DPA KEALOHA, and Defendant BRANCO are all employees of the CITY, the CITY is responsible for their actions under the theory of respondeat superior and thus has liability for their actions under this count of the Complaint.

77.     As a direct and proximate result of Prosecutor KANESHIRO, DPA KEALOHA and Defendant BRANCO violating the Equal Protection rights of Plaintiffs based upon selective enforcement, all of the Plaintiffs incurred monetary damages in an amount to be proven at the trial in this matter.  As a proximate result thereof, these Plaintiffs also suffered severe mental and emotional distress, to be proven at the trial in this matter, to which they are entitled to a monetary award.

## COUNT III
### (State Claim for Initiation of Malicious Prosecution – Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA and MADALI Against Defendants KEALOHA and CITY)

78.     The allegations contained in paragraphs 1 through 87 herein are realleged and incorporated herein by reference.

79.     The SECOND criminal indictment against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI has been terminated in favor their favor as all charges in this indictment have been dismissed WITH prejudice.

80.     The SECOND criminal indictment against Plaintiffs was instituted without probable cause against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI as to any allegation that they owned or were part of an unlawful business as defined under HRS § 842-2(3) and § 842-3.

EXHIBIT 2

81.     The SECOND criminal indictment against Plaintiff CLAYTON SIMEONA was also instituted without probable cause both as to the charge under HRS § 842-2(3) and § 842-3 AND the charge of Promoting Gambling in the First Degree.

82.     DPA KEALOHA was specifically aware that the charges against these Plaintiffs in the SECOND criminal indictment were instituted without probable cause because: (a) DPA KEALOHA knew that Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI were cashiers in separate locations and that there was no continuity of structure and personnel to show that they were functioning as a continuing unit.

83.     DPA KEALOHA was specifically aware that the charges against Plaintiff CLAYTON SIMEONA in the SECOND criminal indictment was instituted without probable cause because she concealed from the grand jury in the SECOND criminal indictment that no PDS machines were seized from the Stadium Mall location where Plaintiff CLAYTON SIMEONA worked as a cashier and despite knowing this DPA KEALOHA created the unfair inference to the grand jury in the SECOND criminal indictment that Plaintiff CLAYTON SIMEONA worked at an arcade where a PDS machine had been seized and examined by the expert retained by the Office of the Prosecuting Attorney.

84.     DPA KEALOHA acted with malice in the initiation of the SECOND criminal indictment proceedings against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI before the grand jury.  DPA KEALOHA acted with malice because: (a) she proceeded to indict these Plaintiffs under HRS § 842-2(3) and § 842-3 despite knowing that these Plaintiffs were cashiers had no ownership in any of the businesses and that they were not part of an organization with any continuity of structure, (b) she knew that CLAYTON SIMEONA worked at an arcade, Stadium Mall, where no PDS machines were seized, (c)

25

EXHIBIT 2

because the Office of the Prosecuting Attorney intended to offer these Plaintiffs plea bargains to dismiss these charges in return for testimony against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER, (d) she asked for excessive bail amounts to be posted by all Plaintiffs with the full intention of putting all Plaintiffs in a financially disadvantageous position, and (e) because these Plaintiffs were only indicted because they were all plaintiffs in the Federal action. These Plaintiffs asserts that there may be other facts, both alleged above and which will be determine upon further discovery, which will presented at the trial in this matter that will also establish DPA KEALOHA's malice.

85.     Based upon the foregoing DPA KEALOHA is liable to Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI under the tort of malicious prosecution in initiating the SECOND criminal indictment against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI.

86.     Because DPA KEALOHA is an employee of the City, the City is responsible for their actions under the theory of respondeat superior and thus has liability for her actions under this count of the Complaint.

87.     As a proximate result of the malicious prosecution of Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI by initiating the SECOND criminal indictment, Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI incurred monetary damages in an amount to be proven at the trial in this matter.  As a proximate result thereof, these Plaintiffs also suffered severe mental and emotional distress, to be proven at the trial in this matter, to which they are entitled to a monetary award.

**COUNT IV**
**(State Claim of Initiation of Malicious Prosecution – Plaintiff YOSHIMURA Against Defendants KEALOHA and CITY)**

26

EXHIBIT 2

88.     The allegations contained in paragraphs 1 through 87 herein are realleged and incorporated herein by reference.

89.     The THIRD criminal indictment against Plaintiff YOSHIMURA has been terminated in his favor as all charges in this indictment have been dismissed WITH prejudice.

90.     The THIRD criminal indictment against Plaintiff YOSHIMURA was instituted without probable cause as to all charges against Plaintiff YOSHIMURA in that indictment, but especially as to the allegations that Plaintiff YOSHIMURA owned or was employed by those businesses with the trade names: New World Group d/b/a Gamezone; the Game Zone, Game Zone II, Bellagio Entertainment Center, and Pure Luck.

91.     DPA KEALOHA was specifically aware that any allegation in the SECOND criminal indictment that Plaintiff YOSHIMURA owned or was employed by those businesses with the trade names: New World Group d/b/a Gamezone; the Game Zone, Game Zone II, Bellagio Entertainment Center, and Pure Luck was false based upon her involvement in the Rule 41(e) motion and her involvement in the FIRST criminal indictment.  Because DPA KEALOHA knew that the aforesaid allegations regarding Plaintiff YOSHIMURA were false she acted with malice in the initiation of the criminal indictment proceedings against Plaintiff YOSHIMURA before the grand jury and she further acted with malice against Plaintiff YOSHIMURA in retaliating against him because he was a plaintiff in the Federal action.  Plaintiff YOSHIMURA asserts that there may be other facts, both alleged above and which will be determine upon further discovery, which will presented at the trial in this matter that will also establish DPA KEALOHA's malice.

EXHIBIT 2

92.     Based upon the foregoing DPA KEALOHA is liable to Plaintiff YOSHIMURA under the tort of malicious prosecution in initiating the THIRD criminal indictment against Plaintiff YOSHIMURA.

93.     Because DPA KEALOHA is an employee of the City, the City is responsible for their actions under the theory of respondeat superior and thus has liability for her actions under this count of the Complaint.

94.     As a proximate result of the malicious prosecution of Plaintiff YOSHIMURA by initiating the THIRD criminal indictment, Plaintiff YOSHIMURA incurred monetary damages in an amount to be proven at the trial in this matter.  As a proximate result thereof, Plaintiff YOSHIMURA also suffered severe mental and emotional distress, to be proven at the trial in this matter, to which they are entitled to a monetary award.

### COUNT V
### (State Claim of Maintaining a Malicious Prosecution – Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA and MADALI Against Defendants KEALOHA, Prosecutor KANESHIRO and CITY)

95.     The allegations contained in paragraphs 1 through 94 herein are realleged and incorporated herein by reference.

96.     The SECOND criminal indictment against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI has been terminated in their favor because it was dismissed WITH prejudice.

97.     The SECOND criminal indictment against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI was maintained maliciously because DPA KEALOHA, Prosecutor KANESHIRO, the Doe Defendants and the CITY intentionally delayed the release of the expert witness report to these Plaintiffs.  Prosecutor KANESHIRO was involved as evidenced by him personally preparing and filing a Memorandum in opposition to

28

EXHIBIT 2

these Plaintiffs' motion to dismiss that set forth facts which show that he participated in delaying the release of the expert witness report to these Plaintiffs.  The Doe Defendants are employees of the CITY that participated in delaying the release of the expert witness report to these Plaintiffs.  The withholding of this expert witness report constitutes misconduct that rises to the level of maintaining a malicious prosecution.

98.     DPA KEALOHA, Prosecutor KANESHIRO and the Doe Defendants are liable to Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI under the tort of malicious prosecution in maintaining the SECOND criminal indictment against these Plaintiffs.

99.     Because DPA KEALOHA, Prosecutor KANESHIRO and the Doe Defendants are employees of the City, the City is responsible for their actions under the theory of respondeat superior and thus has liability for their actions under this count of the Complaint in maintaining the criminal indictment against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI.

100.    As a proximate result of DPA KEALOHA, Prosecutor KANESHIRO and the Doe Defendants maintaining the malicious prosecution against Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI, these Plaintiffs incurred monetary damages in an amount to be proven at the trial in this matter.  As a proximate result thereof, Plaintiffs DANLEY, CANENCIA, HAINA, CLAYTON SIMEONA, and MADALI also suffered severe mental and emotional distress, to be proven at the trial in this matter, to which they are entitled to a monetary award.

**COUNT VI**
**(State Claim of Maintaining a Malicious Prosecution – Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER Against Defendants KEALOHA, Prosecutor KANESHIRO and CITY)**

EXHIBIT 2

101. The allegations contained in paragraphs 1 through 100 herein are realleged and incorporated herein by reference.

102. The THIRD criminal indictment against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER has been terminated in their favor because it was dismissed WITH prejudice.

103. The THIRD criminal indictment against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER was <u>maintained</u> maliciously because DPA KEALOHA, Prosecutor KANESHIRO, the Doe Defendants and the CITY intentionally delayed the release of the expert witnesses' report to these Plaintiffs. Prosecutor KANESHIRO was involved as evidenced by him personally preparing and filing a Memorandum in opposition to these Plaintiffs' motion to dismiss that set forth facts which show that he participated in delaying the release of the expert witness report to these Plaintiffs. The Doe Defendants are employees of the CITY that participated in delaying the release of the expert witness report to these Plaintiffs. The withholding of this expert witness report constitutes misconduct that rises to the level of maintaining a malicious prosecution.

104. DPA KEALOHA, Prosecutor KANESHIRO and the Doe Defendants are liable to Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER under the tort of malicious prosecution in <u>maintaining</u> the THIRD criminal indictment against these Plaintiffs.

105. Because DPA KEALOHA, Prosecutor KANESHIRO and the Doe Defendants are employees of the City, the City is responsible for their actions under the theory of respondeat superior and thus has liability for their actions under this count of the Complaint in maintaining the criminal indictment against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER.

30

EXHIBIT 2

106.    As a proximate result of DPA KEALOHA, Prosecutor KANESHIRO and the Doe Defendants maintaining the malicious prosecution against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER, these Plaintiffs incurred monetary damages in an amount to be proven at the trial in this matter.  As a proximate result thereof, Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER also suffered severe mental and emotional distress, to which they are entitled to a monetary award.

## COUNT VII
### (State Claim of Abuse of Process – All Plaintiffs Against Defendants KEALOHA, Doe Defendants and CITY)

107.    The allegations contained in paragraphs 1 through 106 herein are realleged and incorporated herein by reference.

108.    The actions of DPA KEALOHA in causing Plaintiffs to be criminally prosecuted without probable cause (both in the initiation of the proceedings and the maintaining of the proceedings), were done with an ulterior purpose.  That ulterior purposes included, but was not limited to: (a) indicting Plaintiffs DANLEY, CANENCIA, HAINA, MADALI, and CLAYTON SIMEONA on charges of owning an unlawful business that she knew were charges without probable cause, and she intended to offer one or more of these Plaintiffs a plea agreement in return for testimony against Plaintiffs YOSHIMURA, GENE SIMEONA and MILLER, (b) indicting the Plaintiffs as retaliation for the Plaintiffs' participation in the Federal action, (c) placing all Plaintiffs in a weakened financial position by asking for excessive bail amounts to be posted by all of the Plaintiffs and by seizing the PDS terminals without seeking forfeiture of those PDS terminals, and (d) retaliation against Plaintiff YOSHIMURA because of his critical statements of Prosecutor KANESHIRO.  DPA KEALOHA also issued various forms of process in connection with all three criminal indictments.  Her actions, and the actions of the Doe

31

EXHIBIT 2

Defendants were willful acts in the use of the process not proper in the regular conduct of a criminal prosecution. DPA KEALOHA and the Doe Defendants acted in definite manner not authorized by the process, or aimed at an objective not legitimate in the use of the process in making certain that Plaintiffs were subjected to unwarranted criminal process.

109. Because DPA KEALOHA is an employee of the City, the City is responsible for their actions under the theory of respondeat superior and thus has liability for their actions under this count of the Complaint for abuse of process.

110. As a proximate result of DPA KEALOHA's abuse of process against Plaintiffs and the Doe Defendants abuse of process against Plaintiffs, Plaintiffs incurred monetary damages in an amount to be proven at the trial in this matter. As a proximate result thereof, Plaintiffs also suffered severe mental and emotional distress, to be proven at the trial in this matter, to which they are entitled to a monetary award.

## COUNT VIII
### (State Claim of Negligent Hiring – All Plaintiffs Against Defendants KANESHIRO and CITY)

111. The allegations contained in paragraphs 1 through 110 herein are realleged and incorporated herein by reference.

112. Prosecutor KANESHIRO is an elected executive officer of the City and County of Honolulu.

113. As an elected executive officer of the City and County of Honolulu Prosecutor KANESHIRO is require to adhere to the Declaration of Policy set forth in §11-101 of the Honolulu City Charter which states: "Elected and appointed officers and employees shall demonstrate by their example the highest standards of ethical conduct, to the end that the public may justifiably have trust and confidence in the integrity of government. They, as agents of

32

EXHIBIT 2

public purpose, shall hold their offices or positions for the benefit of the public, shall recognize that the public interest is their primary concern, and shall faithfully discharge the duties of their offices regardless of personal considerations." Based upon this Declaration of Policy, Prosecutor KANESHIRO has a duty to the public.

114.     Part of that duty to the public is Prosecutor KANESHIRO's administrative duties which includes, under § 8-105 of the Honolulu City Charter, the appointment of deputies, administrative or execute assistants, and other necessary staff. Prosecutor KANESHIRO thus has a duty to the public to hire competent staff.

115.     Prosecutor KANESHIRO hired DPA KEALOHA, Defendant BRANCO and the Doe Defendants to work in the Office of the Prosecuting Attorney.

116.     Prosecutor KANESHIRO was negligent in his hiring of DPA KEALOHA, Defendant BRANCO and the Doe Defendants, and as a direct and proximate result of Prosecutor KANESHIRO's negligent hiring of DPA KEALOHA, Defendant BRANCO and the Doe Defendants, Plaintiffs were damaged. Plaintiff incurred monetary damages in an amount to be proven at the trial in this matter. As a proximate result thereof, Plaintiffs also suffered severe mental and emotional distress.

117.     Because Prosecutor KANESHIRO is an employee of the City, the City is responsible for his actions under the theory of respondeat superior and thus has liability for his actions under this count of the Complaint for his negligent hiring of DPA KEALOHA and the Doe Defendants, to be proven at the trial in this matter, to which they are entitled to a monetary award.

## COUNT IX
**(Negligent Retention and Negligent Supervision – All Plaintiffs Against Defendants KANESHIRO and CITY)**

33

EXHIBIT 2

118.   The allegations contained in paragraphs 1 through 117 herein are realleged and incorporated herein by reference.

119.   Prosecutor KANESHIRO assigned DPA KEALOHA and the Doe Defendants to work on the criminal indictments of Plaintiffs.  As the city prosecutor, Prosecutor KANESHIRO made the determination, especially in this case, as to when cases are brought to the grand jury and is responsible for the retention and supervision of DPA KEALOHA and the Doe Defendants who subsequently handled the SECOND criminal indictment and the THIRD criminal indictment.

120.   Prosecutor KANESHIRO was negligent in his supervision of DPA KEALOHA because of: (a) his assignment of the case involving Plaintiffs to a deputy prosecuting attorney who was ill-equipped to handle the case, (b) his authorization to reindict Plaintiffs after the FIRST criminal indictment had been dismissed, and (c) his general failure to review the actions of DPA KEALOHA.

121.   Prosecutor KANESHIRO was negligent in his supervision of the Doe Defendants because of: (a) upon information and belief, supported by a filing in the SECOND criminal indictment, Prosecutor KANESHIRO authorized the delay in the release of the expert witness report as to all Plaintiffs, and (b) his general failure to review the actions of the Doe Defendants.

122.   The resulting failure of DPA KEALOHA was foreseeable given: (a) the inexperience of DPA KEALOHA in "white collar" cases, (b) the circumstances of DPA KEALOHA including but not limited to her health issues and other personal issues, and (c) the lack of research done by DPA KEALOHA before the case was presented to a grand jury.

EXHIBIT 2

123.    Prosecutor KANESHIRO was also negligent in his supervision of the Doe

Defendants in not insuring that the release of the expert report was not delayed by the Doe

Defendants.

124.    As a direct and proximate result of Prosecutor KANESHIRO's negligent retention

and supervision of DPA KEALOHA and the Doe Defendants, Plaintiffs were damaged.

Plaintiffs incurred monetary damages in an amount to be proven at the trial in this matter.  As a

proximate result thereof, Plaintiffs also suffered severe mental and emotional distress, to be

proven at the trial in this matter, to which they are entitled to a monetary award.

125.    Because Prosecutor KANESHIRO is an employee of the City, the City is

responsible for his actions under the theory of respondeat superior and thus has liability for his

actions under this count of the Complaint for his negligent retention and supervision of DPA

KEALOHA and the Doe Defendants.

WHEREFORE, Plaintiffs respectfully request that judgment be entered as follows:

A.      General and special punitive damages in an amount to be proven at trial, for costs

and attorneys' fees, and for such other and further relief as the Court deems just and proper;

B.      Punitive damages against the individual defendants in an amount to be proven at

trial, for costs and attorneys' fees, and for such other and further relief as the Court deems just

and proper;

C.      Such other and further relief as the Court deems just and appropriate.

DATED:  Honolulu, Hawaii, January 26, 2018.


                                    /s/ Keith M. Kiuchi
                                    _____
                                    KEITH M. KIUCHI
                                    Attorney for Plaintiffs



                                    35

EXHIBIT 2

# EXHIBIT 3

# PRINTABLE CASE VIEW

**Generated: 12-MAR-2024 04:36 PM**                    **User: WEBU57842**

**Search Criteria: Case ID or Citation Number: 1PC161000288**

**1 record(s) total**

| | |
|---|---|
| **Case ID:** 1PC161000288 - STATE OF HAWAII VS TRACY T YOSHIMURA ET AL<br>**Type:** PC - Circuit Court Criminal<br>**Status:** ACTIVE - Active Case<br>**Last Updated:** 31-Dec-2018 | **Filing Date:** WEDNESDAY, FEBRUARY 24, 2016<br>**Court:** FIRST CIRCUIT<br>**Location:** PUNCHBOWL |

**BAIL / BOND INFORMATION**

| Defendant | Ct. | Bail Information | Notes |
|---|---|---|---|
| TRACY T YOSHIMURA | All Counts | $11,000.00<br>Date: 02/24/2016 | Converted<br>Amount: 11000.00<br>Notes: BAIL SET CTS 1-28<br>$11,000.00 AGGR PER COURT<br>HOLD  COPY OF GRAND<br>JURY BENCH WARRANT |
| TRACY T YOSHIMURA | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/24/2016 | Converted<br>Amount: $11,000.00AGGR<br>Notes: EXEC BW RECD; A1<br>BAIL BONDS POSTED.<br>A&P 05/31/16 8:30AM<br>JRPERKINS |
| TRACY T YOSHIMURA | All Counts | $11,000.00<br>Release Status: BD-Professional Surety Bond, Date: 05/24/2016 | Converted<br>Amount: 11000.00<br>Notes: BAIL BOND FILED AMT<br>$11,000.00 AGGR BY A-1 BAIL;<br>POA U15-20596932; UNITED<br>STATES FIRE INS CO |
| EUGENE M SIMEONA JR | All Counts | $11,000.00<br>Date: 02/24/2016 | Converted<br>Amount: 11000.00<br>Notes: BAIL SET CTS 30-38<br>$11,000.00 AGGR PER COURT<br>HOLD COPY OF GRAND JURY<br>BENCH WARRANT |
| EUGENE M SIMEONA JR | All Counts | Release Status: BD-Professional Surety Bond, Date: 05/24/2016 | Converted<br>Amount: $11,000.00AGGR<br>Notes: EXEC BW RECD; A1<br>BAIL BONDS POSTED<br>A&P 05/31/16 8:30AM<br>JRPERKINS |

# EXHIBIT 3

| EUGENE M SIMEONA JR | All Counts | $11,000.00<br>Release Status: BD-Professional Surety Bond, Date: 05/24/2016 | Converted<br>Amount: 11000.00<br>Notes: BAIL BOND FILED AMT $11,000.00 AGGR BY A-1 BAIL; POA U15-20596933; UNITED STATES FIRE INS CO |
|---|---|---|---|
| MICHAEL D MILLER JR | All Counts | $11,000.00<br>Date: 02/24/2016 | Converted<br>Amount: 11000.00<br>Notes: BAIL SET CTS 39-47 $11,000.00 AGGR PER COURT HOLD COPY OF GRAND JURY BENCH WARRANT |
| MICHAEL D MILLER JR | All Counts | $11,000.00<br>Release Status: CS-Custody, Date: 05/24/2016<br>Detention Facility: Oahu Community Correctional Center | Converted<br>Amount: $11,000.00<br>Notes: EXEC BW RECD; A1 BAIL BONDS POSTED.<br>A&P 05/31/16 8:30AM JRPERKINS |
| MICHAEL D MILLER JR | All Counts | $11,000.00<br>Release Status: BD-Professional Surety Bond, Date: 05/24/2016 | Converted<br>Amount: 11000.00<br>Notes: BAIL BOND FILED AMT $11,000.00 AGGR BY A-1 BAIL; POA U15-20596934; UNITED STATES FIRE INS CO |

**Offenses**

| ID: @2425037 | Name: TRACY T YOSHIMURA | JUV: N | Party Status: AC-Active | CDL: HAZ: CMV: |
|---|---|---|---|---|

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 1 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150272 & OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13047978, 13046632, 13046784, 13047966, 14145170 |
| 2 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150273 & OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13046632, 13046784, 13047966, 14145170, 13047978 |
| 3 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150239 & OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13046784, 14145170, 13047966, 13047978, 13046632 |

EXHIBIT 3

| | | | | |
|---|---|---|---|---|
| 4 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150240 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13047966,<br>14145170, 13047978,<br>13046632, 13046784 |
| 5 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150241 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13046785,<br>13047957, 14145170,<br>13047978, 13046632,<br>13046784,    13047966 |
| 6 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150242 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170,<br>13047978, 13046632,<br>13046784, 13047966 |
| 7 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14147628 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170,<br>13047978, 13046632,<br>13046784, 13047966 |
| 8 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150477 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13046632 |
| 9 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150478 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13046784 |
| 10 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150479 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13047966,<br>14150242 |
| 11 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150480 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:13047978 |

EXHIBIT 3

| 12 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150481 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |
|---|---|---|---|---|---|
| 13 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150482 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14150483,<br>14145170 |
| 14 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150484 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14150485,<br>14145170 |
| 15 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150486 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14150487,<br>14145170 |
| 16 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150488 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |
| 17 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150489 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |
| 18 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150490 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |
| 19 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150491 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |

EXHIBIT 3

| 20 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150492 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |
|---|---|---|---|---|---|
| 21 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150493 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |
| 22 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150494 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |
| 23 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150495 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted<br>Notes:14145170 |
| 24 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150496<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | |
| 25 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150497<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | |
| 26 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150498<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | |
| 27 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150499<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | |

EXHIBIT 3

| | | | | | |
|---|---|---|---|---|---|
| 28 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150500<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | |
| 29 | HRS 712-1221/1C - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150501 &<br>OTN #: 6970C21 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:14150278, 14150511, 12347362, 14150520, 13047966, 13047978,     13046632, 13046784 |

| | | | | |
|---|---|---|---|---|
| **ID: @2425038** | **Name: EUGENE M SIMEONA JR** | **JUV: N** | **Party Status: AC-Active** | **CDL: HAZ: CMV:** |

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
|---|---|---|---|---|---|
| 30 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 13387061 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13047966, 13046633, 13046785, 13047957 |
| 31 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150200 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13046633, 13046785, 13047957, 13047966 |
| 32 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150201 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13046785, 13047957, 13047966, 13046633 |
| 33 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150202 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13047957, 13047966, 13046633, 13046785 |
| 34 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150513 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13055785, 13046785 |

EXHIBIT 3

| 35 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150514 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13046785, 13047957 |
| 36 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150515 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13046633 |
| 37 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 14150516 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13047966, 14150242 |
| 38 | HRS 712-1221/1 - PROM GAMBLING 1<br>Severity: FC - Felony Class C<br>Citation/Arrest #: 12347362 &<br>OTN #: 6969C98 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:14150512, 13046785, 14150277 |

| ID: @2425039 | Name: MICHAEL D MILLER JR | JUV: N | Party Status: AC-Active | CDL: HAZ: CMV: |
| --- | --- | --- | --- | --- |

| Ct. | Offense Details | Plea | Disposition | Sentencing | Offense Notes |
| --- | --- | --- | --- | --- | --- |
| 39 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150239 &<br>OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13047978, 13046632, 13046784, 13047966 |
| 40 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150240 &<br>OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13046632, 13046784, 13047978, 13047966 |
| 41 | HRS 842-0002/3 - RACKETEERING<br>Severity: FB - Felony Class B<br>Citation/Arrest #: 14150241 &<br>OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13046784, 13047978, 13046632, 13047966 |

EXHIBIT 3

| 42 | HRS 712-1221/1C - PROM GAMBLING 1 Severity: FC - Felony Class C Citation/Arrest #: 14150242 & OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13047966, 13046784, 13046632, 13047978 |
|----|----|----|----|----|----|
| 43 | HRS 712-1221/1 - PROM GAMBLING 1 Severity: FC - Felony Class C Citation/Arrest #: 14150517 & OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:14145170, 13047966, 13046785, 13046633 |
| 44 | HRS 712-1221/1 - PROM GAMBLING 1 Severity: FC - Felony Class C Citation/Arrest #: 14150518 & OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13046784, 13046632 |
| 45 | HRS 712-1221/1 - PROM GAMBLING 1 Severity: FC - Felony Class C Citation/Arrest #: 14150519 & OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13046632, 13046784 |
| 46 | HRS 712-1221/1 - PROM GAMBLING 1 Severity: FC - Felony Class C Citation/Arrest #: 14150520 & OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:13047978, 13047966 |
| 47 | HRS 712-1221/1 - PROM GAMBLING 1 Severity: FC - Felony Class C Citation/Arrest #: 14150278 & OTN #: 6970C05 | | Dismissed With Prejudice-08/09/2016 | | Converted Notes:14150511, 12347362, 14150520, 13047966, 13047978, 13046632,      13046784 |

**Related Cases**

No related cases were found.

**Case Event Schedule**

| Event | Defendant | Date | Time | Room | Location | Judge | Appearance Disposition |
|----|----|----|----|----|----|----|----|
| Motion to Dismiss | MICHAEL D MILLER JR | 08/09/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader  ,    Rom A. | |

EXHIBIT 3

| Event | Defendant | Date | Time | Room | Location | Judge | Appearance Disposition |
|---|---|---|---|---|---|---|---|
| Motion to Dismiss | EUGENE M SIMEONA JR | 08/09/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Motion to Dismiss | TRACY T YOSHIMURA | 08/09/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Jury Trial | EUGENE M SIMEONA JR | 08/01/2016 | 00:01:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Jury Trial | TRACY T YOSHIMURA | 08/01/2016 | 00:01:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Jury Trial | MICHAEL D MILLER JR | 08/01/2016 | 00:01:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Calendar Call | TRACY T YOSHIMURA | 07/19/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Calendar Call | MICHAEL D MILLER JR | 07/19/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Calendar Call | EUGENE M SIMEONA JR | 07/19/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Hearing on Motion | TRACY T YOSHIMURA | 07/12/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Hearing on Motion | MICHAEL D MILLER JR | 07/12/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Hearing on Motion | EUGENE M SIMEONA JR | 07/12/2016 | 11:30:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Pretrial Conference | TRACY T YOSHIMURA | 07/05/2016 | 13:00:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Pretrial Conference | EUGENE M SIMEONA JR | 07/05/2016 | 13:00:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Pretrial Conference | MICHAEL D MILLER JR | 07/05/2016 | 13:00:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Assigned Criminal Calendar | EUGENE M SIMEONA JR | 05/31/2016 | 00:01:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Assigned Criminal Calendar | TRACY T YOSHIMURA | 05/31/2016 | 00:01:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Assigned Criminal Calendar | MICHAEL D MILLER JR | 05/31/2016 | 00:01:00 | First Circuit 17th Division | PUNCHBOWL | Trader   ,   Rom A. | |
| Arraignment and Plea | EUGENE M SIMEONA JR | 05/31/2016 | 08:30:00 | First Circuit 8th Division | PUNCHBOWL | Perkins   ,   Richard K. | |
| Arraignment and Plea | MICHAEL D MILLER JR | 05/31/2016 | 08:30:00 | First Circuit 8th Division | PUNCHBOWL | Perkins   ,   Richard K. | |
| Arraignment and Plea | TRACY T YOSHIMURA | 05/31/2016 | 08:30:00 | First Circuit 8th Division | PUNCHBOWL | Perkins   ,   Richard K. | |
| Return on Bench Warrant | MICHAEL D MILLER JR | 05/24/2016 | 00:01:00 | First Circuit 8th Division | PUNCHBOWL | Perkins   ,   Richard K. | |

EXHIBIT 3

| Event | Defendant | Date | Time | Room | Location | Judge | Appearance Disposition |
|---|---|---|---|---|---|---|---|
| Return on Bench Warrant | TRACY T YOSHIMURA | 05/24/2016 | 00:01:00 | First Circuit 8th Division | PUNCHBOWL | Perkins , Richard K. | |
| Return on Bench Warrant | EUGENE M SIMEONA JR | 05/24/2016 | 00:01:00 | First Circuit 8th Division | PUNCHBOWL | Perkins , Richard K. | |

**Case Parties**

| Seq # | Assoc | Expn Date | Type | ID | Name / Aliases |
|---|---|---|---|---|---|
| 1 | | | Defendant | @2425037 | YOSHIMURA, TRACY T |
| 2 | | | Defendant | @2425038 | SIMEONA JR, EUGENE M |
| 3 | | | Defendant | @2425039 | MILLER JR, MICHAEL D |
| 4 | | | Plaintiff | SOHCR1 | State of Hawaii - Criminal First Circuit Prosecution |
| 5 | | | Attorney | A4364 | Breiner, Myles S. |
| 6 | | | Attorney | A2735 | Kiuchi, Keith M. |
| 7 | | | Attorney | A10288 | Van Demark, Sean Marek |
| 8 | | | Attorney | A7622 | Otake, Thomas Mineo |
| 9 | | | Attorney | A5749 | Bakke, Victor J. |
| 10 | | 12/31/2018 | Other | D1C17 | First Circuit Court 17th Division |
| 11 | | | Other | D1C02 | First Circuit Court 2nd Division |

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 1 | 02/24/2016 | Indictment Converted DOC ID: IND, DOC Name: INDICTMENT FILED 2/24/2016          (UNSEALED PER ORDER DATED 5/24/2016), Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | |
| 2 | 02/24/2016 | Grand Jury Bench Warrant Converted DOC ID: GBW, DOC Name: GRAND JURY BENCH WARRANT: TRACY T YOSHIMURA (BAIL SET $11,000 AGGR; HPD 14150272, 13047978, 1304663213046784, 13047966, 14145170, 14150273, 13046632, 13046784, 13047966, 14145170, 13047978, 14150239,, Comments: 13046784, 14145170, 13047966, 13047978, 13046632, 14150240, ETC (UNSEALED PER MINUTE ORDER FILED 5/24/2016) | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 3 | 02/24/2016 | Grand Jury Bench Warrant<br>Converted<br>DOC ID: GBW, DOC Name: GRAND JURY BENCH WARRANT: EUGENE M SIMEONA JR (BAIL $11,000 AGGR HPD 13387061; 13047966; 13046633; 13046785; 13047957; 14150200; 13046633; 13046785; 13047957; 13047966 (EXEC 5/23/2016), Comments: (UNSEALED PER MINUTE ORDER FILED 5/24/2016) | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 4 | 02/24/2016 | Grand Jury Bench Warrant<br>Converted<br>DOC ID: GBW, DOC Name: GRAND JURY BENCH WARRANT; MICHAEL D MILLER JR (BAIL $11,000 AGGR; HPD 14150239, 13047978, 13046632, 13046784, 13047966, 14150240, 13046632, 13046784, 13047978, 13047966, 14150241, 13046784,, Comments: 13047978, 13046632, 13047966, 14150242, 13047966, 13046784, 13046632, 13047978, 14150517, 14145170, 13047966, 13046785, 13046633. ETC (UNSEALED PER   MINUTE ORDER FILED 5/24/2016) (EXEC 5/23/2016) | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 5 | 02/24/2016 | Exhibit List<br>Converted<br>DOC ID: GJEL, DOC Name: (SEALED) GRAND JURY EXHIBIT LIST AND STATE'S     EXHIBIT NOS 1 & 2; FILED ON 2/24/2016 (CALL LDB), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 6 | 03/04/2016 | Rqst Access Court Record-HCCR<br>Converted<br>DOC ID: RACR, DOC Name: REQUEST TO ACCESS COURT RECORD (HCRR), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 7 | 05/24/2016 | Bond - Surety Posted<br>Converted<br>DOC ID: BND, DOC Name: BAIL BOND - $11,000.00 AGRR POSTED BY A-1 BAIL BONDS FOR MICHAEL D MILLER JR; POA U15-20596934;  UNITED STATES FIRE INSURANCE COMPANY (CALL LDB) (MICHAEL D MILLER JR), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 8 | 05/24/2016 | Bail Bond Rel-Ack & N/Appear<br>Converted<br>DOC ID: BBRAN, DOC Name: HONOLULU POLICE DEPARTMENT BAIL RECEIPT BY COURT, CIRCUIT COURT ($11,000.00 AGGR BOND POSTED BY A-1 BONDS FOR MICHAEL MILLER) (MICHAEL D MILLER JR), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 9 | 05/24/2016 | Bond - Surety Posted<br>Converted<br>DOC ID: BND, DOC Name: BAIL BOND - $11,000.00 AGGR POSTED BY A-1 BAIL BONDS FOR EUGENE M SIMEONA JR; POA U15-20596933; UNITED STATES FIRE INSURANCE COMPANY (CALL LDB) (EUGENE M SIMEONA JR), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 10 | 05/24/2016 | Bail Bond Rel-Ack & N/Appear<br>Converted<br>DOC ID: BBRAN, DOC Name: HONOLULU POLICE DEPARTMENT BAIL RECEIPT BY COURT, CIRCUIT COURT ($11,000.00 AGGR BOND POSTED BY A-1 BAIL BONDS FOR EUGENE M SIMEONA JR) (EUGENE M SIMEONA JR), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 11 | 05/24/2016 | Bond - Surety Posted<br>Converted<br>DOC ID: BND, DOC Name: BAIL BOND - $11,000.00 AGGR POSTED BY A-1 BAIL BONDS; POA U15-20596932; UNITED STATES FIRE     INSURANCE COMPANY (CALL LDB) (TRACY T YOSHIMURA), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 12 | 05/24/2016 | Bail Bond Rel-Ack & N/Appear<br>Converted<br>DOC ID: BBRAN, DOC Name: HONOLULU POLICE DEPARTMENT BAIL RECEIPT BY COURT, CIRCUIT COURT ($11,000.00 AGGR BOND POSTED BY A-1 BAIL BONDS FOR TRACY YOSHIMURA) (TRACY T YOSHIMURA), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 45 | 05/24/2016 | Minutes<br>MINUTE ORDER OF 5/24/16:<br>EXECUTED BENCH WARRANTS RECEIVED FOR DEFENDANTS   YOSHIMURA, SIMEONA JR. AND MILLER JR.       THE COURT ORDERS UPON THE EXECUTION OF THE WARRANTS ALL SEALED DOCUMENTS BE UNSEALED WITHOUT FURTHER ORDER OF THE COURT.  WITH MULTIPLE DEFENDANTS, THE INDICTMENT TO BE UNSEALED ONLY   WHEN ALL DEFENDANTS' BENCH WARRANTS HAVE BEEN EXECUTED. | MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 46 | 05/24/2016 | Minutes<br>MINUTE ORDER OF 5/24/16:<br>EXECUTED BENCH WARRANTS RECEIVED FOR DEFENDANTS   YOSHIMURA, SIMEONA JR. AND MILLER JR.       THE COURT ORDERS UPON THE EXECUTION OF THE WARRANTS ALL SEALED DOCUMENTS BE UNSEALED WITHOUT FURTHER ORDER OF THE COURT.  WITH MULTIPLE DEFENDANTS, THE INDICTMENT TO BE UNSEALED ONLY   WHEN ALL DEFENDANTS' BENCH WARRANTS HAVE BEEN EXECUTED. | TRACY T YOSHIMURA | |
| 47 | 05/24/2016 | Minutes<br>MINUTE ORDER OF 5/24/16:<br>EXECUTED BENCH WARRANTS RECEIVED FOR DEFENDANTS   YOSHIMURA, SIMEONA JR. AND MILLER JR.       THE COURT ORDERS UPON THE EXECUTION OF THE WARRANTS ALL SEALED DOCUMENTS BE UNSEALED WITHOUT FURTHER ORDER OF THE COURT.  WITH MULTIPLE DEFENDANTS, THE INDICTMENT TO BE UNSEALED ONLY   WHEN ALL DEFENDANTS' BENCH WARRANTS HAVE BEEN EXECUTED. | EUGENE M SIMEONA JR | |
| 13 | 05/26/2016 | Rqst Access Court Record-HCCR Converted<br>DOC ID: RACR, DOC Name: REQUEST TO ACCESS COURT RECORD (HCRR), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 14 | 05/27/2016 | Rqst Access Court Record-HCCR Converted<br>DOC ID: RACR, DOC Name: REQUEST TO ACCESS COURT RECORD (HCRR), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 48 | 05/31/2016 | Minutes<br>DVD1/CTRM4/9:09- 9:31 A.M./CT CLERK: C. MEDEIROS  JUDGE: RICHARD K. PERKINS/8TH DIVISION         DPA: TIM TATE FOR CR. NO. 16-1-0288         DPD IN COURT (FELONY CASES): TYRUS BUYAMA DPD/O.C.C.C. (PRESENT VIA VIDEO): CRYSTAL GLENDON DPD/MISDEMEANOR: CHERYL ANN MIYAMOTO         9:09 A.M. A&P CALENDAR CALLED. APPEARANCES NOTED. THE STATE MOVED TO UNSEAL EXHIBITS IN THE FELONY INFO CASES FOR LIMITED PURPOSE OF PROVIDING DEFENSE ATTY W/DISCOVERY & REMAIN SEALED FOR ALL  OTHER PURPOSES-SO ORDERED BY THE COURT. EXHIBIT PACKETS PROVIDED TO RESPECTIVE DEFENSE COUNSELS. A&P/FIREARMS/IMMIGRATION ADVISEMENTS GIVEN BY THE COURT. DRUG COURT DEADLINE: 06/27/2016. *********************************** ********9:15 A.M. MYLES BREINER NOTED HIS APPEARANCE AS ATTY FOR DEFT YOSHIMURA AND FURTHER NOTED HE WAS MAKING A SPECIAL APPEARANCE FOR THOMAS OTAKE, ATTYFOR DEFT SIMEONA JR. AND FOR VICTOR BAKKE, ATTY  FOR DEFT MILLER.  MR. BREINER NOTED THE PRESENCE OF ALL 3 DEFTS (YOSHIMURA, SIMEONA JR & MILLER JR)IN THE COURTROOM, RECEIVED THE INDICTMENT, WAIVED READING AND NOT GUILTY PLEAS ENTERED.        MR. BREINER NOTED THE GRAND JURY TRANSCRIPTS RE- MAIN SEALED AND REQUESTED THEY BE UNSEALED AND   REQUESTED AN EXPEDITED TRANSCRIPT AS RULE 48 IS NOT TOLLED, TRIAL IS SET FOR 8/1/16 AND HE DOES   NOT INTEND TO REQUEST A CONTINUANCE.  MR. BREINER REQUESTED THE PROSECUTOR FILE A REQUEST WITH THE  COURT REPORTERS FOR THE EXPEDITED TRANSCRIPT.    DPA TATE NOTED HE DID NOT OBJECT TO THE UNSEALING OF THE INDICTMENT.  THE CT ORDERED THE TRANSCRIPT UNSEALED. WITH NO OBJECTION FROM DPA TATE, THE CTINSTRUCTED DPA TATE TO PREPARE THE ORDER.                       MR. BREINER REQUESTED THERE BE NO TRAVEL RESTRIC- TIONS FOR THE 3 | EUGENE M SIMEONA JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| | | DEFENDANTS.  DPA TATE INDICATED HEDID NOT OBJECT SO LONG AS THEY PROVIDED THE INFOR-MATION TO INTAKE SERVICE CENTER OF ANY TRAVEL.   THE CT GRANTED THE REQUEST AND ALLOWED THE DEFTS TO TRAVEL OUTSIDE THE JURISDICTION SO LONG AS    THEY SHOW FOR THEIR COURT HEARINGS.         MR. BREINER TO PREPARE THE ORDER. THE CT ORDERED THE FOLLOWING: - JUDGE:  TRADER               - JT WEEK:  8/1/2016              - PTM DUE: 7/5/16               BAIL FOR EACH DEFT IS CONFIRMED AT $11,000.00. | | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 49 | 05/31/2016 | Minutes<br>DVD1/CTRM4/9:09- 9:31 A.M./CT CLERK: C. MEDEIROS JUDGE: RICHARD K. PERKINS/8TH DIVISION DPA: TIM TATE FOR CR. NO. 16-1-0288 DPD IN COURT (FELONY CASES): TYRUS BUYAMA DPD/O.C.C.C. (PRESENT VIA VIDEO): CRYSTAL GLENDON DPD/MISDEMEANOR: CHERYL ANN MIYAMOTO 9:09 A.M. A&P CALENDAR CALLED. APPEARANCES NOTED. THE STATE MOVED TO UNSEAL EXHIBITS IN THE FELONY INFO CASES FOR LIMITED PURPOSE OF PROVIDING DEFENSE ATTY W/DISCOVERY & REMAIN SEALED FOR ALL OTHER PURPOSES-SO ORDERED BY THE COURT. EXHIBIT PACKETS PROVIDED TO RESPECTIVE DEFENSE COUNSELS. A&P/FIREARMS/IMMIGRATION ADVISEMENTS GIVEN BY THE COURT. DRUG COURT DEADLINE: 06/27/2016. ********************************** ********9:15 A.M. MYLES BREINER NOTED HIS APPEARANCE AS ATTY FOR DEFT YOSHIMURA AND FURTHER NOTED HE WAS MAKING A SPECIAL APPEARANCE FOR THOMAS OTAKE, ATTYFOR DEFT SIMEONA JR. AND FOR VICTOR BAKKE, ATTY FOR DEFT MILLER. MR. BREINER NOTED THE PRESENCE OF ALL 3 DEFTS (YOSHIMURA, SIMEONA JR & MILLER JR)IN THE COURTROOM, RECEIVED THE INDICTMENT, WAIVED READING AND NOT GUILTY PLEAS ENTERED. MR. BREINER NOTED THE GRAND JURY TRANSCRIPTS RE- MAIN SEALED AND REQUESTED THEY BE UNSEALED AND REQUESTED AN EXPEDITED TRANSCRIPT AS RULE 48 IS NOT TOLLED, TRIAL IS SET FOR 8/1/16 AND HE DOES NOT INTEND TO REQUEST A CONTINUANCE. MR. BREINER REQUESTED THE PROSECUTOR FILE A REQUEST WITH THE COURT REPORTERS FOR THE EXPEDITED TRANSCRIPT. DPA TATE NOTED HE DID NOT OBJECT TO THE UNSEALING OF THE INDICTMENT. THE CT ORDERED THE TRANSCRIPT UNSEALED. WITH NO OBJECTION FROM DPA TATE, THE CTINSTRUCTED DPA TATE TO PREPARE THE ORDER. MR. BREINER REQUESTED THERE BE NO TRAVEL RESTRIC- TIONS FOR THE 3 | MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| | | DEFENDANTS.  DPA TATE INDICATED HEDID NOT OBJECT SO LONG AS THEY PROVIDED THE INFOR-MATION TO INTAKE SERVICE CENTER OF ANY TRAVEL.   THE CT GRANTED THE REQUEST AND ALLOWED THE DEFTS TO TRAVEL OUTSIDE THE JURISDICTION SO LONG AS    THEY SHOW FOR THEIR COURT HEARINGS.          MR. BREINER TO PREPARE THE ORDER. THE CT ORDERED THE FOLLOWING: - JUDGE:  TRADER                   - JT WEEK:  8/1/2016              - PTM DUE: 7/5/16                BAIL FOR EACH DEFT IS CONFIRMED AT $11,000.00. | | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 50 | 05/31/2016 | Minutes<br>DVD1/CTRM4/9:09- 9:31 A.M./CT CLERK: C. MEDEIROS  JUDGE: RICHARD K. PERKINS/8TH DIVISION          DPA: TIM TATE FOR CR. NO. 16-1-0288          DPD IN COURT (FELONY CASES): TYRUS BUYAMA DPD/O.C.C.C. (PRESENT VIA VIDEO): CRYSTAL GLENDON DPD/MISDEMEANOR: CHERYL ANN MIYAMOTO          9:09 A.M. A&P CALENDAR CALLED. APPEARANCES NOTED. THE STATE MOVED TO UNSEAL EXHIBITS IN THE FELONY INFO CASES FOR LIMITED PURPOSE OF PROVIDING DEFENSE ATTY W/DISCOVERY & REMAIN SEALED FOR ALL  OTHER PURPOSES-SO ORDERED BY THE COURT. EXHIBIT PACKETS PROVIDED TO RESPECTIVE DEFENSE COUNSELS. A&P/FIREARMS/IMMIGRATION ADVISEMENTS GIVEN BY THE COURT. DRUG COURT DEADLINE: 06/27/2016. *************************************** ********9:15 A.M. MYLES BREINER NOTED HIS APPEARANCE AS ATTY FOR DEFT YOSHIMURA AND FURTHER NOTED HE WAS MAKING A SPECIAL APPEARANCE FOR THOMAS OTAKE, ATTYFOR DEFT SIMEONA JR. AND FOR VICTOR BAKKE, ATTY  FOR DEFT MILLER.  MR. BREINER NOTED THE PRESENCE OF ALL 3 DEFTS (YOSHIMURA, SIMEONA JR & MILLER JR)IN THE COURTROOM, RECEIVED THE INDICTMENT, WAIVED READING AND NOT GUILTY PLEAS ENTERED.        MR. BREINER NOTED THE GRAND JURY TRANSCRIPT.TS RE- MAIN SEALED AND REQUESTED THEY BE UNSEALED AND   REQUESTED AN EXPEDITED TRANSCRIPT AS RULE 48 IS NOT TOLLED, TRIAL IS SET FOR 8/1/16 AND HE DOES   NOT INTEND TO REQUEST A CONTINUANCE.  MR. BREINER REQUESTED THE PROSECUTOR FILE A REQUEST WITH THE  COURT REPORTERS FOR THE EXPEDITED TRANSCRIPT.    DPA TATE NOTED HE DID NOT OBJECT TO THE UNSEALING OF THE INDICTMENT.  THE CT ORDERED THE TRANSCRIPT UNSEALED. WITH NO OBJECTION FROM DPA TATE, THE CTINSTRUCTED DPA TATE TO PREPARE THE ORDER.                              MR. BREINER REQUESTED THERE BE NO TRAVEL RESTRIC- TIONS FOR THE 3 | TRACY T YOSHIMURA | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| | | DEFENDANTS.  DPA TATE INDICATED HEDID NOT OBJECT SO LONG AS THEY PROVIDED THE INFOR-MATION TO INTAKE SERVICE CENTER OF ANY TRAVEL.   THE CT GRANTED THE REQUEST AND ALLOWED THE DEFTS TO TRAVEL OUTSIDE THE JURISDICTION SO LONG AS    THEY SHOW FOR THEIR COURT HEARINGS.         MR. BREINER TO PREPARE THE ORDER. THE CT ORDERED THE FOLLOWING: - JUDGE:  TRADER                - JT WEEK:  8/1/2016          - PTM DUE: 7/5/16               BAIL FOR EACH DEFT IS CONFIRMED AT $11,000.00. | | |
| 15 | 06/01/2016 | Written Request for Disclosure Converted DOC ID: D, DOC Name: WRITTEN REQUEST FOR DISCLOSURE (SUBMITTED BY PROSECUTORS), Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | |
| 16 | 06/01/2016 | Written Request for Disclosure Converted DOC ID: D, DOC Name: WRITTEN REQUEST FOR DISCLOSURE (SUBMITTED BY PROSECUTORS), Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | |
| 17 | 06/01/2016 | Written Request for Disclosure Converted DOC ID: D, DOC Name: WRITTEN REQUEST FOR DISCLOSURE (SUBMITTED BY PROSECUTORS), Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | |
| 18 | 06/01/2016 | Defendant Req Materials & Inf Converted DOC ID: DRM, DOC Name: DEFT TRACY T YOSHIMURA'S FIRST WRITTEN REQUEST FOR DISCOVERY OF MATERIALS AND INFORMATION      PURSUANT TO RULES 12(D), 16(B), AND 16(E) OF THE  HAWAII RULES OF PENAL PROCEDURE; C/S, Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | Breiner, Myles S. |
| 19 | 06/06/2016 | Other Converted DOC ID: OG, DOC Name: ORDER GRANTING DEFT YOSHIMURA'S ORAL MOTION TO UNSEAL GRAND JURY TRANSCRIPT, Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 20 | 06/07/2016 | Order<br>Converted<br>DOC ID: O, DOC Name: ORDER GRANTING ORAL MOTION FOR DEFTS TRACY YOSHIMURA, EUGENE SIMEONA, AND MICHAEL MILLER JR  TO TRAVEL WITHOUT RESTRICTIONS, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Breiner, Myles S. |
| 21 | 06/17/2016 | Other<br>Converted<br>DOC ID: , DOC Name: DEFT TRACY YOSHIMURA'S FIRST MOTION TO COMPEL DISCOVERY, OR IN THE ALTERNATIVE, MOTION TO     DISMISS COMPLAINT WITH PREJUDICE; MEMORANDUM IN  SUPPORT; DEC/ COUNSEL; CERTIFICATION REGARDING, Comments: MOTION TO COMPEL EXHIBIT A; STATEMENT OF PROPOSED WITNESSES; C/S | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Breiner, Myles S. |
| 22 | 06/23/2016 | Other<br>Converted<br>DOC ID: , DOC Name: DEFT TRACY YOSHIMURA'S SECOND MOTION TO COMPEL DISCOVERY, OR IN THE ALTERNATIVE, MOTION TO     DISMISS COMPLAINT WITH PREJUDICE; MEMORANDUM     IN SUPPORT; DEC/ COUNSEL; CERTIFICATION, Comments: REGARDING MOTION TO COMPEL; C/S | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Breiner, Myles S. |
| 23 | 06/24/2016 | Motion for _____<br>Converted<br>DOC ID: M, DOC Name: MOTION TO WITHDRAW AS COUNSEL; DEC/ COUNSEL; C/S  (TRACY T YOSHIMURA), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Breiner, Myles S. |
| 24 | 06/27/2016 | Notice<br>Converted<br>DOC ID: NOT, DOC Name: NOTICE OF ENTRY OF APPEARANCE AS CO-COUNSEL FOR DEFT TRACY T. YOSHIMURA; AND C/S, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Kiuchi, Keith M. |
| 25 | 06/30/2016 | Memorandum in Opposition<br>Converted<br>DOC ID: MOPP, DOC Name: MEMORANDUM IN OPPOSITION TO DEFT'S FIRST MOTION TOCOMPEL DISCOVERY, OR IN THE ALTERNATIVE, MOTION TODISMISS INDICTMENT WITH PREJUDICE; EXHS A-C; STMNT/PROP WITS &/OR EXHS; C/S, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 26 | 07/01/2016 | Memorandum in Opposition<br>Converted<br>DOC ID: MOPP, DOC Name: MEMORANDUM IN OPPOSITION TO DEFT TRACY YOSHIMURA'SSECOND MOTION TO COMPEL DISCOVERY, OR IN THE     ALTERNATIVE, MOTION TO DISMISS COMPLAINT WITH PREJUDICE; DEC/COUNSEL; MEMO/SUPP; EXH 1; C/S, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Van Demark, Sean Marek |
| 27 | 07/05/2016 | Memorandum of Pretrial<br>Converted<br>DOC ID: MOP, DOC Name: MEMORANDUM OF PRETRIAL (TRACY T YOSHIMURA),<br>Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 28 | 07/05/2016 | Memorandum of Pretrial<br>Converted<br>DOC ID: MOP, DOC Name: MEMORANDUM OF PRETRIAL (EUGENE M SIMEONA JR),<br>Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 29 | 07/05/2016 | Memorandum of Pretrial<br>Converted<br>DOC ID: MOP, DOC Name: MEMORANDUM OF PRETRIAL (MICHAEL D MILLER JR),<br>Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 51 | 07/05/2016 | Minutes<br>***OFF THE RECORD***                  LAW CLERK: C. HOLM                       DPA TIMOTHY TATE  (PRESENT)                PVT MYLES BREINER (PRESENT) FOR DEFT YOSHIMURA PVT THOMAS OTAKE (PRESENT) FOR DEFT SIMEONA JR.  PVT VICTOR BAKKE  (PRESENT) FOR DEFT MILLER JR.   1:09 -1:18 P.M. DISCUSSION HAD REGARDING STATUS OF CASE. MEMO OF PRETRIAL TO BE FILED. PROCEEDING CONCLUDED. | TRACY T YOSHIMURA | |
| 52 | 07/05/2016 | Minutes<br>***OFF THE RECORD***                  LAW CLERK: C. HOLM                       DPA TIMOTHY TATE  (PRESENT)                PVT MYLES BREINER (PRESENT) FOR DEFT YOSHIMURA PVT THOMAS OTAKE (PRESENT) FOR DEFT SIMEONA JR.  PVT VICTOR BAKKE  (PRESENT) FOR DEFT MILLER JR.   1:09 -1:18 P.M. DISCUSSION HAD REGARDING STATUS OF CASE. MEMO OF PRETRIAL TO BE FILED. PROCEEDING CONCLUDED. | EUGENE M SIMEONA JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 53 | 07/05/2016 | Minutes<br>***OFF THE RECORD***          LAW CLERK: C. HOLM                DPA TIMOTHY TATE  (PRESENT)            PVT MYLES BREINER (PRESENT) FOR DEFT YOSHIMURA PVT THOMAS OTAKE (PRESENT) FOR DEFT SIMEONA JR.  PVT VICTOR BAKKE  (PRESENT) FOR DEFT MILLER JR.   1:09 -1:18 P.M. DISCUSSION HAD REGARDING STATUS OF CASE. MEMO OF PRETRIAL TO BE FILED. PROCEEDING CONCLUDED. | MICHAEL D MILLER JR | |
| 30 | 07/11/2016 | Notice<br>Converted<br>DOC ID: NOT, DOC Name: DEFT MICHAEL MILLER'S NOTICE OF JOINDER IN     CO-DEFT TRACY T YOSHIMURA'S SECOND MOTION TO    COMPEL DISCOVERY, OR IN THE ALTERNATIVE, MOTION   TO DISMISS COMPLAINT WITH PREJUDICE, Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | Bakke, Victor J. |
| 31 | 07/11/2016 | Notice<br>Converted<br>DOC ID: NOT, DOC Name: DEFT MICHAEL MILLER'S NOTICE OF JOINDER IN     CO-DEFT TRACY T YOSHIMURA'S FIRST MOTION TO    COMPEL DISCOVERY, OR IN THE ALTERNATIVE, MOTION   TO DISMISS COMPLAINT WITH PREJUDICE, Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | Bakke, Victor J. |
| 32 | 07/11/2016 | Memorandum<br>Converted<br>DOC ID: MEMO, DOC Name: REPLY MEMORANDUM IN SUPPORT OF DEFT TRACY      YOSHIMURA'S SECOND MOTION TO COMPEL DISCOVERY OR  IN THE ALTERNATIVE MOTION TO DISMISS COMPLAINT   WITH PREJUDICE; DEC/K M KIUCHI; EXHS A-E; & C/S, Comments: | TRACY T YOSHIMURA EUGENE M SIMEONA JR MICHAEL D MILLER JR | Breiner, Myles S. |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 54 | 07/12/2016 | Minutes<br>CT RPTR: BRIAN FAXVOG        CT CLERK: P. MUNIZDPA SEAN VAN DEMARK PVT MYLES BREINER AND KEITH KIUCHI FOR DEFT YOSHIMURA (NOT PRESENT) PVT VICTOR BAKKE                    W/DEFT SIMEONA (PRESENT)                  VICTOR BAKKE FOR PVT THOMAS OTAKE W/DEFT SIMEONA (PRESENT) 12:15 - 12:32 P.M.                         CASE CALLED AND APPEARANCES WERE ENTERED.        DEFTS SIMEONA AND MILLER ARE PRESENT. DEFT YOSHIMURA NOT PRESENT AND HIS PRESENCE WILL BE WAIVED FOR TODAY'S HEARING ONLY.                    RE MOTION TO WITHDRAW AS COUNSEL. MR. BREINER ORALLY WITHDREW HIS MOTION TO WITHDRAW AS COUNSEL.MR. BAKKE AND MR. VAN DE MARK TAKES NO POSITION. COURT DEEMED MOTION IS WITHDRAWN. RE FIRST MOTION TO COMPEL, JOINED BY MILLER.  REPRESENTATIONS/ARGUMENTS MADE BY COUNSEL. MOTION IS GRANTED. DPA TO PROVIDE DEFENSE W/DCCA RECORDS AND EXPERT REPORT BY 7/22/16. RE SECOND MOTION TO COMPEL, JOINED BY MILLER. COURT TAKES NOTICE OF THE INDICTMENT, MOTION,    JOINDER, OPPOSITION AND REPLY. COURT NOTED UPDATE OF DISCOVERY. REPRESENTATIONS/ARGUMENTS MADE BY COUNSEL. THIS MOTION IS CONTINUED TO 7/19/16 AT  11:30 A.M. THE STATE TO FILE A DETAILED REPONSE BY7/15/16 CLOSE OF BUSINESS, FILED AND SERVED. TRIAL CALL TIME IS CHANGED FROM 8:30 A.M. TO   11:30 ON 7/19/16.                    PROCEEDING CONCLUDED. | TRACY T YOSHIMURA | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 55 | 07/12/2016 | Minutes CT RPTR: BRIAN FAXVOG        CT CLERK: P. MUNIZDPA SEAN VAN DEMARK PVT MYLES BREINER AND KEITH KIUCHI FOR DEFT YOSHIMURA (NOT PRESENT) PVT VICTOR BAKKE                    W/DEFT SIMEONA (PRESENT)                VICTOR BAKKE FOR PVT THOMAS OTAKE W/DEFT SIMEONA (PRESENT) 12:15 - 12:32 P.M.                    CASE CALLED AND APPEARANCES WERE ENTERED.        DEFTS SIMEONA AND MILLER ARE PRESENT. DEFT YOSHIMURA NOT PRESENT AND HIS PRESENCE WILL BE WAIVED FOR TODAY'S HEARING ONLY.                    RE MOTION TO WITHDRAW AS COUNSEL. MR. BREINER ORALLY WITHDREW HIS MOTION TO WITHDRAW AS COUNSEL.MR. BAKKE AND MR. VAN DE MARK TAKES NO POSITION. COURT DEEMED MOTION IS WITHDRAWN. RE FIRST MOTION TO COMPEL, JOINED BY MILLER.  REPRESENTATIONS/ARGUMENTS MADE BY COUNSEL. MOTION IS GRANTED. DPA TO PROVIDE DEFENSE W/DCCA RECORDS AND EXPERT REPORT BY 7/22/16. RE SECOND MOTION TO COMPEL, JOINED BY MILLER. COURT TAKES NOTICE OF THE INDICTMENT, MOTION,    JOINDER, OPPOSITION AND REPLY. COURT NOTED UPDATE OF DISCOVERY. REPRESENTATIONS/ARGUMENTS MADE BY COUNSEL. THIS MOTION IS CONTINUED TO 7/19/16 AT   11:30 A.M. THE STATE TO FILE A DETAILED REPONSE BY7/15/16 CLOSE OF BUSINESS, FILED AND SERVED. TRIAL CALL TIME IS CHANGED FROM 8:30 A.M. TO   11:30 ON 7/19/16.                    PROCEEDING CONCLUDED. | MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 56 | 07/12/2016 | Minutes<br>CT RPTR: BRIAN FAXVOG      CT CLERK: P. MUNIZDPA SEAN VAN DEMARK<br>PVT MYLES BREINER AND KEITH KIUCHI FOR DEFT YOSHIMURA (NOT PRESENT) PVT VICTOR BAKKE              W/DEFT SIMEONA (PRESENT)              VICTOR BAKKE FOR PVT THOMAS OTAKE W/DEFT SIMEONA (PRESENT) 12:15 - 12:32 P.M.              CASE CALLED AND APPEARANCES WERE ENTERED.      DEFTS SIMEONA AND MILLER ARE PRESENT. DEFT YOSHIMURA NOT PRESENT AND HIS PRESENCE WILL BE WAIVED FOR TODAY'S HEARING ONLY.              RE MOTION TO WITHDRAW AS COUNSEL. MR. BREINER ORALLY WITHDREW HIS MOTION TO WITHDRAW AS COUNSEL.MR. BAKKE AND MR. VAN DE MARK TAKES NO POSITION. COURT DEEMED MOTION IS WITHDRAWN. RE FIRST MOTION TO COMPEL, JOINED BY MILLER.  REPRESENTATIONS/ARGUMENTS MADE BY COUNSEL. MOTION IS GRANTED. DPA TO PROVIDE DEFENSE W/DCCA RECORDS AND EXPERT REPORT BY 7/22/16. RE SECOND MOTION TO COMPEL, JOINED BY MILLER. COURT TAKES NOTICE OF THE INDICTMENT, MOTION,    JOINDER, OPPOSITION AND REPLY. COURT NOTED UPDATE OF DISCOVERY. REPRESENTATIONS/ARGUMENTS MADE BY COUNSEL. THIS MOTION IS CONTINUED TO 7/19/16 AT  11:30 A.M. THE STATE TO FILE A DETAILED REPONSE BY7/15/16 CLOSE OF BUSINESS, FILED AND SERVED. TRIAL CALL TIME IS CHANGED FROM 8:30 A.M. TO   11:30 ON 7/19/16.              PROCEEDING CONCLUDED. | EUGENE M SIMEONA JR | |
| 33 | 07/18/2016 | Memorandum<br>Converted<br>DOC ID: MEMO, DOC Name: SECOND REPLY MEMORANDUM IN SUPPORT OF DEFT TRACY  YOSHIMURA'S SECOND MOTION TO COMPEL DISCOVERY OR  IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT   WITH PREJUDICE; DEC/K M KIUCHI; EXHS E-G; AND C/S, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Kiuchi, Keith M. |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 34 | 07/19/2016 | Other<br>Converted<br>DOC ID: RESP, DOC Name: STATE OF HAWAII'S RESPONSE TO DEFT'S REPLY MEMORANDUM IN SUPPORT OF DEFT TRACY YOSHIMURA'S   SECOND MOTION TO COMPEL DISCOVERY OR IN THE ALTERNATIVE TO DISMISS COMPLAINT W/PREJUDICE;, Comments: DEC/COUNSEL; EXH 1; C/S | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Van Demark, Sean Marek |
| 35 | 07/19/2016 | Motion to Dismiss<br>Converted<br>DOC ID: MD, DOC Name: MOTION TO DISMISS INDICTMENT FOR VIOLATION OF RULE48 OF THE HAWAII RULES OF PENAL PROCEDURE; DEC/KM KIUCHI; EXHS 1-L; MEMO/LAW/SUPP; N/H & C/S, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Kiuchi, Keith M. |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 57 | 07/19/2016 | Minutes<br>MINUTE ORDER: 7/12/16<br>PURSUANT TO HEARING ON 7/12/16, TRIAL CALL    TIME CHANGED FROM 8:30 A.M. TO 11:30 A.M.      CT RPTR: BRIAN FAXVOG CT CLERK: P. MUNIZDPA SCOTT BELL PVT MYLES BREINER W/DEFT YOSHIMURA PVT THOMAS OTAKE W/DEFT SIMEONA PVT VICTOR BAKKE W/DEFT MILLER<br>11:56 - 12:12 P.M.    CASE CALLED AND APPEARANCES WERE ENTERED.      COURT IN RECEIPT OF YOSHIMURA'S SECOND M/COMPEL, DEFT MILLER'S JOINDER, STATE MEMO IN OPP, DEFT   YOSHIMURA'S REPLY MEMO, AND DEFT YOSHIMURA'S    SECOND REPLY MEMO. COURT ALSO RECEIVED AN UNFILED COPY OF STATE'S RESPONSE WHICH HAS SINCE BEEN FILED THIS MORNING.              THE COURT HAD ORDERED THE STATE'S RESPONSE TO BEFILED ON FRIDAY 7/15/16 WHICH WAS NOT DONE.      EXPLAINATION PROVIDED BY THE STATE. ARGUMENTS BY MR. BREINER AND REQUEST TO STRIKE OR CONTINUE    HEARING. MR. OTAKE ORALLY JOIN IN THE REQUEST AND MADE ARGUMENTS. MR. BAKKE ORALLY JOIN IN THE    REQUEST &/OR IMPOSE SANCTIONS, AND MADE ARGUMENTS. THE STATE HAS NO OBJECTION TO CONTINUING MOTION. THE COURT ACCEPTS THE STATE'S REPRESENTATIONS AS  TO WHY THE RESPONSE WAS NOT TIMELY FILED AND NOTEDTHAT IT'S HIS RESPONSIBILITY TO MAKE SURE IT'S DONE. THE COURT WILL NOT STRIKE THE STATE'S    RESPONSE BUT DO AGREE WITH MR. BREINER TO GIVE THE DEFENSE A COMPLETE OPPORTUNITY TO FAIRLY    DIGEST THE INFORMATION. THIS MOTION AND TRIAL CALL ARE CONTINUED TO 8/9/16 AT 11:30 A.M. DEFT YOSHIMURA'S MOTION TO DISMISS IS ALSO SET  AT THE SAME TIME. STATE'S OPPOSITION MEMO TO THE  MOTION TO DISMISS IS TO BE FILED BY 8/1/16 CLOSE OF BUSINESS. DEFENSE'S REPLY TO BE FILED BY 8/5/16CLOSE OF BUSINESS.<br>REQUEST FOR SANCTIONS IS DENIED. PROCEEDING CONCLUDED. | TRACY T YOSHIMURA | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 58 | 07/19/2016 | Minutes<br>MINUTE ORDER: 7/12/16<br>PURSUANT TO HEARING ON 7/12/16, TRIAL CALL     TIME CHANGED FROM 8:30 A.M. TO 11:30 A.M.     CT RPTR: BRIAN FAXVOG CT CLERK: P. MUNIZDPA SCOTT BELL PVT MYLES BREINER W/DEFT YOSHIMURA PVT THOMAS OTAKE W/DEFT SIMEONA PVT VICTOR BAKKE W/DEFT MILLER<br>11:56 - 12:12 P.M.     CASE CALLED AND APPEARANCES WERE ENTERED.     COURT IN RECEIPT OF YOSHIMURA'S SECOND M/COMPEL, DEFT MILLER'S JOINDER, STATE MEMO IN OPP, DEFT   YOSHIMURA'S REPLY MEMO, AND DEFT YOSHIMURA'S     SECOND REPLY MEMO. COURT ALSO RECEIVED AN UNFILED COPY OF STATE'S RESPONSE WHICH HAS SINCE BEEN FILED THIS MORNING.     THE COURT HAD ORDERED THE STATE'S RESPONSE TO BEFILED ON FRIDAY 7/15/16 WHICH WAS NOT DONE.     EXPLAINATION PROVIDED BY THE STATE. ARGUMENTS BY MR. BREINER AND REQUEST TO STRIKE OR CONTINUE   HEARING. MR. OTAKE ORALLY JOIN IN THE REQUEST AND MADE ARGUMENTS. MR. BAKKE ORALLY JOIN IN THE     REQUEST &/OR IMPOSE SANCTIONS, AND MADE ARGUMENTS. THE STATE HAS NO OBJECTION TO CONTINUING MOTION. THE COURT ACCEPTS THE STATE'S REPRESENTATIONS AS  TO WHY THE RESPONSE WAS NOT TIMELY FILED AND NOTEDTHAT IT'S HIS RESPONSIBILITY TO MAKE SURE IT'S DONE. THE COURT WILL NOT STRIKE THE STATE'S     RESPONSE BUT DO AGREE WITH MR. BREINER TO GIVE THE DEFENSE A COMPLETE OPPORTUNITY TO FAIRLY     DIGEST THE INFORMATION. THIS MOTION AND TRIAL CALL ARE CONTINUED TO 8/9/16 AT 11:30 A.M. DEFT YOSHIMURA'S MOTION TO DISMISS IS ALSO SET  AT THE SAME TIME. STATE'S OPPOSITION MEMO TO THE  MOTION TO DISMISS IS TO BE FILED BY 8/1/16 CLOSE OF BUSINESS. DEFENSE'S REPLY TO BE FILED BY 8/5/16CLOSE OF BUSINESS.<br>REQUEST FOR SANCTIONS IS DENIED. PROCEEDING CONCLUDED. | MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 59 | 07/19/2016 | Minutes<br>MINUTE ORDER: 7/12/16<br>PURSUANT TO HEARING ON 7/12/16, TRIAL CALL   TIME CHANGED FROM 8:30 A.M. TO 11:30 A.M.   CT RPTR: BRIAN FAXVOG CT CLERK: P. MUNIZDPA SCOTT BELL PVT MYLES BREINER W/DEFT YOSHIMURA PVT THOMAS OTAKE W/DEFT SIMEONA PVT VICTOR BAKKE W/DEFT MILLER<br>11:56 - 12:12 P.M.   CASE CALLED AND APPEARANCES WERE ENTERED.   COURT IN RECEIPT OF YOSHIMURA'S SECOND M/COMPEL, DEFT MILLER'S JOINDER, STATE MEMO IN OPP, DEFT   YOSHIMURA'S REPLY MEMO, AND DEFT YOSHIMURA'S   SECOND REPLY MEMO. COURT ALSO RECEIVED AN UNFILED COPY OF STATE'S RESPONSE WHICH HAS SINCE BEEN FILED THIS MORNING.   THE COURT HAD ORDERED THE STATE'S RESPONSE TO BEFILED ON FRIDAY 7/15/16 WHICH WAS NOT DONE.   EXPLAINATION PROVIDED BY THE STATE. ARGUMENTS BY MR. BREINER AND REQUEST TO STRIKE OR CONTINUE   HEARING. MR. OTAKE ORALLY JOIN IN THE REQUEST AND MADE ARGUMENTS. MR. BAKKE ORALLY JOIN IN THE   REQUEST &/OR IMPOSE SANCTIONS, AND MADE ARGUMENTS. THE STATE HAS NO OBJECTION TO CONTINUING MOTION. THE COURT ACCEPTS THE STATE'S REPRESENTATIONS AS  TO WHY THE RESPONSE WAS NOT TIMELY FILED AND NOTEDTHAT IT'S HIS RESPONSIBILITY TO MAKE SURE IT'S DONE. THE COURT WILL NOT STRIKE THE STATE'S   RESPONSE BUT DO AGREE WITH MR. BREINER TO GIVE THE DEFENSE A COMPLETE OPPORTUNITY TO FAIRLY   DIGEST THE INFORMATION. THIS MOTION AND TRIAL CALL ARE CONTINUED TO 8/9/16 AT 11:30 A.M. DEFT YOSHIMURA'S MOTION TO DISMISS IS ALSO SET  AT THE SAME TIME. STATE'S OPPOSITION MEMO TO THE  MOTION TO DISMISS IS TO BE FILED BY 8/1/16 CLOSE OF BUSINESS. DEFENSE'S REPLY TO BE FILED BY 8/5/16CLOSE OF BUSINESS.<br>REQUEST FOR SANCTIONS IS DENIED. PROCEEDING CONCLUDED. | EUGENE M SIMEONA JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 36 | 07/22/2016 | Other<br>Converted<br>DOC ID: , DOC Name: DEFT MICHAEL MILLER'S NOTIC EOF JOINDER CO-DEFT TRACY T YOSHIMURA'S MOTION TO DISMISS INDICTMENT  FOR VIOLATION OF RULE 48 OF THE HAWAII RULES OF  PENAL PROCEDURE, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 37 | 08/01/2016 | Memorandum in Opposition<br>Converted<br>DOC ID: MOPP, DOC Name: MEMORANDUM IN OPPOSITION TO DEFT YOSHIMURA'S MOTION TO DISMISS INDICTMENT FOR VIOLATION OF    RULE 48 OF THE HAWAII RULES OF PENAL PROCEDURE; DEC/COUNSEL; EXHS 1-10; C/S, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Van Demark, Sean Marek |
| 60 | 08/01/2016 | Minutes<br>8/9/16: OFF. CASE DISMISSED WITH PREJUDICE. | EUGENE M SIMEONA JR | |
| 61 | 08/01/2016 | Minutes<br>8/9/16: OFF. CASE DISMISSED WITH PREJUDICE. | TRACY T YOSHIMURA | |
| 62 | 08/01/2016 | Minutes<br>8/9/16: OFF. CASE DISMISSED WITH PREJUDICE. | MICHAEL D MILLER JR | |
| 38 | 08/05/2016 | Other<br>Converted<br>DOC ID: REPLY, DOC Name: THIRD REPLY MEMORANDUM IN SUPPORT OF DEFT TRACY   YOSHIMURA'S SECOND MOTION TO COMPEL DISCOVERY OR  IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT   WITH PREJUDICE; DEC/KEITH M KIUCHI; EXHS H-I; AND, Comments: C/S | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Breiner, Myles S. |
| 39 | 08/05/2016 | Other<br>Converted<br>DOC ID: REPLY, DOC Name: REPLY MEMORANDUM IN SUPPORT OF DEFT YOSHIMURA'S  MOTION TO DISMISS INDICTMENT FOR VIOLATION OF RULE48 OF THE HAWAII RULES OF PENAL PROCEDURE; DEC/KM KIUCHI; EXHS M-N & C/S, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Kiuchi, Keith M. |
| 40 | 08/05/2016 | Joinder in ____<br>Converted<br>DOC ID: JO, DOC Name: DEFT SIMEONA'S JOINDER IN DEFT YOSHIMURA'S MOTION TO DISMISS INDICTMENT FOR VIOLATION OF RULE 48 OF THE HAWAII RULES OF PENAL PROCEDURE; C/S, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Otake, Thomas Mineo |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 63 | 08/09/2016 | Minutes<br>CT RPTR: NIKKI CHEANG CT CLERK: P. MUNIZDPA SEAN VAN DEMARK<br>PVT MYLES BREINER & KEITH KIUCHI W/DEFT TRACY YOSHIMURA PVT THOMAS OTAKE W/DEFT EUGENE SIMEONA JR<br>PVT DAVID FANELLI FOR VICTOR BAKKE W/DEFT MICHAEL MILLER<br>11:35 - 12:28 P.M. CASE CALLED AND APPEARANCES WERE ENTERED. COURT TOOK JUDICIAL NOTICE RECORDS/FILES OF THE PRIOR CASE CR NO 14-1-0717, THE INSTANT CASE CR NO 16-1-0288, & COMPANION CASE CR NO 16-1-0145. COURT IN RECEIPT OF THE MOTION W/ATTACHED EXHIBITS, OPPOSITION W/EXHIBITS, REPLY MEMO, AND JOINDERS. COURT ALSO TAKE NOTICE OF THE RULE 48 HRPP AND APPLICABLE PROVISIONS AND CASE AUTHORITY CITED.<br>ARGUMENTS PRESENTED BY COUNSEL. THE COURT FINDS AND BELIEVES THAT THE TIME PERIOD FOR DELAYS DEALING W/THE MOTIONS TO COMPEL DISCOVERY OR IN THE ALTERNATIVE ARE INCLUDED PURSUANT TO RULE 48(D)(2) FOR BOTH CASES. PARTIES ARE LARGELY IN AGREEMENT WITH RESPECT TO THE REMAINING DATES, COURT DON'T FEEL NECESSARY TO ADDRESS THOSE. COURT FINDS THAT THE TIME PERIOD FROM THE FILING OF THE M/WITHDRAW WHICH WAS 6/24/16 UP TO INCLUDING THE DISPOSITION ON THE M/WITHDRAW ON 7/12/16 IS INCLUDED FOR THE PURPOSES OF RULE 48. COURT FINDS THE ARGUMENTS BY THE DEFENSE TO BE PERSUASIVE. COURT FINDS AND CITED THE RELEVANT DATES. THIS CASE IS 8 DAYS OVER RULE 48'S STATED TIME LIMITS. IN THIS COURT'S VIEW RULE 48 HAS BEEN VIOLATED. MOTION TO DISMISS IS GRANTED. ARGUMENTS REGARDING WITH OR WITHOUT PREJUDICE. COURT STATED ITS REASONS AND WILL DISMISS CASE WITH PREJUDICE. MR. KIUCHI TO PREPARE THE ORDER WITH FINDINGS AND CONCLUSIONS AND SUBMIT TO THE STATE BY 9/1/16.ORDER(S) TO BE SUBMITTED TO THE COURT BY 10/3/16. THE STATE MADE RECORD OBJECTION TO DISMISSAL WITH PREJUDICE. | MICHAEL D MILLER JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
|  |  | PROCEEDING CONCLUDED. |  |  |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 64 | 08/09/2016 | Minutes<br>CT RPTR: NIKKI CHEANG        CT CLERK: P. MUNIZDPA SEAN VAN DEMARK<br>PVT MYLES BREINER & KEITH KIUCHI W/DEFT TRACY YOSHIMURA PVT THOMAS OTAKE W/DEFT EUGENE SIMEONA JR<br>PVT DAVID FANELLI FOR VICTOR BAKKE W/DEFT MICHAEL MILLER<br>11:35 - 12:28 P.M. CASE CALLED AND APPEARANCES WERE ENTERED.        COURT TOOK JUDICIAL NOTICE RECORDS/FILES OF THE PRIOR CASE CR NO 14-1-0717, THE INSTANT     CASE CR NO 16-1-0288, & COMPANION CASE CR NO 16-1-0145. COURT IN RECEIPT OF THE MOTION W/ATTACHED EXHIBITS, OPPOSITION W/EXHIBITS, REPLY MEMO, AND JOINDERS. COURT ALSO TAKE NOTICE OF THE RULE 48 HRPP AND APPLICABLE PROVISIONS AND CASE AUTHORITY CITED.<br>ARGUMENTS PRESENTED BY COUNSEL. THE COURT FINDS AND BELIEVES THAT THE TIME     PERIOD FOR DELAYS DEALING W/THE MOTIONS TO COMPEL DISCOVERY OR IN THE ALTERNATIVE ARE INCLUDED PURSUANT TO RULE 48(D)(2) FOR BOTH CASES. PARTIES ARE LARGELY IN AGREEMENT WITH RESPECT TO THE REMAINING DATES, COURT DON'T FEEL NECESSARY TO ADDRESS THOSE. COURT FINDS THAT THE TIME PERIOD  FROM THE FILING OF THE M/WITHDRAW WHICH WAS 6/24/16 UP TO INCLUDING THE DISPOSITION ON THE   M/WITHDRAW ON 7/12/16 IS INCLUDED FOR THE PURPOSES OF RULE 48. COURT FINDS THE ARGUMENTS BY THE DEFENSE TO BE PERSUASIVE. COURT FINDS AND CITED   THE RELEVANT DATES. THIS CASE IS 8 DAYS OVER     RULE 48'S STATED TIME LIMITS. IN THIS COURT'S VIEW RULE 48 HAS BEEN VIOLATED. MOTION TO DISMISS IS  GRANTED. ARGUMENTS REGARDING WITH OR WITHOUT PREJUDICE. COURT STATED ITS REASONS AND WILL    DISMISS CASE WITH PREJUDICE. MR. KIUCHI TO PREPARE THE ORDER WITH FINDINGS   AND CONCLUSIONS AND SUBMIT TO THE STATE BY 9/1/16.ORDER(S) TO BE SUBMITTED TO THE COURT BY 10/3/16. THE STATE MADE RECORD OBJECTION TO DISMISSAL WITH PREJUDICE. | EUGENE M SIMEONA JR | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| | | PROCEEDING CONCLUDED. | | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| 65 | 08/09/2016 | Minutes<br>CT RPTR: NIKKI CHEANG        CT CLERK: P. MUNIZDPA SEAN VAN DEMARK<br>PVT MYLES BREINER & KEITH KIUCHI W/DEFT TRACY YOSHIMURA PVT THOMAS OTAKE W/DEFT EUGENE SIMEONA JR<br>PVT DAVID FANELLI FOR VICTOR BAKKE W/DEFT MICHAEL MILLER<br>11:35 - 12:28 P.M. CASE CALLED AND APPEARANCES WERE ENTERED.        COURT TOOK JUDICIAL NOTICE RECORDS/FILES OF THE PRIOR CASE CR NO 14-1-0717, THE INSTANT     CASE CR NO 16-1-0288, & COMPANION CASE CR NO 16-1-0145. COURT IN RECEIPT OF THE MOTION W/ATTACHED EXHIBITS, OPPOSITION W/EXHIBITS, REPLY MEMO, AND JOINDERS. COURT ALSO TAKE NOTICE OF THE RULE 48 HRPP AND APPLICABLE PROVISIONS AND CASE AUTHORITY CITED.<br>ARGUMENTS PRESENTED BY COUNSEL. THE COURT FINDS AND BELIEVES THAT THE TIME     PERIOD FOR DELAYS DEALING W/THE MOTIONS TO COMPEL DISCOVERY OR IN THE ALTERNATIVE ARE INCLUDED PURSUANT TO RULE 48(D)(2) FOR BOTH CASES. PARTIES ARE LARGELY IN AGREEMENT WITH RESPECT TO THE REMAINING DATES, COURT DON'T FEEL NECESSARY TO ADDRESS THOSE. COURT FINDS THAT THE TIME PERIOD  FROM THE FILING OF THE M/WITHDRAW WHICH WAS 6/24/16 UP TO INCLUDING THE DISPOSITION ON THE   M/WITHDRAW ON 7/12/16 IS INCLUDED FOR THE PURPOSES OF RULE 48. COURT FINDS THE ARGUMENTS BY THE DEFENSE TO BE PERSUASIVE. COURT FINDS AND CITED   THE RELEVANT DATES. THIS CASE IS 8 DAYS OVER     RULE 48'S STATED TIME LIMITS. IN THIS COURT'S VIEW RULE 48 HAS BEEN VIOLATED. MOTION TO DISMISS IS  GRANTED. ARGUMENTS REGARDING WITH OR WITHOUT PREJUDICE. COURT STATED ITS REASONS AND WILL     DISMISS CASE WITH PREJUDICE. MR. KIUCHI TO PREPARE THE ORDER WITH FINDINGS   AND CONCLUSIONS AND SUBMIT TO THE STATE BY 9/1/16.ORDER(S) TO BE SUBMITTED TO THE COURT BY 10/3/16. THE STATE MADE RECORD OBJECTION TO DISMISSAL WITH PREJUDICE. | TRACY T YOSHIMURA | |

EXHIBIT 3

| Docket # | Date | Docket | Defendant | Party |
|---|---|---|---|---|
| | | PROCEEDING CONCLUDED. | | |
| 41 | 08/16/2016 | Other<br>Converted<br>DOC ID: OG, DOC Name: ORDER GRANTING DEFT TRACY YOSHIMURA'S FIRST MOTION TO COMPEL DISCOVERY OR IN THE ALTERNATIVE  MOTION TO DISMISS COMPLAINT WITH PREJUDICE, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Breiner, Myles S. |
| 42 | 08/17/2016 | Order Appointing Legal Counsel<br>Converted<br>DOC ID: OAC, DOC Name: ORDER APPOINTING COUNSEL FOR WITNESS (TRACY T YOSHIMURA, EUGENE M SIMEONA JR, MICHAEL  D MILLER JR), Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 43 | 10/27/2016 | Findings of Fact, Conclusions<br>Converted<br>DOC ID: FOF, DOC Name: FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING DEFT YOSHIMURA'S MOTION TO DISMISS      INDICTMENT FOR VIOLATION OF RULE 48 OF THE HAWAII RULES OF PENAL PROCEDURE, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | Breiner, Myles S. |
| 44 | 11/17/2016 | Request for Attorney Fees and<br>Converted<br>DOC ID: RAF, DOC Name: REQUEST FOR ATTORNEY'S FEES, Comments: | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 66 | 04/07/2017 | Document<br>HAJIS DOCKET LISTING - 04/07/2017 | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |
| 68 | 12/31/2018 | Transfer to Another Division<br>Case Transferred to D1C02 - 2nd Division | TRACY T YOSHIMURA<br>EUGENE M SIMEONA JR<br>MICHAEL D MILLER JR | |

EXHIBIT 3

# EXHIBIT 4

Honolulu

# Malicious Prosecution Lawsuit Will Cost Taxpayers $1.4 Million In Settlement

Honolulu Prosecuting Attorney Keith Kaneshiro and his former deputy, Katherine Kealoha, are central to the allegations.

 8

By Nick Grube  /  October 2, 2020

Reading time: 2 minutes.

   

The Honolulu City Council is poised to approve a $1.4 million payment to settle a federal civil rights lawsuit involving a botched gambling case charged by Honolulu Prosecuting Attorney Keith Kaneshiro and one of his top former deputies, Katherine Kealoha.

A council committee approved the settlement last month after a closed door meeting with city attorneys.

EXHIBIT 4


Cory Lum/Civil Beat/2017

Honolulu Prosecuting Attorney Keith Kaneshiro has stepped away from his office while he is under federal criminal investigation.

The case involves a series of raids conducted by the Honolulu Police Department in 2012 and 2013 to seize hundreds of arcade machines from suspected illegal game rooms around Oahu.

Related Coverage

**Honolulu Settles Malicious Prosecution Case Involving Kaneshiro, Kealoha**

SEPTEMBER 1, 2020

**Botched Illegal Gambling Case Prompts Lawsuit Against Prosecutors**

JANUARY 27, 2018

The lead plaintiff in the case is Hawaii businessman Tracy Yoshimura, owner of PJY Enterprises, who had argued that the devices were not being used as illegal gambling devices.

When he publicly challenged Kaneshiro to release the machines or charge him with a crime, he was indicted along with several others with 414 counts related to gambling.

EXHIBIT 4

Yoshimura argued that the indictment was malicious prosecution for his public criticism of Kaneshiro and his office, which had included likening the elected prosecutor to a famous mobster.

"I compare him to John Gotti where (if) John didn't like somebody he would go in and shoot up the place and destroy everything in the business and walk away hoping that's the end of you," Yoshimura told Hawaii News Now at the time. "In this case, Keith comes in, takes our equipment and claims he's doing it in conjunction with an ongoing investigation."

The lawsuit argued, among other things, that deputies and investigators in Kaneshiro's office, including Kealoha, had repeatedly presented false information to a state grand jury to secure the indictment.

Kaneshiro and Kealoha have since become the targets of a U.S. Justice Department investigation into public corruption.

Kealoha and her husband, former Honolulu Police Chief, have already been convicted of a series of crimes stemming from their attempt to frame a family member of the theft of their mailbox. Kaneshiro took a leave of absence after he was named a suspect in the Justice Department's ongoing investigation.

## What does it mean to be a nonprofit newsroom?

**As a nonprofit, all of our news is free.** We have no subscriber paywall and accept no advertising revenue from businesses, which gives us the freedom to remain independent.

If our journalism is free to access for everyone, you might ask, **how do we produce the Civil Beat journalism you've come to know and trust?** The most sustainable way we operate is through individual donations.

**Become a member today** and support our work all year-round with a $10 monthly gift. Because there's so much more work to be done.

CONTRIBUTE

EXHIBIT 4

## About the Author



**Nick Grube** 🐦 ✉ 🔊

Nick Grube is a reporter for Civil Beat. You can reach him by email at [nick@civilbeat.org](mailto:nick@civilbeat.org) or follow him on Twitter at [@nickgrube](https://twitter.com/nickgrube). You can also reach him by phone at 808-377-0246.

**Use the RSS feed to subscribe to Nick Grube's posts today**

## GET IN-DEPTH REPORTING ON HAWAII'S BIGGEST ISSUES

Sign up for our FREE morning newsletter



| Enter email | | SIGN ME UP! |

And don't worry, we hate spam too! You can unsubscribe any time.

EXHIBIT 4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was

served on the following counsel at their last known addresses by the CM/ECF system

on the date indicated below:

MICHAEL G. WHEAT, ESQ.          ***Attorneys for the United States of***
JOSEPH J.M. ORABONA, ESQ.       ***America***
JANAKI G. CHOPRA, ESQ.
COLIN M. MCDONALD, ESQ.
ANDREW Y. CHIANG, ESQ.
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101
E-mail:
  joseph.orabona@usdoj.gov
  Janaki.Chopra@usdoj.gov
  Colin.McDonald@usdoj.gov
  Andrew.Chiang@usdoj.gov


CRYSTAL G. K. GLENDON            ***Attorney for Defendant Sheri Jean***
Glendon & Ponce, LLLC            ***Tanaka***
1001 Bishop St., Suite 710
Honolulu, Hawaii 96813
E-mail: crystal@glendonponce.com


BIRNEY B. BERVAR, ESQ.           ***Attorney for Defendant Keith***
Bervar & Jones                   ***Mitsuyoshi Kaneshiro***
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
E-mail: bbb@bevar-jones.com


NINA MARINO                      ***Attorneys for Defendant Dennis***
JENNIFER LIESER                  ***Kuniyuki Mitsunaga***
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046
E-mail: marino@kaplanmarino.com
  lieser@kaplanmarino.com

JOHN M. SCHUM, ESQ.
Law Office of John Schum
P.O. Box 1241
Honolulu, Hawaii 96807
E-mail: John@JohnSchum.com

*Attorneys for Defendant Dennis Kuniyuki Mitsunaga*

DORIS LUM, ESQ.
Law Office of Doris Lum, LLLC
1001 Bishop Street, Suite 710
Honolulu, Hawaii 96813
E-mail: doris@dorislumlaw.com

*Attorney for Defendant Terri Ann Otani*

ANDREW M. KENNEDY, ESQ.
Schlueter Kwiat & Kennedy LLLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740
E-mail: Andrew@kona-lawyer.com

*Attorney for Defendant Aaron Shunichi Fujii*

THOMAS M. OTAKE, ESQ.
Thomas M. Otake AAL, ALC
851 Fort Street Mall, Suite 400
Honolulu, Hawaii 96813
E-mail: thomas@otakelaw.com

*Attorney for Defendant Chad Michael McDonald*

DATED:  March 18, 2024

Respectfully submitted,

HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP

By:  */s/ Mark Mermelstein*
     MARK MERMELSTEIN

Attorneys for Defendant
Sheri Jean Tanaka

2