Mark Mermelstein (CA SBN 208005)
mmermelstein@holmesathey.com
Andrew S. Cowan (CA SBN 165435)
acowan@holmesathey.com
Holmes, Athey, Cowan
& Mermelstein LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, CA  90017
Telephone:  (213) 985-2200
*Attorneys for Defendant Sheri Jean Tanaka*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-22-00048- TMB-NC |
| Plaintiff, | |
| | **DEFENDANTS SHERI J. TANAKA'S REQUEST FOR CLARIFICATION; CERTIFICATE OF SERVICE** |
| v. | |
| KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6), | Judge: Hon. Timothy M. Burgess |
| Defendants. | |

## REQUEST FOR CLARIFICATION

Defendant Sheri J. Tanaka hereby requests that the Court clarify its March 15, 2024 Order (ECF 534) regarding the elements for the crime charged in Count Two of the First Superseding Indictment.

In that Order, the Court rejected Defendants' argument that Count Two requires the government to prove an illicit *quid pro quo* in order "to prevent a jury from convicting Defendants on 'completely legal conduct.'" *Id.* at PageID.9281. The Court instead held that Count Two requires a "showing that the Defendants agreed to conspire against L.J.M. as **retaliation** for exercising her rights by agreeing to deprive her of her liberty, which is significantly beyond the Defendants' characterization of 'completely legal conduct.'" *Id.* (Emphasis added). The Court also stated:

> The Defendants may be correct that merely "referring a criminal case to the DPA in the absence of bribery" might be insufficient to establish a conspiracy against rights. But the conspiratorial conduct alleged in the FSI is an *agreement* between the Defendants to prosecute L.J.M. **in retaliation for** her exercise of her rights.

*Id.* (Emphasis added). In short, the Court relied on the concept of "retaliation" as the dividing line between lawful and unlawful conduct. The Court also adopted Government's Proposed Instruction No. 7 "to the extent consistent with this order, subject to further rulings on jury instructions." *Id.* at PageID.9292.

Ms. Tanaka seeks clarification because the words "retaliate" or "retaliation" (1) do not appear in the statutory language of 18 U.S.C. § 241; (2) do not appear in the charging language of Count Two; and (3) do not appear in Government's Proposed Instruction No. 7.  Section 241 and Count Two instead speak in terms of an agreement "to injure, oppress, threaten or intimidate" L.J.M. in the exercise or enjoyment of her rights.  It is therefore unclear, based on the Court's Order, whether the Court intended to *supplement* the statutory elements with the concept of retaliation, or to *replace* them.

Ms. Tanaka understands that the Court intended the "retaliation" standard to serve as the dividing line between lawful and unlawful conduct.  Ms. Tanaka, however, respectfully does not believe that this standard suffices, because § 241 is a conspiracy statute, and Defendants could still be convicted for entirely lawful conduct.  For example, suppose that a Fraudster takes money from a Victim. Fraudster then files a federal civil lawsuit against Victim.  Victim goes to an Attorney for help in (1) defending the lawsuit and (2) referring Fraudster to the DPA for prosecution.  Question:  Can Attorney agree to take on the lawful criminal referral without running afoul of § 241?

A jury could easily view the agreement between Victim and Attorney to refer Fraudster for prosecution as an agreement to "retaliate" against Fraudster.  Similarly, under Government's Proposed Instruction No. 7, the Attorney's agreement to take on the criminal referral would also be actionable under § 241, because the government

2

defines "injure, oppress, threaten or intimidate" as covering "any conduct intended to frighten punish or prevent the free action of other persons."  And when the Attorney agrees with a client to take on a criminal referral, that Attorney is absolutely agreeing to try to *injure* the rights of the Fraudster, and to *punish or prevent* the Fraudster's "free action" by having criminal charges brought against him.  Or suppose a different scenario, in which Victim and Attorney agree to refer Fraudster to the DPA, and the referral is made.  After the referral Fraudster files a federal civil lawsuit against Victim.  The DPA then requests additional information about Fraudster while it investigates him for potential prosecution.  Under the government's formulation, the Attorney cannot even provide additional information requested by the DPA, because Attorney would be doing this in order to facilitate the prosecution and therefore injure or oppress Fraudster and punish and prevent his free action.

Neither the standard proposed by the Court or the government therefore ensures that the jury will not convict Defendants based on lawful conduct.  Ms. Tanaka continues to believe that the appropriate dividing line between lawful and unlawful conduct for Count Two, given the nature of this case and the way that it was

//

//

//

3

charged, requires some element of corruption.  Even if the Court is not willing to adopt a *quid pro quo* standard for Count Two that Ms. Tanaka understood to be mandated by Judge Seabright's prior order, the Court should consider requiring that the unlawful agreement be somehow corrupt in nature.  Ms. Tanaka therefore respectfully requests that the Court clarify its Order and further order the parties to propose a new instruction for Count Two that includes the concept of corruption as an element.

Respectfully submitted,

DATED:  March 18, 2024

HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP

By:   */s/ Andrew S. Cowan*
ANDREW S. COWAN
*Attorneys for Defendant*
*Sheri Jean Tanaka*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel at their last known addresses by the CM/ECF system on the date indicated below.

MICHAEL G. WHEAT, ESQ.                   ***Attorneys for the***
JOSEPH J.M. ORABONA, ESQ.                ***United States of America***
JANAKI G. CHOPRA, ESQ.
COLIN M. MCDONALD, ESQ.
ANDREW Y. CHIANG, ESQ.
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101
E-mail: michael.wheat@usdoj.gov
           joseph.orabona@usdoj.gov
           Janaki.Chopra@usdoj.gov
           Colin.McDonald@usdoj.gov
           Andrew.Chiang@usdoj.gov


CRYSTAL G. K. GLENDON                    ***Attorney for Defendant***
Glendon & Ponce, LLLC                    ***Sheri Jean Tanaka***
1001 Bishop St., Suite 710
Honolulu, Hawaii 96813
E-mail: crystal@glendonponce.com


BIRNEY B. BERVAR, ESQ.                   ***Attorney for Defendant***
Bervar & Jones                           ***Keith Mitsuyoshi Kaneshiro***
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
E-mail: bbb@bevar-jones.com


NINA MARINO                              ***Attorneys for Defendant***
JENNIFER LIESER                          ***Dennis Kuniyuki Mitsunaga***
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046
E-mail: marino@kaplanmarino.com
           lieser@kaplanmarino.com

JOHN M. SCHUM, ESQ.                    ***Attorney for Defendant***
Law Office of John Schum              ***Dennis Kuniyuki Mitsunaga***
P.O. Box 1241
Honolulu, Hawaii 96807
E-mail: John@JohnSchum.com


DORIS LUM, ESQ.                        ***Attorney for Defendant***
Law Office of Doris Lum, LLLC         ***Terri Ann Otani***
1001 Bishop Street, Suite 710
Honolulu, Hawaii 96813
E-mail: doris@dorislumlaw.com


ANDREW M. KENNEDY, ESQ.                ***Attorney for Defendant***
Schlueter Kwiat & Kennedy LLLP        ***Aaron Shunichi Fujii***
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740
E-mail: Andrew@kona-lawyer.com


THOMAS M. OTAKE, ESQ.                  ***Attorney for Defendant***
Thomas M. Otake AAL, ALC              ***Chad Michael McDonald***
851 Fort Street Mall, Suite 400
Honolulu, Hawaii 96813
E-mail: thomas@otakelaw.com


DATED:  March 18, 2024                Respectfully submitted,
                                      HOLMES, ATHEY,
                                      COWAN & MERMELSTEIN LLP


                                      By:   */s/ Andrew S. Cowan*
                                           ANDREW S. COWAN

                                      Attorneys for Defendant
                                      Sheri Jean Tanaka