MERRICK B. GARLAND
Attorney General
RANDY S. GROSSMAN
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144/8756
Andrew.Chiang@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>                    Defendants. | CR No. 22-00048-TMB-NC<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR "CLARIFICATION" SEEKING TO CREATE ADDITIONAL ELEMENT OF "CORRUPTION" TO 18 U.S.C. § 241 |

## INTRODUCTION

Having failed to convince the Court that a charge under 18 U.S.C. § 241 contains a *quid pro quo* element, the defendants reach into their bag of elements and

hand out another one that has no support in the law—"corruption." The words of the statute—a conspiracy "to injure, oppress, threaten, or intimidate" any person "in the free exercise or enjoyment"—gives appropriate notice of what is prohibited and adequately guides the jury in its role as the fact finder in this case.

## DISCUSSION

In denying Tanaka's first motion to dismiss the First Superseding Indictment (FSI), Judge Seabright observed that "the defendant parses the FSI too finely." ECF 170 at 67. Here again, Tanaka parses the Court's language in its March 15, 2024 order too finely. She claims that when the Court used the words "retaliate" or "retaliation" to describe conduct prohibited by § 241, she cannot understand "whether the Court intended to *supplement* the statutory elements with the concept of retaliation, or to *replace* them." ECF 541 at 3 (emphases in original). But a common sense reading of the Court's order makes plain that the Court used the words "retaliate" or "retaliation" as a plain-speaking placeholder for the words of the statute, namely, "injure, oppress, threaten, or intimidate[.]" 18 U.S.C. § 241.

Surely Tanaka cannot fault the Court for its common sense parlance in explaining its ruling. Indeed, Tanaka used the very same verbiage in her first motion to dismiss the indictment when describing the United States' § 241 charge: "Count Two alleges, in essence, that Ms. Tanaka conspired with her co-defendants to prosecute L.J.M. in *retaliation* for her having exercise her 'right to file a lawsuit in federal court.'" ECF 165-1 at 24. Yet the words of Count Two never employs the

word "retaliation." What explains Tanaka ability to understand the meaning of "retaliation" then, and her inability to understand the term now? She cannot credibly claim to need "clarification" of the Court's use of that shorthand term. *See also* Defendants' Joint Trial Brief, ECF No. 442 at 4 of 23 ("The government alleges that the defendants sought to *retaliate* against L.J.M. by conspiring to have her criminally prosecuted and sought to interfere with her civil rights.") (emphasis added).

The medicine that Tanaka prescribes for the Court's purportedly confusing order is to import the element of "corruption" into the statute—a term that neither appears in § 241 nor is required by any case authorities. Indeed, Tanaka does not cite a single case in support of her motion. Criminal juries have been appropriately guided by the words of the statute in other jurisdictions, as evinced by the Eight Circuit's pattern jury instructions for § 241 offenses. See Eight Circuit Model Criminal Jury Instructions, § 6.18.241 ("*One*, on or before (insert date), two [or more] persons reached an agreement or came to an understanding to injure, oppress, threaten, or intimidate one or more persons"). This language works here too.

Tanaka claims that without this novel element—fashioned sometime between Friday, March 15, when the Court rejected her proposed *quid pro quo* element, and today, March 18, when the Court ordered her to brief her new argument— "Defendants could still be convicted for entirely lawful conduct." ECF 541 at 3. But this is just a variant of the vagueness argument that Tanaka made in her second motion to dismiss. See ECF 165-1 at 24 ("Nothing in § 241 put Ms. Tanaka on notice

3

that making a criminal referral—a perfectly lawful act—is conduct that would 'injure, oppress, threaten, and intimidate' L.J.M. in the exercise of her so-called 'right to file a lawsuit in federal court.'"). Judge Seabright expressly "decline[d] to decide this issue pre-trial," instead ordering Tanaka to raise it "after the prosecution rests." ECF 195 at 15. This Court should not allow Tanaka to circumvent Judge Seabright's order and it certainly should not accept her claim, not supported by a single court decision, that § 241 requires the element of "corruption" to avoid vagueness concerns.

Finally, the United States repeats the same argument it made in response to Tanaka's second motion to dismiss. In short, the FSI does not allege that Tanaka was simply "making a criminal referral—a perfectly lawful act." See ECF 165-1, Tanaka Second Motion to Dismiss, at 18. "Rather, the FSI alleges extremely serious criminal behavior." ECF 171 at 18. Yes, this includes "bribing the prosecutor," which falls under the United States' *quid pro quo* theory. ECF 171 at 18. But our Count Two theory is not limited to that. It also includes "compiling and submitting false evidence to the judicial authority responsible for reviewing the charges against L.J.M." ECF 171 at 18. As this Court properly recognized, "[t]he conduct charged is beyond a mere 'referral' to a prosecutor and, absent any bribery allegations whatsoever, certain not 'completely legal conduct.'" ECF 534 at 7.

4

## CONCLUSION

The Court should deny Tanaka's motion for "clarification" seeking to add a new element to Count Two.

| | |
|---|---|
| Dated: March 18, 2024. | Respectfully submitted, |
| | MERRICK B. GARLAND<br>Attorney General |
| | */s/ Andrew Y. Chiang*<br>MICHAEL G. WHEAT<br>JOSEPH J.M. ORABONA<br>JANAKI G. CHOPRA<br>COLIN M. MCDONALD<br>ANDREW Y. CHIANG<br>Special Attorneys of the United States |

5

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>           Defendants. | CR No. 22-00048-TMB-NC<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Andrew Y. Chiang, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893. I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18 2024.          */s/ Andrew Y. Chiang*
                                                            ANDREW Y. CHIANG