UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>　　　　　　　Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON DEFENDANT TERRI ANN OTANI'S MOTION *IN LIMINE* NO. 20<br>**(Dkts. 599 and 606)** |

## I.　INTRODUCTION

Before the Court is Terri Ann Otani's ("Otani") "Motion *in Limine* No. 20 to Admit Evidence that Defendant Otani Properly Invoked Her Fifth Amendment Privilege" ("Otani's Motion No. 20").[1] The United States opposes Otani's Motion No. 20 (the "United States' Response").[2] The matter is fully briefed. For the following reasons, the Court **DENIES** Otani's Motion No. 20.

---

[1] Dkts. 599 (Otani's Redacted Motion *in Limine* No. 20); 606 (Otani's Sealed Unredacted Motion *in Limine* No. 20).
[2] Dkt. 634 (United States' Response in Opposition).

## I.   BACKGROUND

Given the voluminous litigation in this matter, the Court assumes the Parties are familiar with the factual and procedural history of the case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

### A.  Otani's Motion No. 20

Otani seeks "to admit evidence that district judges in this Court found that Terri Ann Otani properly asserted her Fifth Amendment privilege before the grand jury."[3] She points to the United States' intent to introduce evidence suggesting that Otani, along with other defendants and witnesses, wrongfully invoked her Fifth Amendment rights as part of a coordinated effort to obstruct the grand jury's investigation into the conduct giving rise to the charges in this case.[4] However, Otani argues, several judges—including this Court—have found, in her view, that she "properly" invoked her Fifth Amendment rights when she declined to answer nearly every question posed to her before the grand jury.[5]

To support her argument, Otani suggests that if a court finds that evidence that a defendant abused the Fifth Amendment demonstrates consciousness of guilt, then a court finding that a defendant properly asserted the Fifth Amendment privilege "is evidence that she <u>was not</u> obstructing the grand jury and <u>does not</u> establish consciousness of guilt."[6] Otani does not point to any order containing a finding that she "properly" asserted her Fifth

---

[3] Dkt. 599 at 1.
[4] *Id.* at 3; *see* Dkt. 606 at 2–3.
[5] Dkt. 599 at 3–4; Dkt. 606 at 2–3.
[6] Dkt. 606 at 3.

Amendment rights. Rather, she quotes this Court's order on her Motion to Suppress Evidence, wherein this Court found that "certain passages of Otani's disputed [grand jury] testimony closely relate to the original fifty questions that she was compelled to answer by court order, over her invocation of her Fifth Amendment privilege."[7] She construes the Court's language to mean that "a district judge ruled that she properly asserted her right against self-incrimination as to certain questions posed by the government."[8]

Otani also proposes a new limiting instruction "[t]o ensure that the government is not prejudiced by the admission of the proffered evidence":

> You are about to hear [OR HAVE HEARD] evidence relating to the conduct of Terri Ann Otani properly invoking her Fifth Amendment right to remain silent in connection with grand jury proceedings. I instruct you that this evidence is admitted only for the limited purpose of deciding that she did not have consciousness of guilt with respect to the specific crimes charged in the First Superseding Indictment. Do not consider this evidence for any other purpose.
>
> Ms. Otani is not charged with committing any crime in connection with the grand jury proceedings. You may not consider the evidence of these other acts as a substitute for proof that Ms. Otani committed the specific crimes charged in the First Superseding Indictment. You may not consider this evidence as proof that the prosecution, in trying to compel her to answer questions for which she properly invoked her Fifth Amendment right to remain silent, are people of bad character or otherwise acted improperly.[9]

---

[7] Dkt. 599 at 3–4 (quoting Dkt. 434 (Order on Otani's Motion for Disputed Evidence to be Suppressed) at 6).
[8] *Id.* at 4.
[9] *Id.*

B. *The United States' Response*

Opposing Otani's Motion No. 20, the United States responds that "Otani's motion fails factually and legally."[10] Factually, the United States argues that "[e]vidence that does not exist cannot be admitted."[11] First, it submits that "no judge found Otani 'properly' invoked her Fifth Amendment privilege."[12] Rather, it argues, Otani wrongfully invoked her Fifth Amendment right before the grand jury "in response to every question posed to her (save a couple isolated questions)," refusing to answer non-incriminating "questions like, '[d]o you understand [your Fifth Amendment right],' 'are you sick, ma'am,' 'do you need medical attention today,' 'what does foregoing mean,' 'do you commonly use the term "foregoing,"' 'how did you get here today,' 'are you represented by counsel here today,' and more."[13] The United States observes that "Judge Kobayashi, frustrated by Otani's plainly obstructive conduct, ordered Otani to return to the grand jury and answer every question previously asked."[14] Thereafter, in this case, Judge Seabright ordered that some of Otani's statements should be suppressed because they were compelled (not because Otani invoked the Fifth Amendment, "properly" or otherwise).[15] Therefore, the United States argues that Otani's suggested "evidence that district judges in this Court found that

---

[10] Dkt. 634 at 3.
[11] *Id.* at 10.
[12] *Id.* at 3.
[13] *Id.* at 2–3.
[14] *Id.* at 3.
[15] *Id.*

. . . Otani properly asserted her Fifth Amendment privilege before the grand jury" in fact "does not exist" and that "[t]he Court's analysis can end here.[16]

Relatedly, the United States posits that Otani's grand jury appearance "was pure obstruction" and that Otani wrongfully asserted her Fifth Amendment rights when she answered every question by invoking the Fifth (except a scant handful on whether she had a headache).[17] But the United States suggests that its position on whether Otani "improperly asserted a blanket invocation of the Fifth Amendment" when she "robotically invoked the Fifth Amendment to every question posed (with the exception of the headache exchange)" is ultimately not at issue in this motion.[18]

Next, the United States argues that even if a judge had ruled that Otani properly invoked her Fifth Amendment rights, Otani's motion fails legally under at least three theories because the evidence she seeks to admit (if it existed) would be inadmissible hearsay, irrelevant, and improper character evidence.[19] First, it argues, "Otani's theory of admissibility is to introduce those judicial findings for the[ir] truth" for the jury to consider, which would render them inadmissible hearsay.[20] Next, it argues that Rule 401, which "only permits relevant evidence," is "a low bar" that even Otani's evidence could not clear because showing that she properly invoked the Fifth to some questions "says nothing about

---

[16] *Id.* at 10.
[17] *Id.* at 1–3.
[18] *Id.* at 7 n.4.
[19] *Id.* at 4.
[20] *Id.* at 13.

her wrongful invocations to the questions at issue."[21] Third, the United States argues that the evidence would be improper character evidence because "*rightfully* invoking the Fifth Amendment on some occasions—but not others—is not a 'character trait'" but rather improper "propensity evidence."[22] Finally, the United States argues that Rule 403 bars the proffered evidence because "the probative value . . . is zero" while "the confusion embedded in this evidence is instantly high" because "no judge made the finding Otani wants to admit" and because "all the times she *did not* obstruct" remain irrelevant and potentially misleading.[23]

## II.     LEGAL STANDARD

*A.  Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[24] and may be used to request evidence be either excluded or admitted before trial.[25] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[26] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[27]

---

[21] *Id.* at 12.
[22] *Id.* at 14 (emphasis in original).
[23] *Id.* at 15–16 (emphasis in original).
[24] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).
[25] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).
[26] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.
[27] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[28] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[29]

   B. *Rule 404(b)*

Under Federal Rule of Evidence ("Rule") 404(b)(1), evidence of a defendant's prior conviction, wrong, or act is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[30] "This prohibition reflects the 'underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.'"[31]

Rule 404(b) "is inapplicable, however, where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment."[32] Courts have found evidence is "inextricably intertwined" with the crime charged "and therefore need not meet the requirements of Rule 404(b)" where (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal

---

[28] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[29] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[30] Fed. R. Evid. 404(b)(1).
[31] *United States v. Verduzco*, 373 F.3d 1022, 1026 (9th Cir. 2004).
[32] *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003) (citing *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993)).

charge" or (2) the evidence is necessary for "the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."[33]

Further, under Rule 404(b)(2), evidence falling within the scope of Rule 404(b) "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[34] To introduce evidence under Rule 404(b)(2),

> [t]he Government carries the burden to prove that the proposed evidence satisfies four requirements:
>
> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) [in certain cases,] the act is similar to the offense charged (similarity).[35]

If the Court finds these requirements are met, it must then determine, under Rule 403, whether the "probative value [of the evidence] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[36]

### C. Relevance and Prejudice

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in determining the action."[37] Relevant evidence is admissible unless the United States

---

[33] *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995).
[34] Fed. R. Evid. 404(b)(2).
[35] *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).
[36] Fed. R. Evid. 403; *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).
[37] Fed. R. Evid. 401.

Constitution, a federal statute, the rules of evidence, or the Supreme Court provide otherwise; irrelevant evidence is inadmissible.[38] However, relevant evidence may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[39]

### III.   DISCUSSION

*A. On the record before the Court, no such finding that Otani properly invoked her Fifth Amendment right exists.*

The Court agrees that no evidence exists in the record that any court found that Otani "properly asserted" her Fifth Amendment rights. Otani does not point to any order containing a finding that she "properly" asserted her Fifth Amendment rights.[40] Rather, she suggests that the Court draw this inference based on several orders in this case and a finding that her answers to certain questions should be suppressed because she was compelled to answer those questions by court order. However, the orders regarding Otani's compelled answers were decided regardless of whether she asserted, or even could have properly asserted, a Fifth Amendment right against self-incrimination. Specifically, the Court ruled that Otani's answers in response to fifty questions on May 27, 2021, that were subsequently re-asked after Judge Kobayashi compelled Otani to answer them could be suppressed because "[i]f Otani had asserted a Fifth Amendment privilege as to any of those fifty

---

[38] Fed. R. Evid. 402.
[39] Fed. R. Evid. 403.
[40] Dkt. 599 at 1.

particular questions, she would have been at risk of being held in contempt of" the order compelling her to answer.[41] The Court further found "it appear[ed] that Otani was not given a full opportunity to invoke the privilege on an individual-question basis prior to [Judge Kobayashi's] Order."[42] Therefore, these suppression rulings are not based on a "finding" that Otani's invocation was proper, and the Court sees no indication of any such "finding" in the record before it.

Nor does the Court see that the evidence Otani seeks to admit can be inferred from any other orders. The Court is not persuaded by Otani's assertion that "[i]t is axiomatic that, if a district judge's finding that Ms. Otani's abuse of her Fifth Amendment privilege is evidence of grand jury obstruction establishing consciousness of guilt, then a district judge's finding that Ms. Otani properly asserted her Fifth Amendment privilege is evidence that she was not obstructing the grand jury and does not establish consciousness of guilt."[43] As the United States points out, no findings are introduced as "evidence of grand jury obstruction establishing consciousness of guilt."[44] Further, even if they were, the Court observes that Otani's logic is classically flawed: it denies the antecedent and therefore constitutes an inverse error fallacy as well-recognized in courts across the country.[45] In

---

[41] Dkt. 315 (Order Granting in Part and Denying in Part Defendant Otani's Motion to Dismiss) at 44–45.
[42] *Id.* at 45.
[43] Dkt. 606 at 3 (emphasis in original); *see* Dkt. 634 at 11 (quoted in unredacted unsealed response).
[44] Dkt. 634 at 11.
[45] *See Equal Emp. Opportunity Comm'n v. Jetstream Ground Servs., Inc.*, No. 13-CV-02340-CMA-KMT, 2016 WL 879625, at *3 (D. Colo. Mar. 8, 2016) ("Although this argument appears clever at first blush, it is actually premised on a logical fallacy called the 'fallacy of the inverse' or 'denying the antecedent.' . . . The flawed nature of such reasoning becomes readily apparent with a simple example of this fallacy[:] 'If there is drug residue, then there must have been drugs.

other words, any finding that Otani did *not* abuse her Fifth amendment privilege would not be evidence that she *was not* obstructing the grand jury nor that she *did not* demonstrate consciousness of guilt.

Moreover, Otani misconstrues this Court's earlier order. Otani quotes this Court's finding that "certain passages of Otani's disputed [grand jury] testimony closely relate to the original fifty questions that she was compelled to answer by court order, over her invocation of her Fifth Amendment privilege."[46] But again, it is logically flawed to construe this finding to mean that "[i]n other words, a district judge ruled that she properly asserted her right against self-incrimination as to certain questions posed by the government."[47] This strained logic vastly overstates this Court's holding. Whether Otani properly asserted her Fifth Amendment right simply was not a question before the Court, and the Court's finding takes no position whatsoever on that issue. Rather, the premise of the Court's ruling was that any questions Otani had been compelled to answer should be suppressed, regardless of whether she "properly" asserted her Fifth Amendment right or whether any self-incrimination could result from an answer. Therefore, the Court instead was tasked with determining which questions related to those Otani answered only after a

---

There is no residue. Therefore, there were no drugs.'" (citing *N.L.R.B. v. Noel Canning*, 573 U.S. 513, 589 (2014) (J. Scalia, concurring) (explaining that fallacy of the inverse, otherwise known as denying the antecedent, involves "the incorrect assumption that if P implies Q, then not-P implies not-Q"); *Garcia v. United States*, No. 08 CIV 4733 (HB), 2010 WL 1640224, at *5 (S.D.N.Y. Apr. 21, 2010))).

[46] Dkt. 599 at 3–4 (quoting Dkt. 434 at 6).
[47] *Id.* at 4.

court order compelled her, consistent with earlier orders on admissibility in this case, and did not analyze or rule on whether Otani "properly" invoked the Fifth Amendment.

Therefore, the Court **DENIES** Otani's motion to admit evidence that courts have ruled that she properly invoked her Fifth Amendment rights because Otani has not identified any such evidence for admission and the Court sees no such evidence in the record before it. Thus deciding, the Court does not reach the United States' legal arguments against admission of any such evidence. Unless and until Otani points to any evidence that any "district judges in this Court found that Terri Ann Otani properly asserted her Fifth Amendment privilege before the grand jury,"[48] the Court declines to rule on its admissibility.

B. *Otani's proposed limiting instruction is unnecessary.*

The Court will not rule on or deliver Otani's proposed limiting instruction on "evidence relating to the conduct of Terri Ann Otani properly invoking her Fifth Amendment right to remain silent in connection with grand jury proceedings," as Otani has not established that any evidence exists for which such a limiting instruction would be necessary or appropriate.[49] Moreover, the Court has already adopted Limiting Instruction No. 5, which guides the jury's consideration of evidence related to witnesses' and defendants' conduct before the grand jury.[50]

---

[48] *Id.* at 1.
[49] *Id.* at 4.
[50] *See* Dkt. 593 (Order Adopting Limiting Instructions) at 7.

## I. CONCLUSION

For the foregoing reasons, the Court **DENIES** Otani's Motion No. 20 at Dockets 599 and 606.

IT IS SO ORDERED.

Dated this 16th day of April, 2024.

                                           /s/  *Timothy M. Burgess*
                                           TIMOTHY M. BURGESS
                                           UNITED STATES DISTRICT JUDGE