MERRICK B. GARLAND
Attorney General
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144/8756
Andrew.Chiang@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>Defendants. | CR No. 22-00048-TMB-NC<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DENNIS MITSUNAGA'S MOTION FOR RELEASE FROM CUSTODY |
|---|---|

The United States, through its counsel, briefly responds to Dennis Mitsunaga's motion for release from custody.[1]

---

[1] For the full background and analysis of Mitsunaga's violations of law and the Court's Protective Order, the United States refers the Court to the United States' Emergency *Ex Parte* Motion to Issue Arrest Warrant, filed on April 19, 2024. The United States has provided a copy of this motion to counsel for Mitsunaga.

1. In his motion for release from custody, Dennis Mitsunaga does not contest the fact that probable cause exists to believe he committed a felony—tampering with a witness—in the middle of this trial. The law now presumes his detention. 18 U.S.C. § 3148(b). Mitsunaga suggests some mental health issue may have contributed to his obstructive conduct. But the facts show Mitsunaga exercised cunning and guile to evade the Court's no-contact order (an independent basis for revocation) and tamper with Rudy Alivado through an intermediary. Mitsunaga's conduct was not a mental blunder—it was a calculated attempt to bury the truth about Mitsunaga's past criminal conduct and destroy the integrity of this trial. Under these circumstances, detention is proper, warranted, and just. *See, e.g., United States v. LaFontaine*, 210 F.3d 125, 135 (2d Cir. 2000) ("Although witness tampering that is accomplished by means of violence may seem more egregious, the harm to the integrity of the trial is the same no matter which form the tampering takes. Consequently, we reject LaFontaine's contention that her attempts to influence the testimony of Reyes Jr., among others, does not constitute the type of danger to the community that would support detention."); *United States v. Weigand*, No. 5:17-CR-00556, 2021 WL 4941492, at *2 (E.D. Pa. Oct. 21, 2021) ("The Court revoked Weigand's bail because probable cause exists that he committed the federal crime of witness tampering while on bail.").

2. Mitsunaga states that Judge Burgess did not order Mitsunaga's bail revoked. That is irrelevant—the statutory scheme only permits that following a hearing and upon making the necessary findings under 18 U.S.C. § 3148.

3. Mitsunaga claims his witness tampering was an isolated incident. Even if true, it would not lessen the seriousness of Mitsunaga's actions. As outlined in the United States' Emergency *Ex Parte* Motion to Issue Arrest Warrant, and the United States' Motion *In Limine* No. 13, Mitsunaga attempted to alter—or silence completely—the testimony of a witness who will reveal previously hidden facts striking at the heart of the charged conspiracy. Mitsunaga's attempt now to paint his conduct as an "isolated event" dramatically undersells the severity of his actions.

Moreover, it is not clear this is an isolated incident of obstructive conduct. Dating back to the grand jury investigation of this case, the Mitsunaga and Associates, Inc. ("MAI") apparatus has been activated in full force to obstruct justice and prevent the truth from coming out. These events are the subject of significant *in limine* briefing. *See, e.g.,* Defendants' Motions *in Limine* Nos. 12-13; USA's Motion *in Limine* No. 5; USA Response in Opp. to Defense Motions *in Limine* Nos. 12-13. Ultimately, the Court agreed with the United States that the obstructive conduct before the grand jury of various MAI witnesses was admissible at trial for demonstrating consciousness of guilt. *See* Sealed Order on MILs 5, 12, 13 (dated March 8, 2024). Even while Mitsunaga himself was not a witness, the scope of the conduct affords a strong inference that he was aware of the obstructive conduct

occurring before the grand jury. For instance, the Court found that the cumulative evidence tended to show that Mitsunaga's daughter was acting as Mitsunaga's agent when she presented a prepared statement to the grand jury.[2] *See* Court's Sealed Order on MILs 5, 12, 13 at 12.

4. Because Mitsunaga committed additional federal crimes while on release, there is "a rebuttable presumption" that "no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). Moreover, because of the brazenness and severity of Mitsunaga's conduct in attempting to destroy the integrity of this trial—a trial that is itself about Mitsunaga and his co-defendants' corruption of the judicial process—he is "unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

That includes the enhanced conditions proposed by Mitsunaga. As we understand his finances, a $1.2 million property bond is a small portion of Mitsunaga's net worth, hardly effective deterrence. Nor do the other proposed conditions, geared towards limiting his contact with others, provide solace that Mitsunaga will be deterred in his effort to thwart the truth-seeking process of trial. His actions towards Alivado—in the middle of this trial—convey desperation. The "enhanced" conditions proposed by Mitsunaga do not, and cannot, address that

---

[2] As the United States argued, this statement from Mitsunaga's daughter was filled with false statements. *See* USA's Sealed Motion *in Limine* No. 5 at 7–8.

4

desperation or his stealth in purposefully evading the no-contact order.[3] Under the proposed conditions, it would not be hard for Mitsunaga to repeat what he did with Alivado with another upcoming witness. That is particularly true given the network of employees and affiliates he has within the MAI apparatus.

The Court should revoke bond and order Mitsunaga's detention.

Dated: April 22, 2024                Respectfully submitted,

                                                  MERRICK B. GARLAND
                                                  Attorney General

                                                  */s/ Andrew Y. Chiang*
                                                  MICHAEL G. WHEAT
                                                  JOSEPH J.M. ORABONA
                                                  JANAKI G. CHOPRA
                                                  COLIN M. MCDONALD
                                                  ANDREW Y. CHIANG
                                                  Special Attorneys of the United States

---

[3] For instance, Mitsunaga argues that a "phone limitation use" condition of release could be imposed. But that is an illusory condition, virtually impossible to enforce.

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>　　　　　　Defendants. | CR No. 22-00048-TMB-NC<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

　　I, Colin M. McDonald, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893. I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　I declare under penalty of perjury that the foregoing is true and correct.

　　Executed on April 22, 2024.　　　　*/s/ Colin M. McDonald*
　　　　　　　　　　　　　　　　　　　　　COLIN M. MCDONALD

6