Mark Mermelstein (CA SBN 208005)
mmermelstein@holmesathey.com
Andrew S. Cowan (CA SBN 165435)
acowan@holmesathey.com
Holmes, Athey, Cowan
& Mermelstein LLP
811 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90017
Telephone: (213) 985-2200

*Attorneys for Defendant Sheri Jean Tanaka*

Birney B. Bervar (HI SBN 005482)
bbb@bervar-jones.com
Bervar & Jones
1100 Alakea Street, 20th Floor
Honolulu, HI 96813

*Attorney for Defendant
Keith Mitsuyoshi Kaneshiro*

Thomas M. Otake (HI SBN 007622)
thomas@otakelaw.com
Thomas M. Otake AAL, ALC
851 Fort Street Mall, Suite 400
Honolulu, HI 96813

*Attorney for Defendant
Chad Michael McDonald*

Doris Lum (HI SBN 008365)
doris@dorislumlaw.com
Law Office of Doris Lum, LLLC
1001 Bishop Street, Suite 710
Honolulu, HI 96813

*Attorney for Defendant
Terri Ann Otani*

Andrew M. Kennedy (HI SBN 009734)
Andrew@kona-lawyer.com
Schlueter Kwiat & Kennedy LLLP
Atrium Court
75-167 Kalani St, Ste. 201
Kailua Kona, HI 96740

*Attorney for Defendant
Aaron Shunichi Fujii*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>  Defendants. | Case No. CR-22-00048-TMB-NC<br><br>**RESPONSE OF DEFENDANTS TANAKA, KANESHIRO, OTANI, FUJII AND MCDONALD TO GOVERNMENT'S MOTION *IN LIMINE* NO. 13; CERTIFICATE OF SERVICE**<br><br>Judge: Hon. Timothy M. Burgess |

Defendants Sheri Jean Tanaka, Keith Mitsuyoshi Kaneshiro, Terri Ann Otani, Aaron Shunichi Fujii, and Chad Michael McDonald ("Defendants") hereby respond to United States' Motion *in Limine* No. 13 to Admit Evidence of Dennis Mitsunaga's Witness Tampering ("Motion").

The allegations in the government's Motion, related to co-defendant Mitsunaga's conduct during the pendency of this trial, are inflammatory and if proven will likely have a strong impact on the jury. At the same time, there will be **no evidence** that any other defendant in this case was involved with, or had any knowledge of, Mitsunaga's alleged conduct. Defendants are therefore gravely concerned about the risk of guilt-by-association: that the jury will conclude, especially with respect to the MAI defendants who worked for Mr. Mitsunaga, that all should be held responsible for Mitsunaga's unilateral conduct.

There is little doubt that the government will seek to imply that other defendants were associated with the alleged effort by Mitsunaga to influence the current trial testimony of Rudy Alivado. Indeed, the Court need look no further than the first two sentences of the government's Motion, which gratuitously drag the other defendants into an episode which, if true, concerns Mitsunaga and only Mitsunaga. Emphases added below:

> **The conspirators** have carried a secret for ten years: Rudy Alivado's testimony against Laurel Mau at her civil trial was false. **Sheri Tanaka** coached Alivado on what to say . . . [Motion at 2]

1

In the pages that follow, the government goes out of its way to drag the names of other defendants into their Motion—which is ostensibly about evidence related to alleged witness tampering by Mitsunaga only:

> In the felony Information packet against Mau, **Defendant Otani** perfected Alivado's false and vague testimony . . .. [*Id.* at 4]

> In his sworn declaration supporting the charges against Mau, **Chad McDonald** relied on Alivado's false testimony to support his non-law enforcement opinion that probable cause existed to charge Mau with theft. [*Id.* at 5].

*See also* Motion at 6-7 (alleging that Tanaka "coached" Alivado to lie during the Mau Civil Trial. **These are smears, pure and simple** in the context of Mitsunaga's alleged witness tampering—and early indicators of how the government intends to leverage any evidence about Mitsunaga's recent conduct to buttress its flailing case against the other defendants.[1]

Given the highly inflammatory nature of the witness tampering allegations against Mitsunaga, and the extremely high likelihood that such evidence would create unfair prejudice against the other defendants in this case, the Court should exclude the evidence. Under Fed. R. Crim. P. 403, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The government, without evidence, has insinuated that the moving defendants are somehow associated with Mitsunaga's alleged effort to tamper with

---

[1] Even if these smears had any legitimate place in the Motion, which they do not, there was no good reason for the government to fail to redact them in the publicly-filed version of the Motion.

2

Alivado's trial testimony.  The moving defendants do not believe that a limiting instruction will suffice to cure the enormous spillover prejudice that would result from introducing such inflammatory evidence—the nature of which may well induce jurors to hold Mitsunaga's co-defendants responsible for his actions.

If the Court decides to admit this evidence over defendants' objections, the Court must still decide which *specific* pieces of evidence relating to the alleged witness tampering may be admitted, because some have a greater prejudicial effect than others.  It is clear that the government intends to introduce certain pieces of evidence that contain the names of the moving defendants—even though there will be no evidence that any of the defendants during trial communicated with Mr. Alivado or with MAI employee J.K. (whom the government has identified as a percipient witness to Mitsunaga's alleged witness tampering).

One example of such an exhibit is Government's Exhibit 76-11, which appears to be a screenshot of certain file names in the "download" folder of J.K.'s computer. It lists certain documents that were publicly filed in this case, including a motion and reply brief filed on behalf of defendant Otani, and a reply brief filed on behalf of defendant Tanaka.  (The government produced copies of the underlying found documents yesterday as part of discovery related to witness J.K.).  However, there is absolutely no probative value associated with introducing evidence that J.K. downloaded or possessed public filings related to this case.  Such evidence would be relevant only for the invidious purpose of associating the names of Tanaka and Otani

3

with that of J.K., who was allegedly communicating with Alivado at the direction of co-defendant Mitsunaga.² As another example, it appears that the contemporaneous notes of J.K. refer at least once to Ms. Tanaka. *See* Motion at 8. Absent any evidence that Ms. Tanaka was involved in Mitsunaga's alleged recent efforts to influence the testimony of Alivado during this trial, the Court should preclude the government from eliciting this testimony from J.K. Any marginal probative value such testimony might have vis-à-vis Mitsunaga would be vastly outweighed by the danger of unfair prejudice to Ms. Tanaka.

Should the Court decide to admit some evidence related to Mitsunaga's alleged witness tampering during this trial, the Court must order the government not to mention the name of any other defendant in connection with this alleged incident, and also to advise its witnesses not to mention those names in that context either. Should the government believe that it possesses credible evidence that implicates any defendant in Mitsunaga's alleged witness tampering, the Court should require the government first to proffer this evidence in the absence of the jury, so that the Court may determine if admitting such evidence is appropriate.

---

² The moving defendants at this time do not seek to sever their trial from that of co-defendant Mitsunaga. Their position may change depending on the precise evidence that the Court deems admissible with respect to Mitsunaga's conduct, and on the precise wording of any limiting instruction(s) that the Court may issue.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the government's Motion *in Limine* No. 13.

                                                         Respectfully submitted,

DATED:  April 22, 2024                  HOLMES, ATHEY,
                                                        COWAN & MERMELSTEIN LLP

                                                        By:  */s/ Mark Mermelstein*
                                                              MARK MERMELSTEIN
                                                              *Attorneys for Defendant*
                                                              *Sheri Jean Tanaka*

BERVAR & JONES                            THOMAS M. OTAKE AAL, ALC

By:  */s/ Birney B. Bervar*                By:  */s/ Thomas M. Otake*
     BIRNEY B. BERVAR                        THOMAS M. OTAKE
     *Attorney for Defendant*                    *Attorney for Defendant*
     *Keith Mitsuyoshi Kaneshiro*            *Chad Michael McDonald*

LAW OFFICE OF DORIS LUM, LLLC    SCHLUETER KWIAT & KENNEDY LLLP

By:  */s/ Doris Lum*                          By:  */s/ Andrew M. Kennedy*
     DORIS LUM                                     ANDREW M. KENNEDY
     *Attorney for Defendant*                    *Attorney for Defendant*
     *Terri Ann Otani*                             *Aaron Shunichi Fujii*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel at their last known addresses by the CM/ECF system on the date indicated below:

MICHAEL G. WHEAT, ESQ.  *Attorneys for the United States of*
JOSEPH J.M. ORABONA, ESQ.  *America*
JANAKI G. CHOPRA, ESQ.
COLIN M. MCDONALD, ESQ.
ANDREW Y. CHIANG, ESQ.
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101
E-mail: michael.wheat@usdoj.gov
         joseph.orabona@usdoj.gov
         Janaki.Chopra@usdoj.gov
         Colin.McDonald@usdoj.gov
         Andrew.Chiang@usdoj.gov

CRYSTAL G. K. GLENDON  *Attorney for Defendant Sheri Jean*
Glendon & Ponce, LLLC  *Tanaka*
1001 Bishop St., Suite 710
Honolulu, Hawaii 96813
E-mail: crystal@glendonponce.com

BIRNEY B. BERVAR, ESQ.  *Attorney for Defendant Keith*
Bervar & Jones  *Mitsuyoshi Kaneshiro*
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
E-mail: bbb@bervar-jones.com

NINA MARINO  *Attorneys for Defendant Dennis*
JENNIFER LIESER  *Kuniyuki Mitsunaga*
Kaplan Marino, PC
1546 N. Fairfax Avenue
Los Angeles, CA 90046
E-mail: marino@kaplanmarino.com
         lieser@kaplanmarino.com

| | |
|---|---|
| JOHN M. SCHUM, ESQ.<br>Law Office of John Schum<br>P.O. Box 1241<br>Honolulu, Hawaii 96807<br>E-mail: John@JohnSchum.com | *Attorneys for Defendant Dennis Kuniyuki Mitsunaga* |
| DORIS LUM, ESQ.<br>Law Office of Doris Lum, LLLC<br>1001 Bishop Street, Suite 710<br>Honolulu, Hawaii 96813<br>E-mail: doris@dorislumlaw.com | *Attorney for Defendant Terri Ann Otani* |
| ANDREW M. KENNEDY, ESQ.<br>Schlueter Kwiat & Kennedy LLLP<br>Atrium Court<br>75-167 Kalani St, Ste. 201<br>Kailua Kona, HI 96740<br>E-mail: Andrew@kona-lawyer.com | *Attorney for Defendant Aaron Shunichi Fujii* |
| THOMAS M. OTAKE, ESQ.<br>Thomas M. Otake AAL, ALC<br>851 Fort Street Mall, Suite 400<br>Honolulu, Hawaii 96813<br>E-mail: thomas@otakelaw.com | *Attorney for Defendant Chad Michael McDonald* |

DATED:  April 22, 2024

Respectfully submitted,

HOLMES, ATHEY,
COWAN & MERMELSTEIN LLP

By: /s/ Mark Mermelstein
    MARK MERMELSTEIN

Attorneys for Defendant
Sheri Jean Tanaka