MERRICK B. GARLAND
Attorney General
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144/8756
Colin.McDonald@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>       v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>                              Defendants. | CR No. 22-00048-TMB-NC<br><br>UNITED STATES' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 13: TO ADMIT EVIDENCE OF DENNIS MITSUNAGA'S WITNESS TAMPERING |

## INTRODUCTION

Dennis Mitsunaga's attempt to alter or silence upcoming witness testimony is powerful evidence proving the existence of the underlying conspiracy and Mitsunaga's consciousness of guilt of that conspiracy. Defendants' attempt to

exclude this highly probative evidence should be rejected. The United States' Motion *in Limine* No. 13 should be granted.

## ANALYSIS

1. The sole objection Defendants raise to the tampering evidence is under Rule 403. They claim that Mitsunaga's conduct is "inflammatory" and "will likely have a strong impact on the jury." ECF No. 719 at 1. They argue that the evidence would create "unfair prejudice" to them. Defendants are wrong.

First, Mitsunaga's attempt to silence Alivado was an unmistakable attempt to keep secret the existence of the underlying conspiracy. Those efforts did not start with Mitsunaga during this trial—those efforts were initiated by Sheri Tanaka during the grand jury phase of this case. The United States has described that conduct in its sealed MIL 13 at page 6 and footnote 2. In other words, for several years, the conspirators have been endeavoring to keep Alivado from revealing the truth about the underlying facts. Mitsunaga's mid-trial efforts to silence Alivado are simply the most recent. Those efforts are proof of the existence of the underlying conspiracy and need not be cabined to Mitsunaga.[1]

---

[1] Notably, the witness testimony Mitsunaga tampered with more directly implicates defendants Tanaka, Otani, and McDonald than himself. Alivado is expected to testify that Tanaka coached him to lie at the civil trial, and that Alivado obliged because of his business relationship with Mitsunaga. Other evidence then shows that Tanaka, Otani, and McDonald seized on Alivado's false testimony to fabricate felony charges against Mau.

2

Second, Defendants fail to perform the requisite Rule 403 balancing test. The starting point is the probative value of the evidence. The United States cited binding Ninth Circuit law emphasizing the high probative value of Mitsunaga's tampering. *See, e.g.*, *United States v. Brashier*, 548 F.2d 1315, 1325 (9th Cir. 1976); *United States v. Collins*, 90 F.3d 1420, 1428 (9th Cir. 1996); *United States v. Castillo*, 615 F.2d 878, 885 (9th Cir. 1980); *United States v. Meling*, 47 F.3d 1546, 1558 (9th Cir. 1995). Defendants fail to engage with these cases—they do not cite a single case in their entire brief—and fail to engage in any analysis of probative value.

Third, even if the evidence was only admissible as to Mitsunaga, Defendants' requested result—exclusion—would wrongfully deprive the United States of powerful, admissible evidence. If limited to Mitsunaga, the proper response is to give a limiting instruction, not exclude the evidence. *See United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) ("The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge. . . . [O]ur court assumes that the jury listened to and followed the trial judge's instructions."). And in the event the Court determines the evidence is admissible only as to Mitsunaga, the United States recommends the following instruction, based on Ninth Circuit Model Instruction 2.10:

> You are about to hear [or have heard] evidence that Defendant Dennis Mitsunaga allegedly attempted to influence the testimony of a witness, Rudy Alivado. This evidence [was] [will be] admitted only for limited purposes. You may consider this evidence only for its bearing on the question of Defendant Mitsunaga's knowledge and/or consciousness of guilt of the offenses charged in the Indictment and for no other purpose.

3

>Do not consider this evidence for any other purpose.
>
>Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purposes offered. You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you.

2. Defendants drop a footnote suggesting a severance motion is lurking should the Court admit evidence of Mitsunaga's tampering. That lurking motion poses no danger. "Severance under Rule 14 is proper only when the defendant carries the difficult burden of demonstrating undue prejudice resulting from a joint trial." *United States v. Davis*, 663 F.2d 824, 833 (9th Cir. 1981) (citations omitted); *see also United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (party seeking severance "has the burden of proving 'clear,' 'manifest,' or 'undue' prejudice from the joint trial") (citations omitted). This rule is "construed liberally in favor of joinder." *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993), *overruled on other grounds, United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). That is because the Supreme Court has "long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449 (1986) (quotations omitted); *see United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978) ("[C]o-defendants jointly charged are, prima facie, to be jointly tried.").

Proving an exception to the general rule in favor of joinder is a "heavy burden" that requires a defendant to demonstrate that "joinder with the other defendants was so manifestly prejudicial that it outweighs the dominant concern with judicial

economy." *Patterson*, 819 F.2d at 1502 (internal citations and punctuation omitted). Indeed, the Supreme Court has noted that "Rule 14 does not require severance even if prejudice is shown . . . ." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993) (citations omitted). Rather, "a district court should grant a severance motion under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. "The test for determining abuse of discretion in denying severance under Rule 14 is whether a joint trial would be so prejudicial that the trial judge could exercise his discretion in *only one way*." *Escalante*, 637 F.2d at 1201 (citations omitted; emphasis added).

"Inquiry into the prejudicial effect of a joint trial involves consideration of several factors, including: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether [defendants] could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004) (citing *United States v. Baker*, 10 F.3d 1374, 1387–89 (9th Cir.

5

1993, *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)).

The first two factors are the most important in this inquiry. *Baker*, 10 F.3d at 1387 (reaffirming that "the best evidence of the jury's ability to compartmentalize the evidence is its failure to convict all defendants on all counts," and noting that limiting jury instructions are a "critical factor' in assessing the jury's ability to compartmentalize the evidence"); *see also United States v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978) (stating the foremost concern is "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in light of its volume and limited admissibility.").

Here, Defendants appeal to the "spillover" effect of evidence that may not be admissible against them directly. That is not a persuasive basis for severance. The Ninth Circuit has stated, "[w]hile a great disparity in proof may be sufficient to allow a severance in certain cases, the fact that the evidence against one co-defendant is more damaging than the evidence against another one is not a ground for severance. *Brady*, 579 F.2d 1127 (internal citation omitted); *United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984) (finding that the mere fact that there may be more incriminating evidence against one co-defendant than another does not provide a sufficient justification for separate trials); *see also United States v. Rocha*, 916 F.2d

219, 228 (5th Cir. 1990) ("severance is required on the basis of a disparity in the evidence only in the most extreme cases.").[2]

The most effective method to ensure the jury properly compartmentalizes the evidence is through jury instructions. *See Patterson*, 819 F.2d at 1503 ("Great disparity in amounts of evidence introduced against joint defendants may, in rare cases, be grounds for severance, but where district court uses great diligence in instructing jury to separate evidence, severance is unnecessary because prejudicial effects of evidence of codefendants are neutralized.") (internal citations omitted). Where "the district court uses great diligence in instructing the jury to separate the evidence, severance is unnecessary because the prejudicial effects of the evidence of codefendants are 'neutralized.'" *Id.*; *see also Fernandez*, 388 F.3d at 1243 ("We have repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial."); *Escalante*, 637 F.2d at 1201 ("The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial

---

[2] In addition, to the extent any defense argument rests on the chances of an acquittal, the Ninth Circuit has stated that neither a better chance of acquittal in a separate trial nor the mere fact of a joint trial with a more culpable defendant is sufficient in itself to require severance. *See Baker*, 10 F.3d at 1388; *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (a defendant is "not entitled to severance merely because [he] may have a better chance of acquittal in separate trials."); *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (a defendant "must show more than that a separate trial would have given him a better chance for acquittal; he must show that the magnitude of the prejudice denied him a fair trial.") (internal citations omitted).

judge."). "Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence to each defendant." *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987); *see also Escalante*, 637 F.2d at 1202 ("While the actual effectiveness of limiting instructions in dissipating prejudice has been eloquently attacked . . . our court assumes that the jury listened to and followed the trial judge's instructions.").

In sum, the threat of a severance request in this lengthy trial—with dozens of witnesses, hundreds of exhibits, voluminous acts of obstruction, and ample proof of guilt as to all defendants—is not a basis for excluding the highly probative evidence of Mitsunaga's witness tampering.

## CONCLUSION

The Court should grant the United States' Motion *in Limine* No. 13.

Dated: April 22, 2024                    Respectfully submitted,

                                                    MERRICK B. GARLAND
                                                    Attorney General

                                                    */s/ Colin M. McDonald*
                                                    MICHAEL G. WHEAT
                                                    JOSEPH J.M. ORABONA
                                                    JANAKI G. CHOPRA
                                                    COLIN M. MCDONALD
                                                    ANDREW Y. CHIANG
                                                    Special Attorneys of the United States

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>　　　　　Defendants. | CR No. 22-00048-TMB-NC<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

　　I, Colin M. McDonald, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893. I am not a party to the above-entitled action.  I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　I declare under penalty of perjury that the foregoing is true and correct.

　　Executed on April 22, 2024.　　　　*/s/ Colin M. McDonald*
　　　　　　　　　　　　　　　　　　　　COLIN M. MCDONALD